**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| **Plaintiff,** | **Civil Action No. 6:15-cv-01038-RWS** |
| **v.** | **LEAD CASE** |
| **AMAZON.COM, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| **Plaintiff,** | **Civil Action No. 6:15-cv-01039-RWS** |
| **v.** | **CONSOLIDATED CASE** |
| **GOOGLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| **Plaintiff,** | **Civil Action No. 6:15-cv-01040-RWS** |
| **v.** | **CONSOLIDATED CASE** |
| **WAL-MART STORES, INC., AND WAL-MART STORES TEXAS, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**JOINT MOTION FOR ENTRY OF A DISCOVERY ORDER WITH SEVERAL
POINTS OF DISAGREEMENT**

Pursuant to the Court's Order (Dkt. 44), Plaintiff Eolas Technologies Incorporated

("Eolas" or "Plaintiff") and Defendants Amazon.com, Inc. ("Amazon"); Google Inc. ("Google");

and Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC ("Walmart") (collectively

"Defendants") jointly submit a proposed Discovery Order, attached hereto. The parties agree on

the vast majority of issues, but disagree as to several specific issues. The parties' proposals are outlined below and highlighted in the attached proposed order (Eolas in green and Defendants in yellow).

**Issue #1** (Deposition hours for party witnesses)

    *Eolas's Proposal*:

    Eolas believes that only actual deposition time should count against deposition time limits. Defendants, on the other hand, propose one-sided limits on Eolas's ability to depose Defendants (and their employees). Specifically, Defendants' proposed four-hour minimum on Eolas's depositions of Defendants is inappropriate. Eolas should be allowed to use its 55 hours how it sees fit. Eolas should not be punished if Defendants choose to put up numerous 30(b)(6) witnesses on one or two topics each (and Defendants' professed agreement not to do this does not prevent them from deciding to do so later). And the parties have yet to serve initial disclosures, so Eolas is in the dark as to how many individuals Defendants may list. Nor should Eolas be punished if it shows up at a deposition of a Defendant and the witness is unprepared. Moreover, it is telling that Defendants would not impose this same four hour limit on themselves (*i.e.*, Defendants' proposal references "the fifty-five (55) hour limit" which only applies to Eolas's depositions of Defendants, as Defendants propose a 60 hour limit for their depositions of Eolas).

    Defendants' attempts to feign surprise at Eolas's arguments herein are also unwarranted. Eolas has raised concerns about this issue during the parties' discovery order discussions, via the exchanges of the language in the discovery order, and through the briefing here. It should come as no surprise to Defendants that Eolas does not want to agree to one-sided provisions, or that

Eolas has reservations about another party's professed agreement to prepare its witnesses and not "over-designate" 30(b)(6) witnesses.

*Defendants' Proposal*:

Defendants have agreed to Eolas' proposal of 55 hours of deposition (both 30(b)(1) and 30(b)(6)) of each Defendant.  Defendants seek only to avoid a situation, encountered in other cases, where numerous, burdensome, short depositions are taken of multiple witnesses that go well beyond the default of the Federal Rules of 10 depositions per side.  Eolas does not dispute this would be improper, but its provision allows for just this possibility.[1]  Even under Defendants' proposal, Eolas could still take up to 14 depositions of each Defendant.

Eolas instead argues that "Eolas should not be punished if Defendants choose to put up numerous 30(b)(6) witnesses on one or two topics each."   This concern is without merit.  The entire point of Defendants' proposal is to avoid multiple depositions of its employees.  Defendants do not intend to subject their employees to unnecessary depositions for this purpose.  Notably, Eolas never raised this specific concern with this provision in the parties' meet and confers and does not substantively rebut that Eolas' purported concern would almost certainly never happen for the reasons Defendants state..

Eolas argues that Defendants have not agreed that the four hour provision should be mutual.  Here too, Eolas never indicated this specific concern with this provision previously.  Nor would there be any reason for it to be a concern of Eolas given that Eolas has only three employees.  (*E.g.*, 6:15-cv-1039 Dkt. 26-1 ¶¶ 3, 6, 11.)  In any event, Defendants have no objection to these provisions being mutual as to Eolas' employees.   Further, in cases where a

---

[1] If the Court is not inclined to grant this provision, Defendants ask that the Court impose a numeric limit of 10 depositions of party witnesses.

Rule 30(b)(6) witness is unprepared, courts often remedy this by ordering additional deposition time.  That issue can and should be addressed separately.

**Issue #2** (Number of hours to depose inventors non- contiguous days for inventors)

*Eolas's Proposal*:

Eolas believes that depositions of inventors, like other depositions of individuals, should be limited to seven hours. Each of the inventors of the '507 patent was deposed for at least two full days in the prior case (and Amazon and Google both took part in that prior case and those depositions). That testimony will be available to Defendants and Defendants should be able to use that testimony to both guide and limit their depositions of the inventors here. In the event that additional time may be needed, Eolas will be reasonable in not opposing such requests, but there is no need to provide additional time now.

Moreover, any additional deposition time of inventors should take place on contiguous days unless the inventor agrees otherwise. Witnesses and not outside counsel should determine whether or not additional days of their depositions (if permitted) will be contiguous or not. If a witness is available for consecutive days, and willing to testify on those days, that will save all involved time and resources. Defendants' professed need to depose inventors before and after claim construction ignores that inventor testimony, **which is extrinsic evidence**, "is of little or no probative weight in determining the scope of a claim." *See, e.g.*, *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346-47 (Fed. Cir. 2008). And if Defendants would like to depose the inventors before claim construction, they should come prepared to ask them all of their questions for the case at that deposition.

*Defendants' Proposal*:

Defendants propose that the limit on the number of hours per deposition be expanded such that the parties may take up to 14 hours of deposition testimony of any named inventor, and that those hours may be taken on separate, non-contiguous days.

The inventors are likely to be the centerpiece of Plaintiff's case.  Doyle is Eolas' Chief Technology Officer and Chairman of the Board of Directors.  David Martin and Cheong Ang are consultants for Plaintiff.  They all testified and explained their alleged invention in Eolas' prior cases.  (*E.g.*, 09-cv-446 ("*Eolas I*") Feb. 6, 2012 Trial Tr. 92; Feb. 8, 2012 Afternoon Trial Tr. 135-37, 182-83.)  It is only fair that Defendants have sufficient time to depose these likely trial witnesses.  And Defendants' proposal is actually 7 hours less than they would be entitled to were the three cases against them not consolidated.   That these inventors have been deposed in other cases does not render 7 hours sufficient.  Indeed, Walmart has not deposed the inventors in any previous case.

Defendants' proposal that depositions of inventors can be taken on non-contiguous days will allow the parties to depose the named inventors prior to claim construction briefing.  *Voice Tech. Group, Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999).  *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346-47 (Fed. Cir. 2008), cited by Eolas, does not hold "that inventor testimony, **which is extrinsic evidence**, 'is of little or no probative weight in determining the scope of a claim'" as Eolas asserts above.  Rather, the Federal Circuit merely found that "inventor testimony as to the inventor's underlined subjective intent is irrelevant to the issue of claim construction."  *Id.* _(emphasis added)  In fact, the Federal Circuit specifically noted "[t]he testimony of an inventor, of course, may be pertinent as a form of expert testimony, for example, as to understanding the established meaning of particular terms in the relevant art.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (en banc)."  *Id.* n.5.  And it will allow Defendants to take depositions of the inventors after claim construction as well so Defendants can receive fair notice of the testimony that these witnesses will provide a trial.  Again, Eolas called each of these three inventors in the last case and they testified what they thought the

invention was.  Defendants should be able to depose these witnesses with the claims construed to put this testimony in proper context.  Eolas' refusal to agree to this provision presents Defendants with a Hobson's choice.

And there is no prejudice to Plaintiff in allowing the parties to depose these inventor witnesses  twice for up to 14 hours.  Each is an interested party.  Each inventor is a shareholder of Eolas (*Eolas I* Feb. 6, 2012 Trial Tr. 152; Feb. 8, 2012 Afternoon Trial Tr. 163, 176-77), and Martin and Ang are also paid consultants.  Doyle, as Chairman of the Board, was presumably one of the ultimate decision makers in deciding to bring this suit.

**Issue #3** (Eliciting 30(b)(1) testimony from 30(b)(6) witnesses)

*Eolas's Proposal*:

Just as the parties (including Amazon and Google) agreed in the discovery order in the prior case (in Section 4(B)(3) on page 5 of the agreed discovery order, attached as Exhibit 1), 30(b)(6) witnesses may be asked 30(b)(1) questions in their deposition ***without*** serving an additional notice. Including a provision such as this removes additional "hoops" that the parties may otherwise need to jump through before taking a deposition (*e.g.*, drafting and serving notices and other paperwork). All parties should be aware that 30(b)(1) questions may be asked in a 30(b)(6) deposition and plan accordingly.

*Defendants' Proposal*:

Defendants believe this provision is unnecessary and there is no prejudice to either party in following the Federal Rules and in serving a Rule 30(b)(1) notice of deposition.  This will allow counsel and the witnesses to understand the capacity in which the witnesses are expected to testify.

**Issue #4** (Deposition hours for expert witnesses; depositions on non-contiguous days)

*Eolas's Proposal*:

Eolas believes that depositions of expert witnesses should be capped at 14 hours per "burden issue." That is, if plaintiff has one expert address infringement by multiple Defendants or one expert address damages for multiple Defendants, those experts' depositions should be limited to 14 hours. And if plaintiff has one expert deal with validity, that expert's deposition should be similarly limited (although if one expert addressed infringement and validity, the total limit would be 28 hours). This sort of cap makes sense, as there would be numerous common issues that would be best addressed only once (*e.g.*, background, experience, general views on infringement/validity, etc.). Defendants agree that their own experts should not be deposed for more than 14 hours, but refuse to agree to the same for plaintiff's experts. Defendants should not be allowed such a one-sided disparity. And as before, Eolas has raised concerns about Defendants' proposals being one-sided from the get-go. Nor should it be a surprise to Defendants that Eolas is not inclined to agree to things that are one-sided and slanted against Eolas.

Moreover, witnesses, not outside counsel, should determine whether additional days of their depositions (if permitted) will be contiguous or not. If a witness is available for consecutive days, and willing to testify on those days, that will save all involved time and resources. This worked fine in the last case between Eolas, Amazon, Google, and others. In that case, Eolas's infringement expert was deposed on four consecutive days (on validity and infringement issues) by nearly ten defendants. Eolas's damages expert was also deposed on consecutive days.

*Defendants' Proposal*:

Eolas sued Defendants in three separate cases.  In its infringement contentions, Eolas identifies thirteen separate products (AdMob, AdSense, AdWords, Calendar, Docs, Drive, Mail,

Maps, Movies, Music, Photos, Search, and YouTube) accused of infringement against Google. Against Amazon it asserts twelve separate products (Cart, DynamoDB, EC2, Lists, Music, Product Feedback, Product Viewer, RDS, S3, Search, Shoveler, and Video).  And against Walmart it asserts seven separate products (Cart, Lists, Product Feedback, Product Viewer, Search, Shoveler, and VUDU).  Even within these product groups different types of "interactive" functionality is accused. There is no overlap in accused products or servers across the Defendants at all.  Even the claims asserted against the parties are different.  For example, many of Google's products are accused of infringing claims 19-45, but Eolas does not accuse any Amazon or Walmart products of infringing claims 28, 30, 41, or 43.  Especially given the lack of overlap here, Defendants should not be stifled in obtaining the 7 hours per expert per report that they would otherwise get if they were the only defendant in the case.  Indeed, given the voluminous nature of Eolas' allegations, it will be difficult for Defendants to depose Eolas' expert on infringement and damages even with the full seven hours per report served against them.  In contrast, Eolas will likely be able to get a full seven hours with each of Defendants' experts on infringement and damages due to confidentiality concerns of sharing experts amongst Defendants on these issues, giving Eolas more expert deposition time on these substantive issues.

Defendants' proposal is reasonable for invalidity issues as well.  Defendants may well have their own invalidity experts, and will be free to choose their own art for trial.  Yet, under Eolas' proposal, Eolas' expert on validity could only be deposed for 14 hours on three separate reports even if they rely on entirely different art, and concern different claims.  Here too, Eolas is using the consolidation of the cases to obtain a strategic, procedural advantage.

Given the disparity in allegations and simple logistics, it is also not reasonable to expect all expert depositions to be on contiguous days.  While it may be a simple matter for Eolas and

10

its counsel to organize 3 contiguous days, it is not reasonable to expect Defendants, all with different counsel addressing different accused products and other issues, to do so, regardless of whether parties took expert depositions on contiguous days in the prior case under different circumstances.  Eolas' proposal is almost certain to result in disputes down the road.

While Eolas never raised this concern in the parties' meet and confers, Eolas now argues that Defendants have not agreed that its proposed provisions for expert depositions would be mutual, stating that "Defendants agree that their own experts should not be deposed for  more than 14 hours, but refuse to agree to the same for plaintiff's experts."  As Defendants have informed Eolas, however, Defendants have no objection to the expert deposition provisions being mutual.  Thus, any supposed lack of "mutuality" cannot be a basis to reject Defendants' proposal.

Dated: April 4, 2016

Respectfully submitted,

/s/ *Kevin L. Burgess*
Kevin L. Burgess
Lead Attorney
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
James Quigley
Texas State Bar No. 24075810
jquigley@mckoolsmith.com
**McKool Smith, P.C.**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Mike McKool
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, P.C.
104 East Houston Street
Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Telecopier: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF EOLAS
TECHNOLOGIES INCORPORATED**

/s/  *Jennifer H. Doan*
Jennifer Haltom Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
J. Randy Roeser
Texas Bar No. 24089377
Haltom & Doan
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone:  903.255.1000
Facsimile:  903.255.0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: rroeser@haltomdoan.com

Douglas E. Lumish
California State Bar No. 183863
Richard G. Frenkel
California State Bar No. 204133
Jeffrey G. Homrig
California State Bar No. 215890
Amit Makker
California State Bar No. 280747
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: 650.328.4600
Facsimile: 650.463.2600
Email: doug.lumish@lw.com
Email:  rick.frenkel@lw.com
Email: jeff.homrig@lw.com
Email:  amit.makker@lw.com

Joseph H. Lee
California State Bar No. 248046
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:  714.540.1235
Facsimile:  714.755.8290
Email:  joseph.lee@lw.com
Grant E. Kinsel
Washington Bar No. 49576

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206-359-3516
Facsimile:  206-359-9000
Email:  Gkinsel@perkinscoie.com
**ATTORNEYS FOR DEFENDANT
AMAZON.COM, INC.**

/s/ *Bijal V. Vakil*
Bijal V. Vakil
CA State Bar No.:  192878
(Admitted to practice in E.D. Texas)
Shamita D. Etienne-Cummings
CA State Bar No.:  202090
(Admitted to practice in E.D. Texas)
Thomas C. Flynn
CA State Bar No.:  257945
 (admitted to practice in E.D. Texas)
Allen W. Wang
CA State Bar No.:  278953
(admitted to practice in E.D. Texas)
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com
Email: setienne@whitecase.com
Email: tflynn@whitecase.com
Email: allen.wang@whitecase.com

J. Thad Heartfield
State Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX  77706
Telephone:  (409) 866-3318
Facsimile:   (409) 866-5789
Email: thad@heartfieldlawfirm.com
**ATTORNEYS FOR DEFENDANTS
WAL-MART STORES, INC. AND
WAL-MART STORES TEXAS, LLC**

13

*/s/ David A. Perlson*

Charles K. Verhoeven, CA Bar No. 170151
  charlesverhoeven@quinnemanuel.com
David A. Perlson, CA Bar No. 209502
  davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Tel: 415-875-6600
Fax: 415-875-6700

Michael E. Jones, SBN: 10929400
  mikejones@potterminton.com
Patrick C. Clutter, SBN: 24036374
  patrickclutter@potterminton.com
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
**ATTORNEYS FOR DEFENDANT GOOGLE
INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 4, 2016.

*/s/ James Quigley*
James Quigley

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that Eolas and Defendants have discussed the contemporaneously submitted Joint Protective, Joint Discovery, Joint Docket Control, and Joint ESI Orders. After meeting and conferring by email and phone on the issues, the parties agreed they had reached an agreement on the issues, except as to issues discussed above and shown in the attached proposed order(s).

*/s/ James Quigley*
James Quigley