**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| **Plaintiff,** | **Civil Action No. 6:15-cv-01038-RWS** |
| **v.** | **LEAD CASE** |
| **AMAZON.COM, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**EOLAS TECHNOLOGIES INCORPORATED'S MOTION FOR SUMMARY
<u>JUDGMENT OF NO INVALID PATENT TERM ADJUSTMENT</u>**

1178237

Eolas Technologies Incorporated ("Eolas") moves for summary judgment of no invalid patent term adjustment of U.S. Patent No. 9,195,507 (the "'507 patent").

## I.   STATEMENT OF ISSUE TO BE DECIDED

Is the United States Patent and Trademark Office's ("USPTO") patent term adjustment for the '507 patent invalid?

## II.   STATEMENT OF UNDISPUTED FACTS

1.   The USPTO issued the '507 patent on November 24, 2015. Ex. 1. The USPTO determined that the '507 patent was due a patent term adjustment of 1042 days. *Id.*

2.   Without a patent term adjustment, there is no period for which Eolas can obtain damages for infringement of the '507 patent.

3.   Google and Walmart allege that the '507 patent's patent term adjustment is invalid. Dkt. 46 ¶ 31; Dkt. 51 ¶ 16.

## III.   ARGUMENT

The term of a patent may be adjusted based on delays at the USPTO. 35 U.S.C. § 154(b). Challenges to the USPTO's "PTA determination are governed by those standards employed by the Administrative Procedure Act ('APA')." *Pfizer, Inc. v. Lee*, 811 F.3d 466, 470-71 (Fed. Cir. 2016) (citing 35 U.S.C. § 154(b)(4)(A)). The USPTO's patent term adjustment determination must be affirmed "unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* at 471 (quoting 5 U.S.C. § 706; citing *Centech Grp. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009)).

The USPTO provided a 1042 day patent term adjustment for the '507 patent under § 154(b). Defendants fail to provide any argument or evidence that the patent term adjustment prescribed by the Patent Office is incorrect, much less that the adjustment is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. Therefore, the '507 patent's patent term adjustment is not invalid.

## IV.   CONCLUSION

Eolas respectfully requests that its Motion be granted.

1

1178237

Dated: April 27, 2016.

**MCKOOL SMITH, P.C.**

/s/ *Kevin L. Burgess*
Kevin L. Burgess
Lead Attorney
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
James Quigley
Texas State Bar No. 24075810
jquigley@mckoolsmith.com
Jennifer Van Dusen
Texas State Bar No. 24087087
jvandusen@mckoolsmith.com
**McKool Smith, P.C.**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Mike McKool
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, P.C.
104 East Houston Street
Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Telecopier: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF EOLAS
TECHNOLOGIES INCORPORATED**

1178237

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served via email on all counsel of record on April 27, 2016.

/s/ James Quigley
James Quigley

1178237