IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | |
| Plaintiff, | Civil Action No. 6:15-cv-01038-RWS |
| v. | LEAD CASE |
| AMAZON.COM, INC., | JURY TRIAL DEMANDED |
| Defendant. | |
| EOLAS TECHNOLOGIES INCORPORATED, | |
| Plaintiff, | Civil Action No. 6:15-cv-01040-RWS |
| v. | CONSOLIDATED CASE |
| WAL-MART STORES, INC., AND WAL-MART STORES TEXAS, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

**EOLAS TECHNOLOGIES INCORPORATED'S RESPONSE TO WALMART'S EMERGENCY MOTION TO STAY PROCEEDINGS (DKT. 276)**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II. ARGUMENT......................................................................................................................2

    A.  The Case Is Approaching Trial, And Should Not Be Stayed................................................................................................................3

    B.  Walmart Cannot Identify Any Legitimate Reason To Stay The Case, Nor Can It Identify Any Genuine "Emergency."..................................4

        1.  The Motion To Show Cause is based on frivolous arguments and does not support a stay. ......................................................5

        2.  Walmart's summary judgment motion as to Stores Texas does not warrant a stay. ....................................................6

        3.  Walmart's "emergency" motion for reconsideration of the prior venue order is untimely and does not support a stay. ........................................................................................7

III. CONCLUSION...................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*,
   No. 6:15-cv-134, Dkt. No. 61 at 1 (E.D. Tex. Sep. 3, 2015) ..................................................4

*CYVA Research Holdings, LLC v. Locklizard Limited, et al.*,
   No. 2:15-cv-1541-JRG, Dkt. No. 53 at 2 (E.D. Tex. March 29, 2016) ...................................5

*Soverain Software LLC v. Amazon.com, Inc.*,
   356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) ............................................................................3

**I.      INTRODUCTION**

Walmart's "emergency" motion to stay[1] comes over fifteen months into the case, after claim construction, depositions, fact discovery, and service of expert reports. The parties are into the expert discovery period, and pre-trial disclosures begin in approximately six weeks with identification of trial witnesses. Walmart's perfunctory two-page motion fails to articulate any "emergency" or any legitimate justification for staying the case.

Walmart's only purported support for its motion is the fact that there are three motions pending before the Court.[2] But that is not a sufficient reason to stay a case. Litigants frequently file motions, but it takes unusual circumstances to stay a case while the motions are resolved. There are no such unusual circumstances here. The motions identified by Walmart are being briefed and will be resolved by the Court, and a stay is not warranted. Walmart's Motion to Stay accordingly suffers from the same defect as Amazon's "emergency" motion for stay.[3]

The first alleged support for Walmart's Stay Motion is Amazon's Motion for Order to Show Cause (Dkt. 262) which set forth unsupportable and offensive claims that McKool Smith, Eolas's counsel, allegedly violated a prosecution bar included in a Protective Order.[4] Eolas filed a response showing that Amazon's show cause motion was premised on frivolous assertions contradicted by Amazon's own pleadings and discovery responses, the words of the Protective

---

[1] Walmart's Emergency Motion to Stay Proceedings ("Stay Motion") (Dkt. 276). All citations to the case docket herein are to the cv-1038 case, unless otherwise noted.

[2] *See* Stay Motion at 1-2.

[3] *See* Eolas's Response to Amazon's Emergency Motion for Stay (Dkt 284). Walmart's Stay Motion identifies and relies upon Amazon's Motion for Stay, and, to the extent Walmart relies on Amazon's motion, Eolas incorporates its Response to the Amazon motion.

[4] Stay Motion at 1.

1

Order itself, and other facts plainly known to Amazon's counsel.[5] The show cause motion is meritless and does not warrant a stay of the case.

Walmart also identifies Walmart Stores Texas' motion for summary judgment (Dkt. 275) ("MSJ"). Walmart's MSJ seeks summary judgment on behalf of *one* of the two Walmart entities, Stores Texas. Regardless of the merits of the MSJ, it is puzzling as to why Walmart seeks a stay where the case as to Walmart would remain active even if Walmart's MSJ were granted. Further, Walmart's MSJ is unlikely to succeed. Eolas's response to the MSJ, filed concurrently with this response, fully explains why the MSJ should be denied.

Third, Walmart points to yet another "emergency" motion—its Motion for Reconsideration (cv-1040, Dkt 39) ("Reconsideration Motion") of the Court's September 29, 2016 Order denying venue transfer. The Reconsideration Motion is the opposite of an emergency. It is an untimely motion that Walmart should have filed five months ago—if it was going to file such a motion—and it otherwise fails for the reasons previously explained by Eolas.[6] There certainly is no reason to stay the case while the untimely motion is resolved.

Walmart has not established any legitimate reason to stay the case in view of any of the three pending motions. Any such stay would in all likelihood require rescheduling of the trial date that the parties and Court have had on calendar for a year, and would thereby prejudice Eolas in its efforts to remedy Walmart's patent infringement. Eolas respectfully requests that the Court deny Walmart's "emergency" motion to stay.

## II.  ARGUMENT

A district court "has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D.

---

[5] Dkt. 274 (Eolas Response to Show Cause Motion).

[6] *See* Eolas Rsp. to Walmart's Emergency Mtn. for Reconsideration (cv- 1040, Dkt. 44).

2

Tex. 2005). In deciding whether to stay litigation, courts typically consider "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Id*. The Court places importance on going to trial on the date set in the scheduling order, absent "extraordinary" circumstances. *Id.* at 663.

    **A.    The Case Is Approaching Trial, And Should Not Be Stayed.**

Courts consider the stage of the case when assessing a discretionary motion to stay, looking to "whether discovery is complete and whether a trial date has been set." *See Soverain*, 356 F. Supp. 2d at 662. Here, fact discovery closed over a month ago[7] and jury selection is set for September 18, 2017.[8] Initial expert reports have been served, and expert depositions will be complete by May 4, 2017.[9] The parties are on the verge of the pre-trial process, with disclosures of trial witnesses set for May 5, 2017.[10]

Walmart entirely ignores the heavy consequences of staying a case that is nearing completion. Eolas desires to remedy Walmart's infringement of the patent-in-suit and has been looking forward to jury selection in this matter for nearly a year, when the trial date was set.[11] As the plaintiff, Eolas has an interest in seeing this case through to resolution. If this case were to be stayed, the trial setting would likely be lost and a substantial delay may result. The

---

[7] *See* Amended Docket Control Order (Dkt. 232). The deadline was extended only as to certain specific depositions. Dkt. 245.

[8] *See* March 1, 2017 Amended Docket Control Order (Dkt. 256).

[9] *Id*.

[10] *Id*.

[11] *See* May 5, 2016 Docket Control Order (Dkt. 99) (showing September 18, 2017 jury selection).

resulting prejudice to Eolas would not be balanced by any legitimate benefit or expectation of efficiency.

> B. **Walmart Cannot Identify Any Legitimate Reason To Stay The Case, Nor Can It Identify Any Genuine "Emergency."**

Given the advanced stage of the case and the longstanding trial setting, it is surprising that Walmart filed a perfunctory, two-page "emergency" Stay Motion that makes no real attempt to identify any extraordinary circumstances that would warrant a stay. It appears that Walmart simply wants to avoid further expenditures. But a party's desire to save money—on the chance that a court may grant a pending motion—is <u>not</u> a sufficient reason to stay a case. *See Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.,* No. 6:15-cv-134, Dkt. No. 61 at 1 n.1 (E.D. Tex. Sep. 3, 2015) ("A stay is not justified merely because a party desires to save money.").[12] Parties otherwise would continually ask courts to stay cases upon filings of motions that *may* have an impact on the case. The prejudice that would result from a stay of this case and a loss of the trial date is significantly greater than any continued casework while the motions are resolved.

Walmart's desire to save money until resolution of certain motions also does not create an "emergency," as the title of its motion proclaims, and it is disrespectful to suggest otherwise to the Court and Eolas. Judge Gilstrap recently addressed this very issue in the context of an emergency motion to stay:

> The mere fact that pending motions—which are not even fully briefed—*might* resolve the case or *might* result in transfer of the case does not elevate the posture of this case to that of an emergency situation. To recklessly assert an emergency when there is no basis is at a minimum poor practice and at a maximum perilously close to making sanctionable misrepresentations to the Court.

---

[12] Attached at Dkt. 248-2 (Ex. 1 in support of Eolas Resp. to Amazon Mot. to Stay).

4

*CYVA Research Holdings, LLC v. Locklizard Limited, et al.,* No. 2:15-cv-1541-JRG, Dkt. No. 53 at 2 (E.D. Tex. March 29, 2016).[13] The same is true here—none of the three motions identified by Walmart are likely to result in resolution of this case or transfer. There is no "emergency."

> **1. The Motion To Show Cause is based on frivolous arguments and does not support a stay.**

Walmart first points to Amazon's Motion For Order To Show Cause ("Show Cause Motion") which accuses Eolas's counsel, McKool Smith, of allegedly violating a prosecution bar in the Protective Order from a prior case.[14] Eolas's response, filed March 14, exposes Amazon's Show Cause Motion as a frivolous motion based on a series of known misrepresentations.[15] The Show Cause Motion depends on the premise that the prosecution bar expired in October 2014, even though Amazon itself is unquestionably on record recognizing that the prosecution bar expired in July 2014.[16] Further, the Show Cause Motion asserts that the transmission of potential prior art materials to prosecution counsel somehow violates the prosecution bar, even though such activity is clearly permitted by facts known to Amazon, including the plain language of the Protective Order and an order issued by Judge Davis.[17]

The Show Cause Motion is likely to be denied and in no event should it properly be deemed to support the Stay Motion. It is self-evident that the case should not be stayed to await resolution of a meritless motion. Instead, the motion can be resolved on its own, in the usual course, without staying the case and upsetting the trial date.

---

[13] Attached at Dkt. 248-2 (Ex. 2 in support of Eolas Resp. to Amazon Mot. to Stay).

[14] Dkt. 262; Walmart Stay Motion at 1.

[15] Eolas's Response to Amazon's Motion for Order to Show Cause (Dkt. 274).

[16] *See id.* at 7-8, 11-14.

[17] *See id.* at 3-7, 14-18.

5

### 2. Walmart's summary judgment motion as to Stores Texas does not warrant a stay.

Walmart's MSJ (Dkt. 275) seeks summary judgment as to non-infringement by one of the two Walmart defendants, Stores Texas.[18] Walmart devotes approximately two sentences of its Stay Motion to this issue, through which Walmart attempts to generally characterize the subject matter of its MSJ. Walmart then simply concludes that a stay is warranted, without further discussion.

Walmart does not even attempt to answer the most obvious question: Given that parties routinely file motions for summary judgment, why should this case be stayed merely because Walmart filed a motion? The filing of a motion, whether dispositive or otherwise, is not a sufficient basis for an "emergency" stay. If litigants routinely followed up dispositive motions with motions for stay pending resolution of the dispositive motion, and if courts granted them, absurdity would result. Walmart has provided no reason to treat this situation differently.

Further, Walmart's MSJ—even if granted—would not resolve this case as to Walmart. Instead, Walmart admits that the MSJ concerns only Stores Texas, one defendant.[19] Walmart provides no reason as to why the case would be stayed, with a likely loss of the trial date, even if Stores Texas were to be dismissed on summary judgment and Walmart Stores, Inc. remained. There is no such reason.

Walmart's characterizations, in its Stay Motion, of Stores Texas's actions as they relate to the MSJ are incorrect. Eolas is filing, concurrently with this brief, a response to Walmart's MSJ that shows how Walmart's stores in Texas play a key role with walmart.com sales. As Eolas's response will show, Stores Texas engages in activity that induces infringement, such that

---

[18] Stay Motion at 1-2; *see also* Dkt. 275.

[19] Stay Motion at 1-2.

Walmart's MSJ should be denied. Eolas refers the Court and Walmart to Eolas's response to Walmart's MSJ.

### 3. Walmart's "emergency" motion for reconsideration of the prior venue order is untimely and does not support a stay.

On September 29, 2016, the Court denied Walmart's motion to transfer venue.[20] Over five months later, Walmart filed its "emergency" motion for reconsideration.[21] As Eolas explained in its response brief, Walmart's motion is untimely because it should have been filed within 28 days, not five months later.[22] Walmart's Reconsideration Motion accordingly should be denied and does not support a stay.

On the merits, Walmart's Reconsideration Motion also fails. As Eolas has explained, Walmart ignores its Bentonville, Arkansas headquarters when attempting to emphasize the alleged Northern District of California ties with this case.[23] Walmart also ignores the Court's prior finding that the Northern District of California would not have personal jurisdiction over Stores Texas, as well as the ties with Texas and nearby Arkansas.[24] For all of the reasons explained in Eolas's prior response brief, the Reconsideration Motion is unlikely to succeed.

Through its delay in reconsideration, Walmart seeks an unfair tactical advantage. Walmart could have chosen to remain in this Court if Walmart was pleased with results to date, including with claim construction and all other case facts, and its perceived chances of future

---

[20] Dkt. 35 (cv-1040).

[21] *See* Dkt. 44 (cv-1040) (Eolas Resp. to Walmart Emergency Mtn. Reconsideration) at 2-3 (discussing pertinent facts).

[22] *Id.*

[23] *Id.* at 5.

[24] *Id.* at 5-8.

success. By filing a delayed motion for reconsideration, Walmart essentially is forum shopping at the last minute, after having the chance to determine its view of this venue and this case.

This is not an academic issue. Walmart's Reconsideration Motion, if successful, would cause significant prejudice and unfairness to Eolas. Eolas has invested significant time and resources to get to this point in the case. It would be very prejudicial to transfer the case now in view of a last-minute (and untimely) motion for reconsideration.

In any event, Walmart does not provide any reason why the case should be *stayed* while the Court addresses the Reconsideration Motion. The prejudice resulting from a stay and loss of the trial date would be significantly greater than any continued work Walmart may have to perform while the motion is pending, particularly given Walmart's decision to wait five months to file its Reconsideration Motion.

### III.  CONCLUSION

There is no "emergency" and no reason to stay the case now, at this advanced stage, simply because there are pending motions. It is not at all unusual for litigants to file motions. Instead, the Court may resolve the motions per the usual course and, to the extent future circumstances call into question the case schedule, address such circumstances at the proper time. None of the three motions identified by Walmart raise a legitimate reason that the case should be stayed now. For the foregoing reasons, Eolas respectfully requests that the Court deny Walmart's "emergency" motion to stay.

| | |
|---|---|
| Dated: March 27, 2017. | **MCKOOL SMITH, P.C.**<br><br>*/s/ Craig Tolliver*<br>Kevin L. Burgess<br>Texas State Bar No. 24006927<br>kburgess@McKoolSmith.com<br>John B. Campbell<br>Texas State Bar No. 24036314<br>jcampbell@McKoolSmith.com<br>Craig N. Tolliver<br>Texas State Bar No. 24028049<br>ctolliver@mckoolsmith.com<br>James E. Quigley<br>Texas State Bar No. 24075810<br>jquigley@McKoolSmith.com<br>Kevin P. Hess<br>Texas State Bar No. 24087717<br>khess@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 W. 6th Street Suite 1700<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744<br><br>Mike McKool<br>Texas State Bar No. 13732100<br>mmckool@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street<br>Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9002<br>Telecopier: (903) 923-9099<br><br>**ATTORNEYS FOR PLAINTIFF EOLAS TECHNOLOGIES INCORPORATED** |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 27, 2017.

*/s/ Craig Tolliver*
Craig Tolliver