IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>WAL-MART STORES TEXAS, LLC,<br><br>Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. 6:15-CV-01040-RWS |

## ORDER

On September 29, 2016, the Court denied Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC's ("the Wal-Mart parties") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Docket No. 35. Currently before the Court is Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas's Emergency Motion for Reconsideration of Order Denying Walmart's Motion to Transfer (Docket No. 39). The Court held a hearing on the motion on April 4, 2017. After the hearing, the Court ordered the parties to submit additional briefing regarding whether the Court should sever Plaintiff's claims against Wal-Mart Stores Texas in the event the claims against Wal-Mart Stores, Inc. are transferred. Docket No. 49.

In its brief, the Wal-Mart parties ask the court to reconsider its September Order based on the Federal Circuit's reasoning in *In re Google Inc.*, Case No. 17-107 (Fed. Cir. Feb. 23, 2017). Docket No. 39 at 4–5. Particularly, the Wal-Mart parties argue that their ties to the Northern District of California mirror those of Google. *Id.* at 5.

Given the unique circumstances present in this case, the Court finds it appropriate to reconsider its order denying transfer with respect to Wal-Mart Stores, Inc. (Docket No. 35). However, because "the Northern District of California would not have personal jurisdiction over [Wal-Mart Stores Texas]," the Court does not reconsider its order denying transfer with respect to Wal-Mart Stores Texas. Docket No. 35 at 4.

Upon consideration of each of the applicable public and private factors related to a transfer pursuant to 28 U.S.C. § 1404(a), the Court finds that, under the specific circumstances of this case, a majority of these factors weigh in favor of transfer of the claims against Wal-Mart Stores, Inc. Wal-Mart Stores, Inc.'s ties to the Northern District of California outweigh the ties that the parties have to this District. Consequently, the Northern District of California is a clearly more convenient venue than this District for Wal-Mart Stores, Inc.

After careful consideration of the parties' arguments and written submissions, the Court **ORDERS** that all claims asserted by Plaintiff Eolas Technologies Inc. against Defendant Wal-Mart Stores Texas, LLC are hereby **SEVERED** from the above-captioned action into a new cause of action. The filing fee for the severed cause of action against Wal-Mart Stores Texas is waived.

The above-captioned action against Wal-Mart Stores, Inc. is hereby **TRANSFERRED** to the United States District Court for the Northern District of California. Given the approaching deadlines under this Court's current docket control order, all deadlines in the above-numbered action against Wal-Mart Stores, Inc. are **STAYED** until the case is received and reassigned by the clerk of the Northern District of California and until further order of that Court.

The Court further **ORDERS** that the severed action against Wal-Mart Stores Texas is hereby **STAYED** pending resolution of the transferred claims. The parties shall file a joint status

report within **seven (7) days** of the entry of final judgment (or other resolution of the transferred claims) in the Northern District of California.

**So ORDERED and SIGNED this 28th day of April, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE