1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    RICHARD CUEVAS, et al.,                     Case No.  13-cv-00045-JST

            Plaintiffs,
8

9        v.                                     **ORDER GRANTING MOTION TO
                                                DISQUALIFY PLAINTIFFS' COUNSEL**
     JOINT BENEFIT TRUST, et al.,
10                                               Re: ECF No. 24
            Defendants.
11

12          In this action for the denial of benefits under the Employment Retirement Income Security

13   Act of 1974 ("ERISA") and for age discrimination in violation of the California Fair Employment

14   and Housing Act ("FEHA"), Defendant Teamsters Local Union No. 948 ("Local 948") moves to

15   disqualify counsel for Plaintiffs.  For the reasons set forth below, the motion is GRANTED.

16                              **I.      BACKGROUND**

17   **A.      The Parties and Claims**

18          Defendant Local 948 is a labor organization that represents workers in collective

19   bargaining with employers.  Ochoa Decl. ¶ 2.  Plaintiffs are retired employees of Local 948.[1]  First

20   Am. Compl. ("FAC") ¶¶ 6-11.

21          This action arises out of Local 948's alleged breach of a promise to pay for the premiums

22   of Plaintiffs' retiree health-benefits plan.  Plaintiffs allege that Local 948 promised them that they

23   would be guaranteed coverage under a health plan administered by the Joint Benefit Trust and that

24   the premiums for such benefits would be paid by Local 948.  Id. ¶¶ 19, 40-51.  Plaintiffs further

25   allege that this promise was "outlined in a collective bargaining agreement."  Id. ¶ 52.  Local 948

26   allegedly stopped paying for these premiums in March 2012.  Id. ¶ 57.  Plaintiffs aver that their

27   _____

28   [1] Plaintiffs are Richard Cuevas, Daniel Abril, John Hailstone, Al T. Oliver, Charles K. Williams, and Sharon Mosely.

United States District Court
Northern District of California

Exhibit 1

1    age was "a motivating reason" for Local 948's decision to stop paying the premiums. Id. ¶ 76.

2         Plaintiffs assert the following two claims against Local 948: (1) denial of benefits in

3    violation of ERISA, 29 U.S.C. § 1332(a)(1)(B); and (2) age discrimination in violation of FEHA.

4    **B.    Successive Representations by Plaintiffs' Counsel**

5         Plaintiffs are represented by Kenneth C. Absalom of the Law Office of Kenneth C.

6    Absalom.  Absalom Decl. ¶ 2.  Absalom was Local 948's attorney before he was retained by

7    Plaintiffs in connection with this action.  Absalom Decl. ¶ 2; Ochoa Decl. ¶¶ 9, 13.  Specifically,

8    Absalom represented Local 948 from 2005 until 2007, and again from January 2009 to December

9    2011.  Id.

10        Local 948 does not consent to Absalom's representation of Plaintiffs in this action.  Ochoa

11   Decl. ¶ 23.  After Local 948 became aware that Absalom was representing Plaintiffs, counsel for

12   Local 948 sent several letters to Absalom requesting that Absalom withdraw as counsel for

13   Plaintiffs on the ground that he previously represented Local 948 in a variety of matters.  See

14   Rosenfeld Decl., Ex. A, B, D.  Absalom refused to withdraw but agreed to turn over to Local 948

15   closed files pertaining to his representation of the union.  Rosenfeld Decl., Ex. C, E.

16        These files contain, in part, letters pertaining to discrimination claims brought against

17   Local 948 by two former employees of the union.  The first letter was sent by Absalom to the

18   California Department of Fair Employment and Housing ("DFEH") with respect to an

19   employment discrimination claim brought by former Local 948 employee Leslie Payne.  See Yen

20   Decl. ¶ 6 & Ex. C.  The second letter also was sent by Absalom to DFEH in connection with an

21   employment discrimination claim brought against the union by former Local 948 employee

22   Christopher Tiernan.  Id. ¶ 8 & Ex. E.

23        The files also include minutes of Local 948 Executive Board meetings in which pay and

24   benefits of officers and staff were discussed.[2]  Counsel for Local 948 submitted redacted copies of

25

26   [2] Absalom objects to these documents and to statements made in the Yen Declaration on the
ground that Yen "did not submit the complete files, instead referencing parts of files, or
27   summarizing her interpretations of the complete file." Opp'n at 6.  Yen declares that she did not
submit complete files for confidentiality reasons. Yen Decl. ¶¶ 1-18.  The Court concludes that
28   Absalom's objections are irrelevant to the determination of this motion. The resolution of the
motion turns on the source of the documents referenced in and attached to the Yen Declaration,

2

United States District Court
Northern District of California

1   the minutes of two meetings.  One of them took place on February 17, 2009.  The redacted

2   minutes show that "insurance benefits" and "the Retirees Insurance Benefits Policy" were

3   discussed during the meeting.  See Yen Decl. ¶ 10 & Ex. K.  The other meeting took place on

4   January 15, 2009.  During the meeting, "the Local 948 policies for Health and Welfare for

5   Executive members employed by the Local" and "retiree benefits" were discussed.  Id. ¶ 14, Ex. S.

6   ## II.   LEGAL STANDARD

7           A district court has discretion to disqualify or to refuse to disqualify counsel.  Gas-A-Tron

8   of Ariz. v. Union Oil Co. of Cal., 534 F.2d 1322, 1325 (9th Cir. 1976) (holding that an order

9   disqualifying counsel or refusing to disqualify counsel will not be disturbed if the record reveals

10  "any sound basis" for the court's order).

11          Motions to disqualify counsel are decided under state law.  In re Cnty. of Los Angeles, 223

12  F.3d 990, 995 (9th Cir. 2000).  Attorneys who practice in the United States District Court for the

13  Northern District of California are required to comply with the California Rules of Professional

14  Conduct.  See Civil L.R. 11-4(a)(1).  Rule 3-310 (E) of the California Rules of Professional

15  Conduct provides:

16                  A member shall not, without the informed written consent of the
                    client or former client, accept employment adverse to the client or
17                  former client where, by reason of the representation of the client or
                    former client, the member has obtained confidential information
18                  material to the employment.

19          The purpose of this rule is to "protect the confidentiality of the attorney-client

20  relationship[.]"  People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135,

21  1146 (Cal. 1999).

22          "[A]ctual possession of confidential information need not be proved in order to disqualify

23  the former attorney.  It is enough to show a 'substantial relationship' between the former and

24  current representation"  H. F. Ahmanson & Co. v. Salomon Bros., Inc., 229 Cal. App. 3d 1445,

25  1452 (Cal. Ct. App. 1991) (citation omitted).  Successive representations are substantially related

26

27  _____

    and Absalom does not dispute that such documents were in his possession prior to this litigation.
28  He also does not contend that Yen's description of the documents is inaccurate or that the excerpts
    that Yen attached to her declaration did not come from his files.

3

United States District Court
Northern District of California

1    where the facts support a "rational conclusion that information material to the evaluation,

2    prosecution, settlement or accomplishment of the former representation given its factual and legal

3    issues is also material to the evaluation, prosecution, settlement or accomplishment of the current

4    representation given its factual and legal issues." Jessen v. Hartford Casualty Ins. Co., 111 Cal.

5    App. 4th 698, 713 (Cal. Ct. App. 2003) (citations omitted).  The determination of whether a

6    substantial relationship exists requires "an inquiry into the similarities between the two factual

7    situations, the legal questions posed, and the nature and extent of the attorney's involvement with

8    the cases." Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, 69 Cal. App. 4th 223, 234

9    (Cal. Ct. App. 1999).

10        Where the requisite substantial relationship exists, "access to confidential information by

11   the attorney in the course of the first representation (relevant, by definition, to the second

12   representation) is *presumed* and disqualification of the attorney's representation of the second

13   client is mandatory; indeed, the disqualification extends vicariously to the entire firm." Flatt v.

14   Sup. Ct., 9 Cal. 4th 275, 283 (Cal. 1994) (emphasis in original).

### III.    DISCUSSION

16        Local 948 moves to disqualify Absalom from representing Plaintiffs in this matter on the

17   ground that Absalom represented Local 948 in a wide range of matters, including discrimination

18   claims brought against the union by former employees.  Local 948 argues that because of

19   Absalom's involvement in these diverse matters over the course of several years, Absalom was

20   essentially general counsel for Local 948 and it is very likely that Absalom received confidential

21   and sensitive information about Local 948's employee policies and the union's handling of

22   discrimination claims brought by staff or former staff.

23        Absalom opposes the motion, arguing that he was never general counsel for Local 948,

24   that he was never included in discussions pertaining to the formulation or adoption of employment

25   policies or practices for Local 948, and that he never provided any legal advice to Local 948 in

26   connection with the same.  Opp'n at 9.

27        The Court concludes that Absalom and his firm must be disqualified from representing

28   Plaintiffs in this action, because a substantial relationship exists between the successive

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    representations.[3]  Absalom previously represented Local 948 in disability discrimination claims

2    brought by former union employees.  Information material to Absalom's representation of the

3    union in connection with those claims also is material to the current representation, because the

4    factual contexts of the two representations are related, as Plaintiffs have asserted a claim for age

5    discrimination against the union in this action.  See Trone v. Smith, 621 F.2d 994, 998 (9th Cir.

6    1980) ("Substantiality is present if the factual contexts of the two representations are similar or

7    related.").

8         The letters that Local 948 have submitted, which came from Absalom's files, contain

9    Absalom's substantive responses "to each facet of the complaint" and to the DFEH's requests for

10   documents.  See Yen Decl., Ex. C, E.  Indeed, each letter analyzes and refutes the discrimination

11   allegations of the former employees.  Id.  Further, Absalom attached to each letter "all

12   documentation" within Local 948's possession pertaining to the claims at issue.  Id.  It is

13   reasonable to presume that, in order to draft the letters and collect the attached documents,

14   Absalom had to familiarize himself with the policies and practices of the union with respect to its

15   handling of employment discrimination claims, as well as with other confidential information

16   material to the evaluation, defense, or settlement of such claims.

17        Given that knowledge of Local 948's policies, practices, and handling of employment

18   discrimination claims is material to the evaluation, defense, or settlement of the discrimination

19   claim in this case, a substantial relationship exists between the successive representations and

20   Absalom and his firm therefore must be disqualified.  Flatt, 9 Cal. 4th at 283 (emphasis in

21   original) (holding that where the requisite substantial relationship exists, "access to confidential

22   information by the attorney in the course of the first representation (relevant, by definition, to the

23   second representation) is *presumed* and disqualification of the attorney's representation of the

24   second client is mandatory; indeed, the disqualification extends vicariously to the entire firm");

25   see also Trone, 621 F.2d at 998 ("If there is a reasonable probability that confidences were

26   disclosed which could be used against the client in later, adverse representation, a substantial

27

28   [3] The Court does not address the question of whether Absalom was Local 948's general counsel,
     because such an inquiry is unnecessary to the determination of this motion.

1    relation between the two cases is presumed.").  That the discrimination claims in the prior

2    representation are not identical to the discrimination claim at issue in this case does not affect this

3    conclusion.  Id. at 1000 ("The substantial relationship test does not require that the issues in the

4    two representations be identical.").

5          Absalom does not dispute that he represented Local 948 in connection with these

6    discrimination claims.  Rather, his opposition to Local 948's motion is premised on the argument

7    that a substantial relationship between the successive representations does not exist because his

8    representation of Local 948 with respect to the discrimination claims "was limited to providing the

9    DFEH with information and statements of position explaining the basis for the claimants' prior

10   terminations" and these communications were "limited to the facts of the particular claims and did

11   not include any analysis or review of Local 948's general employment policies or practices."

12   Opp'n at 10.

13         This argument is insufficient to preclude Absalom's disqualification.  In the context of

14   motions for disqualification, "[t]he underlying concern is the possibility, or *appearance of the*

15   *possibility*, that the attorney may have received confidential information during the prior

16   representation that would be relevant to the subsequent matter in which disqualification is sought."

17   Trone, 621 F.2d at 999 (emphasis added).  Absalom's representation of Local 948 in connection

18   with the discrimination claims creates the appearance that he was privy to confidential information

19   that may be relevant to the claims in this action.  Absalom's argument that his involvement in the

20   prior representation was "limited" does not eliminate this appearance.  See id.

21         Moreover, though the appearance of access to confidential information is sufficient for

22   disqualification, Local 948 has shown that Absalom *actually had possession* of confidential

23   information relevant to the claims in this action.  Indeed, Local 948 has shown, and Absalom does

24   not dispute, that Absalom had in his possession until very recently copies of confidential minutes

25   of Executive Board meetings in which employee and retiree benefits, such as the ones at issue in

26   this action, were discussed.  See Yen Decl. ¶¶ 10,14 & Ex. K, S.  Absalom's only argument on this

27   issue is that he did not participate in the meetings during which these benefits were discussed, and

28   that he never provided any legal advice to the union with respect to the formulation or enactment

United States District Court
Northern District of California

6

1   of the union's benefits policies.  This contention does not nullify the fact that he had access to

2   confidential information that Plaintiffs in this action could use to prosecute their claims.

3        Accordingly, both Absalom and his firm must be disqualified.

### IV.    CONCLUSION

5        Local 948's motion to disqualify Absalom and his firm is GRANTED.

6        In light of the disqualification, and at the suggestion of the parties, this matter is set for a

7   Case Management Conference on October 30, 2013, at 2:00 p.m.  A Joint Case Management

8   Statement must be filed at least ten court days beforehand.  All other dates in this matter are

9   vacated, to allow the plaintiffs to retain new counsel.

10       **IT IS SO ORDERED**.

11  Dated:  August 29, 2013

_____

JON S. TIGAR
United States District Judge