DOUGLAS E. LUMISH, Bar No. 183863
doug.lumish@lw.com
RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
JEFFREY G. HOMRIG, Bar No. 215890
jeff.homrig@lw.com
NICHOLAS YU, Bar No. 298768
nicholas.yu@latham.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

[additional counsel listed on signature page]

Counsel for Defendant
AMAZON.COM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>                    Defendant. | Case No: 3:17-cv-03022-JST<br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSE BRIEF REGARDING PLAINTIFF'S MOTION TO DISQUALIFY LATHAM & WATKINS LLP**<br><br>Hearing Not Yet Scheduled |

## I. TEXAS LAW SHOULD GOVERN THE MOTION TO DISQUALIFY.

Eolas argues that California disqualification law should apply here because that is the law that normally applies to disqualification disputes in the Northern District of California. (Eolas Supp. Br. 1–2.) That is true so far as it goes, but it does not go far. As Amazon explained, this is not the normal case. Here, the disqualification dispute arose in the Eastern District of Texas, the district in which Eolas chose to file this suit, in which Latham chose to represent Amazon, and in which the parties fully briefed the issue. Neither case Eolas cites addresses anything close to this scenario. In *Advanced Messaging Technologies, Inc. v. EasyLink Services International Corp.*, 913 F. Supp. 2d 900, 906 (C.D. Cal. 2012) (cited at Eolas Supp. Br. 1), there was no suggestion that any other state's law should apply.[1] And in *Loop AI Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG, 2016 WL 344874, at *1 n.1 (N.D. Cal. Jan. 28, 2016) (cited at Eolas Supp. Br. 2), the party facing disqualification argued that New York law should apply simply because the allegedly conflicted lawyer was a member of the New York bar. For all the reasons set forth in Amazon's supplemental brief, Texas law should continue to govern here.

## II. THE MOTION SHOULD BE DENIED UNDER CALIFORNIA LAW TOO.

**1. Eolas Waived The Right To Seek Disqualification.** Eolas and Amazon agree that a party waives its right to seek disqualification if it waits unreasonably long before doing so, and that the relevant standard under California law is set forth in *River West, Inc. v. Nickel*, 234 Cal. Rptr. 33 (Ct. App. 1987). (*See* Amazon Supp. Br. 4–6; Eolas Supp. Br. 4.) And Eolas does not dispute that California cases have held delays much shorter than a year to be unreasonable. (*See* Amazon Supp. Br. 5 (collecting cases).) Eolas instead argues that (1) there was no delay at all here because Eolas did not know Latham was representing Amazon until January 2017, and (2) Amazon faces little prejudice. (Eolas Supp. Br. 9–10.) Eolas is wrong on both counts.

---

[1] Insofar as *Advanced Messaging Technologies* suggests that state law applies of its own force to disqualification disputes in California *federal* courts, it is wrong. The Supreme Court has made clear that the ethical "standards imposed [in federal courts] are a matter of federal law." *In re Snyder*, 472 U.S. 634, 645 n.6 (1985). As in other areas of federal law, "state law may be incorporated as the federal rule of decision," *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728 (1979), but it is ultimately federal law.

1   Eolas's assertion that "[p]rior to [January 6, 2017,] *nobody at Eolas* knew that Latham
2   was representing Amazon" (Eolas Supp. Br. 9), is flatly refuted by the record—as Amazon
3   demonstrated in its Sur-Reply (at 5).  On November 2, 2016, Michael Doyle and Mark Swords—
4   Eolas's Chief Technology Officer (and former President) and its CEO/General Counsel,
5   respectively—attended the *Markman* hearing in this case and were introduced to the Court.  (*See*
6   Sur-Reply Ex. 1, ECF No. 320-4 (incorrectly transcribing Swords as "Swartz").)  The *very next*
7   introduction was of Amazon's attorneys Doug Lumish and Amit Makker, "*both from Latham*
8   *[&] Watkins*."  (*Id.* (emphasis added).)  That Eolas continues to ignore this hearing and insist that
9   it remained in the dark until January 2017 is as inexplicable as it is incredible.

10   The other record evidence proves that in fact Eolas knew much earlier—no later than
11   February 2016.  Amazon's prior filings in the Texas court discuss the timing in great detail
12   (Resp. 8–9, 11–13), and Eolas's supplemental brief adds nothing to its previous, inadequate
13   response.  Moreover, it is utterly implausible that Eolas would not know that Latham was
14   representing Amazon.  Patent litigation *is what Eolas does*.  And two of Eolas's three employees
15   are lawyers.  The assertion that Eolas had no clue what law firm represented Amazon for an
16   entire year—after scores of filings with Latham's name and until docket entry *227*—"strains
17   credulity."  *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014
18   WL 2703807, at *5 (N.D. Cal. June 13, 2014).  As Judge Chen concluded on similar facts, "[i]t
19   is hard to imagine any lawyer who would not make any inquiry as [to] who is representing the
20   opposing party.  Nor does it make sense that an overseer of litigation would not attribute any
21   significance to that information." *Id.*  So too here.  Eolas has known of Latham's involvement in
22   this case since early 2016 (either on its own or through its lawyers), and such a long delay in
23   seeking disqualification is indisputably extreme under California law.

24   The prejudice to Amazon if Latham were disqualified would also be extreme.  (*See*
25   Amazon Supp. Br. 5.)  Eolas's only argument to the contrary is that "[t]his case is far from trial,"
26
27
28

so "Amazon has plenty of time to find additional counsel." (Eolas Supp. Br. 10.)[2] In looking ahead to trial, Eolas ignores everything that has come before: several thousand hours of attorney work, numerous depositions, millions of pages of discovery, a *Markman* hearing and claim construction order, summary judgment briefing, expert reports, and so on. (*See* Resp. 14–15 & n.5; Doan Decl. ¶¶ 3–4, ECF No. 291-39.)  This is precisely the sort of potential loss of investment courts have found extremely prejudicial, without mention of any impending trial date. *See, e.g.*, *River West*, 234 Cal. Rptr. at 44; *see also Openwave Sys. Inc. v. Myriad France S.A.S.*, No. C 10-02805 WHA, 2011 WL 1225978, at *6 (N.D. Cal. Mar. 31, 2011) (finding prejudice before summary judgment briefing); *Skyy Spirits, LLC v. Rubyy, LLC*, No. C 09-00646 WHA, 2009 WL 3762418, at *4 (N.D. Cal. Nov. 9, 2009) (finding prejudice where fact-discovery deadline was almost two months away; no mention of trial date); *Employers Ins. of Wausau v. Albert D. Seeno Constr. Co.*, 692 F. Supp. 1150, 1166 (N.D. Cal. 1988) (finding prejudice without mentioning proximity to trial). It would likewise be extremely prejudicial to lose counsel with "mastery over a complex case" and a track record of success. *See Liberty Nat'l Enters., L.P. v. Chicago Title Ins. Co.*, 123 Cal. Rptr. 3d 498, 505 (Ct. App. 2011). The lead Latham partners in this case have such mastery, as well as the irreplaceable experience, gained *before* joining Latham, of having litigated, tried, and invalidated the predecessor Eolas patents at trial against the same lawyers who represent Eolas here. (*See* Resp. 8, 14.) Their disqualification "would be a disastrous development for [Amazon]" regardless of when the trial occurs. *See Liberty Nat'l Enters.*, 123 Cal. Rptr. 3d at 505.

Amazon has shown that the delay here was "extreme in terms of time and consequence." *River W.*, 234 Cal. Rptr. at 42. And Eolas has fallen far short of justifying that delay. The disqualification motion should be denied on this basis alone.

**2. The Substantial Relationship Test Is Not More "Relaxed" In California, And Is Not Satisfied Here.** Eolas contends that, compared to Texas, California has a "relaxed

---

[2] Tellingly, Eolas no longer asserts that Amazon would not be prejudiced by Latham's disqualification because co-counsel could remain on the case. (*See* Amazon Supp. Br. 5 n.3.)

standard" for demonstrating that two representations are substantially related. (Eolas Supp. Br. 1.) Though not entirely clear, Eolas seems to think this "relaxed" standard is evidenced by the fact that California asks, in part, whether "confidential information material to the current dispute would *normally* have been imparted to the attorney" in the prior representation. (*Id.* (quoting *Openwave Sys., Inc. v. 724 Sols. (US) Inc.*, No. C 09-3511 RS, 2010 WL 1687825, at *2 (N.D. Cal. Apr. 22, 2010)); *see also* Eolas Supp. Br. 7–8.) Eolas is incorrect.

The California inquiry Eolas quotes—"whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation," *H.F. Ahmanson & Co. v. Salomon Bros., Inc.*, 280 Cal. Rptr. 614, 619 (Ct. App. 1991)—is not meaningfully different from the substantial relationship test in Texas. The answer to that question depends, of course, on how similar "the nature of the former representation" is to that of the current representation. As *Jessen v. Hartford Casualty Insurance Co.* explains, the *Ahmanson* inquiry requires an assessment of "the strength of the similarities between the legal problem involved in the former representation and the legal problem involved in the current representation." 3 Cal. Rptr. 3d 877, 885 (2003); *see id.* at 887 (question is whether material confidential information would have been obtained in prior representation "given its specific legal and factual issues"). Indeed, Eolas concedes that California courts look to "the similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement with the cases." (Eolas Supp. Br. 3 n.2 (quoting *Cuevas v. Joint Benefit Trust*, No. 13-CV-00045-JST, 2013 WL 4647404, at *2 (N.D. Cal. Aug. 29, 2013) (Tigar, J.).) This is the same as the Texas standard. *See In re Am. Airlines, Inc.*, 972 F.2d 605, 623 (5th Cir. 1992) (requiring past and present matters to be "akin . . . in a way reasonable persons would understand as important to the issues involved" (citation omitted)).[3]

---

[3] Although some older Ninth Circuit cases suggested in dicta that the mere *appearance* of a former-client conflict could be sufficient to justify disqualification, they did so based on Canon 9 of the since-abandoned ABA Model *Code* of Professional Responsibility. *See, e.g.*, *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980) (cited at Eolas Supp. Br. 3). The newer ABA Model *Rules* of Professional Responsibility intentionally rejected Canon 9's much-criticized "appearance of impropriety" standard. *See Edwards v. 360° Commc'ns*, 189 F.R.D. 433, 437–38

Eolas finds *Openwave Systems* and *LeapFrog Enterprises, Inc. v. Epik Learning, LLC*, No. 16-CV-04269-EDL, 2017 WL 2986604 (N.D. Cal. Feb. 23, 2017), to be "instructive," but the courts there merely concluded that the substantial relationship test was met on the distinct facts of each case. *See Jessen*, 3 Cal. Rptr. 3d at 888 (observing that the substantial relationship test can be "only generally stated and must be applied to individual cases by the exercise of the court's considered judgment based in reason, logic and common sense"). In *Openwave Systems*, the conflicted law firm, Fish & Richardson, had previously been hired by Openwave to oppose a Motorola patent application that threatened Openwave's intellectual property. *See* 2010 WL 1687825, at *4. In the later representation, it appeared likely that Fish & Richardson would use the since-granted Motorola patent to *attack* the validity of one of Openwave's patents. *See id.* The firm had thus switched sides on almost the exact same issue. By contrast, Latham never did *any* patent prosecution, enforcement, or defense work for Eolas. (Resp. 5–8.)

*LeapFrog Enterprises* is even further afield. The conflicted firm there, Cooley, had represented its former client for "over twenty years." 2017 WL 2986604, at *12. And during that time it had repeatedly "represented [the former client] in trademark litigation that involved the legal issues presented in this case, namely trademark validity, priority, and likelihood of confusion," and had also "participated in settlement discussions on [the former client's] behalf in trademark matters and entered into confidential settlement agreements." *Id.* at *9. By contrast, again, Latham never represented Eolas in any patent litigation ever.

Amazon agrees that, under the substantial relationship test, the question "is not what information [Latham] lawyers minimally would have needed to carry out their assignment *in theory*, but what information would normally have been imparted to them under the facts of the *actual* lawyer-client relationship." (Eolas Supp. Br. 7 (quoting *Openwave Systems*, 2010 WL

---

(D. Nev. 1999) ("The appearance of impropriety position extolled in *Trone* has been specifically discredited by the new ABA Model Rules."). As more recent California case law makes clear, "an appearance of impropriety . . . is not a sufficient ground for disqualification of an attorney." *Oaks Mgmt. Corp. v. Superior Court*, 51 Cal. Rptr. 3d 561, 574 (Ct. App. 2006).

1687825, at *4).)[4]  But Eolas continues to misconstrue "the *actual* lawyer-client relationship" at issue here.  Amazon's Texas briefing explains in great detail why Eolas's gross generalizations about the prior relationship have no basis in fact.  (Resp. 3–8, 16–22; Sur-Reply 6–9.)  And, again, Eolas's supplemental brief offers nothing new in way of response.  Nonetheless, three key points bear repeating:

First, Latham's representation of Eolas was far from "all encompassing."  (Eolas Supp. Br. 8.)  Latham worked on a small number of discrete matters for Eolas, billing a total of only 683.4 hours over the course of five years—almost half of which was billed by *non*-lawyers.  (Resp. 5.)  Most importantly, Latham *never* represented Eolas in any patent prosecution or patent litigation matters.  (*Id.*)  In other words, Latham's supposedly "all encompassing" representation did not encompass the type of legal work that could actually be relevant to this case.

Second, Latham did *not* represent Eolas in "a defense to challenges to the '906's ownership, validity, enforceability, prosecution history and value in an arbitration proceeding."  (Eolas Supp. Br. 5; *see id.* at 6 (claiming Latham "defended" the '906 patent).)  As Amazon explained in its Response (at 20), the actual claims by Baker & McKenzie in that arbitration were set forth in its pleadings, which Amazon submitted to the Texas court and which Eolas has studiously ignored.  (*See* Resp. Ex. C-1, ECF No. 291-29.)  Baker & McKenzie did not challenge the ownership, prosecution history, or validity of the '906 patent.  Baker & McKenzie did contend that certain contracts had given it a right to practice the '906 patent, but whether Baker & McKenzie had a right to practice the patent under specific contracts 15 years ago has no relevance to this case and does not make the matters substantially related.  In any event, Latham cannot be disqualified based on the Baker & McKenzie arbitration because the Latham attorney

---

[4] As in its Texas filings (*see, e.g.*, Reply 2), Eolas continues to conflate two distinct disqualification inquiries (*see* Eolas Supp. Br. 8).  The fact that Latham's lawyers deny *actually* receiving relevant confidential information is not "irrelevant" or an attempt to evade the substantial relationship test—it is a defense to Eolas's *alternative* argument that Latham should be disqualified even if there is *not* a substantial relationship on the basis of the *actual* receipt of relevant confidential information.  *See H.F. Ahmanson & Co.*, 280 Cal. Rptr. at 622 (noting that these are alternative bases for disqualification).

in charge (Kevin Murphy) left the firm years ago and Eolas has made no showing that confidential information was exchanged. (*See* Amazon Supp. Br. 9–10.)

Third, the 2003 non-waiver is irrelevant. Eolas claims that Latham's 2003 request for a conflicts waiver regarding patent litigation proves that Latham recognized then the substantial relationship that it now denies. (*See* Eolas Supp. Br. 6.) That is obviously wrong. In 2003, Eolas was a *current* client of Latham's. Under the law of California and many other jurisdictions, a firm cannot act adversely to a *current* client without consent even in a matter that is wholly unrelated. *See Flatt v. Superior Court*, 885 P.2d 950, 955–56 (Cal. 1994). Latham's request for a waiver in 2003 says nothing about whether there is a *former-client* conflict here. Amazon explained this in the Sur-Reply (at 10) and Eolas still has no response.

**3.  Latham Did Not Obtain Confidential Information.** Eolas concedes that "California's rule" regarding the actual disclosure of client confidences "operates identically to the corresponding Fifth Circuit rule." (Eolas Supp. Br. 6.) Yet, as before, Eolas's discussion of that fallback argument is wholly conclusory and insufficient to satisfy that rule. (*See* Resp. 22–24; Sur-Reply 9–10.) Eolas notes that Amazon "devotes nearly 200 paragraphs of its Counter-Claim to allegations of inequitable conduct during prosecution and reexamination of the '906." (Eolas Supp. Br. 5.) But Eolas fails to acknowledge that those are the same allegations Amazon pleaded in the prior Eolas-Amazon case—in which Latham played no role. (Resp. 24 n.9.) Eolas's continued insinuation that the inequitable conduct allegations are based on confidential information Latham acquired from its past representation of Eolas is manifestly false.

**4.  Latham Cannot Be Disqualified Based On The 1998 Pitch.** Amazon has consistently maintained that Latham cannot be disqualified based on the 1998 pitch because an express condition of Latham's participation—to which Eolas assented—was that Eolas not seek Latham's disqualification from any matter based on the pitch. (Resp. 22; Sur-Reply 6; Amazon Supp. Br. 8–9.) Eolas has never made a counterargument. Not in its Motion; not in its Reply; not in its Supplemental Brief. That silence is a concession. *See, e.g.*, *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 904 (N.D. Cal. 2016). Any newfound argument from Eolas that it is not bound by the 1998 conflicts waiver has been forfeited.

| | |
|---|---|
| DATED:  August 18, 2017 | Respectfully submitted, |
| | By */s/ Richard G. Frenkel* |
| | DOUGLAS E. LUMISH, Bar No. 183863<br>doug.lumish@lw.com<br>RICHARD G. FRENKEL, Bar No. 204133<br>rick.frenkel@lw.com<br>JEFFREY G. HOMRIG, Bar No. 215890<br>jeff.homrig@lw.com<br>NICHOLAS YU, Bar No. 298768<br>nicholas.yu@latham.com<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Facsimile:  (650) 463-2600 |
| | JOSEPH H. LEE, Bar No. 248046<br>joseph.lee@lw.com<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Telephone: (714) 540-1235<br>Facsimile:  (714) 755-8290 |
| | AMIT MAKKER, Bar No. 280747<br>amit.makker@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: (415) 395-8034<br>Facsimile:  (415) 395-8095 |
| | MELISSA ARBUS SHERRY (pro hac vice)<br>melissa.sherry@lw.com<br>ELANA NIGHTINGALE DAWSON (pro hac vice)<br>elana.nightingaledawson@lw.com<br>GRAHAM E. PHILLIPS (pro hac vice)<br>graham.phillips@lw.com<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, Suite 1000<br>Washington, DC 20004-1304<br>Telephone: (202) 637-2200<br>Facsimile:  (202) 637-2201 |
| | *Counsel for Defendant*<br>*AMAZON.COM, INC.* |