UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM INC,<br><br>　　　　Defendant. | Case No.17-cv-03022-JST<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: ECF No. 253 |

On February 28, 2017, Plaintiff Eolas Technologies Inc. ("Eolas") filed a motion to disqualify Latham & Watkins ("Latham") as counsel for Amazon.com ("Amazon"). ECF No. 253. The Court will deny the motion.[1]

I.   **BACKGROUND**

Between 1998 and 2006, Latham attorneys sought to and ultimately did represent Eolas. The scope of that representation is contested, but Eolas claims that "Latham was privy to all of Eolas' proprietary and confidential information relating to its technology, patents, patent applications, business, litigation and licensing strategies, particularly those relating to the '906" patent, which is the parent to the '507 patent-in-suit. ECF No. 253 at 2.[2] As a result, Eolas argues Latham must be disqualified from representing Amazon in this case because "Amazon's defense is predicated on attacking [the '906,] the very patent that Latham once competed to assert and later

---

[1] The Court finds this motion suitable for disposition without oral argument. Civil L.R. 7–1(b).

[2] The '906 patent was the subject of an earlier lawsuit brought by Eolas against Amazon, Google, and others. ECF No. 291 at 14. Current Latham attorney Doug Lumish (then with Kasowitz, Benson, Torres & Friedman) represented Google, while the law firm Weil, Gotshal & Manges represented Amazon. Id. Google and Amazon prevailed at trial; a jury found all the claims of the '906 patent invalid. Id.

1  defended, and about which Latham has acquired substantial confidential and strategic

2  information." Id.

## II. CHOICE OF LAW

As a preliminary matter, the Court must decide whether Texas or California law governs this motion. This case was originally filed in the Eastern District of Texas, as was the motion to disqualify, but the case was transferred to this district before a decision on the motion issued. Amazon argues that Texas law still governs. Eolas argues that California law applies.

The Court agrees with Amazon that it must apply Texas law when analyzing the motion to disqualify. In Hooper v. Lockheed Martin Corp., 688 F.3d 1037, 1046 (9th Cir. 2012), the Ninth Circuit held that even in a case arising under federal question jurisdiction, when the relevant federal law incorporates state law, the "transferee district court must apply the state [law] that the transferor district court would have applied had the case not been transferred." That principle applies here because federal courts look to state ethical codes in order to decide a motion for disqualification. E.g., In re Cty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000) ("[W]e apply state law in determining matters of disqualification."). When Latham agreed to represent Amazon, this case was pending in the Eastern District of Texas and Latham would have been correct to expect that Texas ethical codes would apply to any motion to disqualify. That same law should apply now because "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." Hooper, 688 F.3d at 1045 (quoting Van Dusen v. Barrack, 376 U.S. 612, 639 (1964)).[3]

Accordingly, the Court applies Texas law to the motion to disqualify.

## III. WAIVER

Next, the Court considers Amazon's argument that Eolas waived its right to seek disqualification. ECF No. 381 at 5. Texas courts have held "[w]aiver of a motion for disqualification of counsel is proper where the delay in moving for a disqualification is for an

---

[3] Eolas's cases, neither of which involved a case that had been transferred from another district, are unpersuasive. ECF No. 380 at 3-4 (citing Advanced Messaging Technologies, Inc. v. EasyLink Services International Corp., 913 F. Supp. 2d 900, 907 (C.D. Cal. 2012); Loop AI Labs Inc v. Gatti, No. 15-CV-00798-HSG, 2016 WL 344874, at *1 (N.D. Cal. Jan. 28, 2016)).

2

extended period of time, or where it is done on the eve of trial." <u>Abney v. Wal-Mart</u>, 984 F. Supp. 526, 530 (E.D. Tex. 1997); <u>see also</u> <u>Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Tr.</u>, No. 4:06-CV-316-Y, 2010 WL 1172947, at *8 (N.D. Tex. Mar. 25, 2010) ("[A] conflict based on the substantial relationship between current and former representation can be waived by the former client's delay for an extended amount of time in asserting the conflict.").[4]

The parties disagree about whether the delay here was "extended" because they disagree about when Eolas discovered that Latham's alleged conflict. Eolas claims that, until January 6, 2017, "<u>nobody at Eolas</u> knew that Latham was representing Amazon." ECF No. 380 at 11 (emphasis in original). Amazon, on the other hand, argues that Eolas knew that Latham represented Amazon a year earlier, by January 2016. ECF No. 381 at 5. The Court concludes that Amazon has the better argument.

First, it seems clear from the record that Eolas did know, at least by November 2016, that Latham represented Amazon. At the November 2, 2016 Markman hearing, which Eolas Chief Technology Officer Michael Doyle and CEO Mark Swords attended, Doug Lumish and Amit Makker were both introduced on the record as attorneys "from Latham Watkins" representing Amazon. ECF No. 320-4. Of course, a delay of two months (from November to January) is less "extended" than a one-year delay, but this fact casts doubt on Eolas's version of events.

In any case, there is also strong evidence that Eolas' lawyers at McKool & Smith ("McKool") knew of the Latham conflict by January 2016. On January 20, 2016, Latham entered notices of appearance on the public docket as Amazon's counsel. ECF Nos. 14-17. Then, in February 2016, Latham asked McKool to confirm that Eolas had no objection to the transfer of files from Weil (counsel for Amazon in the '906 trial) to Latham. McKool responded: "We can confirm that Eolas/UC have no objection to Amazon transferring its Eolas/UC-confidential case files from Weil to Latham." ECF No. 291-8. Eolas claims that "nobody from Eolas was informed that the files were being transferred to Latham." ECF No. 314 at 9. But under Texas law, "an attorney's knowledge or notice that is acquired during the existence of the attorney-client

---

[4] This case is not on the eve of trial, so only the question of extended delay is relevant.

relationship is imputed to the client." Buck v. Palmer, 379 S.W.3d 309, 318–19 (Tex. App. 2010), reversed on other grounds, 381 S.W.3d 525 (Tex. 2012) (relying on attorney's knowledge to find waiver of a motion to disqualify).[5] Therefore, Eolas knew as early as January 2016 that Latham was representing its opponent, Amazon.[6]

More obviously, Eolas knew that it had previously retained Latham, including for work related to the '906 patent. See, e.g., ECF No. 253-1 at 6-8 (Declaration of CTO Michael Doyle). In other words, Eolas had knowledge of both sides of the conflict coin: Latham's prior work for Eolas and its current work for Amazon. And although not necessary to show waiver, Latham also put forward evidence that McKool was aware of Latham's prior relationship with Eolas. Specifically, in 2011 McKool attorney Kevin Burgess defended Doyle in a deposition in which Doyle made the following statements:

> Q. You mentioned you retained Latham & Watkins. What was the subject of their retention?
> A. General legal services.
> Q. Did that relate to patent enforcement?
> A. It related to everything we were doing at the time.

ECF No. 295-1 at 5. This exchange sufficiently informed McKool about the broad scope of Latham's prior work for Eolas.[7]

Based on the evidence above, the Court is convinced that Eolas knew about the Latham conflict for a year before it decided to file this motion to disqualify. And one year qualifies as an extended delay. See Abney, 984 F. Supp. at 530 (finding waiver due to a year-long delay); Zichichi v. Jefferson Ambulatory Surgery Ctr., LLC, No. CIV. A. 07-2774, 2008 WL 2859232, at *6 (E.D. La. July 22, 2008) (same). Eolas cites no case in any of its papers in which a court concluded that a one-year delay was not substantial.

---

[5] Eolas and its expert argue Buck is an "outlier," ECF No. 314 at 10, but cite no case in which a court came to the contrary conclusion.

[6] The Court does not address the argument that Eolas "should have known" of the conflict.

[7] If Latham's work related to "everything" Eolas was doing, including patent enforcement (a fact Latham disputes), McKool would have suspected that Latham was conflicted either under the substantial relationship test, or due to the confidences that Eolas disclosed. ECF No. 314 (describing the two tests).

4

Finally, Amazon would face substantial prejudice from Latham's disqualification. In 2016 – the year during which Eolas knew of the alleged conflict but took no action – Latham billed over 3,400 hours to prepare this matter for trial. ECF No. 291-2 ¶ 37. Although the Court has not yet set a trial date, this expenditure of time and resources weighs in favor of waiver.

## CONCLUSION

The Court concludes that Eolas waived its right to seek disqualification by waiting one year to file this motion after discovering Latham's conflict. The motion to disqualify is denied.

IT IS SO ORDERED.

Dated: August 24, 2017

_____
JON S. TIGAR
United States District Judge