UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC,<br><br>Defendant. | Case No.17-cv-03022-JST<br><br>**ORDER RE: PROSECUTION BAR**<br><br>Re: ECF No. 262<br><br>FILED UNDER SEAL[1] |

Before the Court is Defendant Amazon.com Inc.'s ("Amazon") motion for order to show cause regarding McKool Smith's violation of prosecution bar. ECF No. 262. This Order addresses only one part of that motion: whether the prosecution bar expired on July 22, 2014, or October 20, 2014. The Court concludes that the bar expired on October 20, 2014.

**I.  BACKGROUND**

In 2009, Plaintiff Eolas Technologies Inc. ("Eolas") filed its first case in the Eastern District of Texas against Amazon and others. ECF No. 262 at 6. Before discovery began, the district court issued an order with the following prosecution bar:

> Any person who reviews or otherwise learns the contents of Technical Protected Material produced by another Party may not participate, directly or indirectly, in the prosecution of any patent claims . . . claiming the subject matter disclosed in the Patents-in-Suit from the time of receipt of such information through and

---

[1] The Court places this order provisionally under seal only because the briefs in support of and in opposition to Amazon's motion were filed under seal. The Court will unseal the order on September 11, 2017 unless one or more of the parties demonstrates good cause for the continued sealing of the order. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097 (9th Cir.) (setting "good cause" standard for "materials attached to a discovery motion unrelated to the merits of a case"). Any party attempting to make such a showing should also submit a proposed redacted order or explain why redaction is insufficient to protect the information sought to be sealed.

including one (1) year following the entry of a final non-appealable judgment . . . Id. at 6-7.

The case went to trial in 2012 and the jury returned a verdict in favor of the defendants. Id. Eolas appealed and the Federal Circuit affirmed and entered judgment on July 22, 2013. Id. at 7. Eolas had ninety days to petition for review by the Supreme Court, but allowed that period to expire. Id.

## II.   ANALYSIS

McKool argues that the prosecution bar expired on July 22, 2014, one year after the Federal Circuit entered its order affirming the jury verdict. Amazon claims the bar did not lapse until October 20, 2014, the date on which Eolas's right to petition for a writ of certiorari expired. Only then, Amazon argues, was the Federal Circuit's order a "final non-appealable judgment."

The Court agrees that the Federal Circuit's order was not final until ninety days after its issuance. In both the criminal and civil context, federal courts often construe "final" and "non-appealable" to mean a judgment where all potential for appellate review has been exhausted. E.g., Griffith v. Kentucky, 479 U.S. 314, 321 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."); Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002) (holding that in the context of fees under the Equal Access to Justice Act, "the term 'final judgment' [] refers to the expiration of the time for filing a petition for certiorari in the Supreme Court"). Eolas has not identified any exception to this commonly-held interpretation of a "final non-appealable" order, in the patent or any other context.

Amazon's interpretation also comports with common sense. What if a district court were to issue a prosecution bar that terminated on the date a judgment became final instead of one year later? In that instance, under Eolas' interpretation, a party could engage in otherwise prohibited activity for 89 days, and then file a petition for certiorari.[2] No district court would sanction such a practice. Yet there is no reason to distinguish between that situation and one in which no petition

---

[2] To use a simpler example, under Eolas' construction, if Eolas had filed a petition for certiorari on the ninetieth day after the Federal Circuit entered judgment, that judgment would have been final for 89 days – and then suddenly it wouldn't be.

2

is filed, since in either case what is relevant is the potential continuation of the litigation. And Eolas does not articulate how a district court could craft a rule that would be elastic enough to encompass both situations.

Eolas's other arguments are unpersuasive. First, Eolas emphasizes that the text of the bar refers to the "entry" of an order, not the closing of a "window" for appealing that order. ECF No. 274 at 15-16. But if the key were "entry" of judgment alone, then there would be no need for the qualifying words "final non-appealable." Second, Eolas focuses on Amazon's statements in its discovery responses and motion for summary judgment that suggest Amazon's agreement with the July 2014 cutoff. E.g., ECF No. 118 (motion for summary judgment) ("That bar ended one year after the Federal Circuit's Rule 36 affirmance in July 2014."). But Eolas fails to explain why those statements bind Amazon or the Court under the doctrine of judicial estoppel.[3]

## CONCLUSION

The Court concludes that the prosecution bar expired on October 20, 2014. Pursuant to the Court's August 8, 2017 Order summarizing the last case management conference, the parties must now "meet and confer about next steps including production of documents or in camera review of additional documents by the Court." ECF No. 377. A joint proposed order or competing proposed orders is due by September 15, 2017.

IT IS SO ORDERED.

Dated: September 1, 2017

_____
JON S. TIGAR
United States District Judge

---

[3] Moreover, when the bar expired is not a pure question of fact, as Eolas suggests. ECF No. 274 at 10.

3