Stephanie Adams Ryan, SBN 289548
MCKOOL SMITH, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Tel: (650) 394-1400; Fax: (650) 394-1422
sadamsryan@mckoolsmith.com

Kevin Burgess, TX SBN 24006927
(admitted *Pro Hac Vice*)
John B. Campbell, TX SBN 24036314
(admitted *Pro Hac Vice*)
Craig N. Tolliver, TX SBN 24028049
(admitted *Pro Hac Vice*)
James E. Quigley, TX SBN 24075810
(admitted *Pro Hac Vice*)
MCKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Tel. (512) 692-8700; Fax: (512) 692-8744
kburgess@mckoolsmith.com
jcampbell@mckoolsmith.com
ctolliver@mckoolsmith.com
jquigley@mckoolsmith.com

Attorneys for Plaintiff
Eolas Technologies Incorporated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>            Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>            Defendant. | CASE NO. 3:17-CV-03022-JST<br><br>**EOLAS TECHNOLOGIES INCORPORATED'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER RE: PROSECUTION BAR (ECF NO. 387)**<br><br>**Hearing:**<br>Date:<br>Time:<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

CASE NO. 3:17-CV-03022-JST

**NOTICE OF MOTION AND MOTION – CIVIL L.R. 7-9**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Eolas Technologies Inc. ("Eolas") will and hereby does respectfully move the Court, pursuant to Civil L.R. 7-9, for an order granting Eolas leave to file a motion for reconsideration of the Court's Order Re: Prosecution Bar, entered on September 1, 2017, ECF No. 387. Eolas' motion for reconsideration is attached to this motion.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the proposed order submitted herewith, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this motion, and all matters of which the Court may take judicial notice.

**RELIEF REQUESTED**

Eolas respectfully requests that the Court grant Eolas: (1) leave to file the "MOTION FOR A HEARING ON, AND RECONSIDERATION OF, THE COURT'S ORDER RE: PROSECUTION BAR (ECF NO. 387)"; and (2) an opportunity to present oral argument on the application of the relevant expiration provision.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND BACKGROUND**

On September 1, 2017, the Court issued its Order Re: Prosecution Bar. ECF No. 387 ("Order"). In the Order, the Court concluded that the prosecution bar entered by Judge Davis in a prior litigation between the parties expired on October 20, 2014, rather than on July 22, 2014. *Id.* Eolas respectfully suggests that the Court's Order reflects a manifest failure by the Court to consider material facts and dispositive legal arguments. *See* Civil L.R. 7-9(b)(3).

*First*, the Court's Order did not give meaning to the plain language of the prosecution bar. The prosecution bar expired "one (1) year following the entry of a final non-appealable judgment …." Order at 1-2. The Court's Order acknowledges that "the Federal Circuit … *entered judgment* on July 22, 2013." Order at 2 (emphasis added). In that regard, the Court's Order comports with Federal Rule of Appellate Procedure 36, which provides that the entry of judgment occurs at a specific

moment in time: "[a] judgment is entered when it is noted on the docket." Fed. R. App. 36. When a judgment is entered by noting it on the docket, its finality or appealability may not yet be certain, but any such uncertainty has no effect upon its date of entry. As is pertinent here, the Federal Circuit's judgment was entered when it was noted on the docket on July 22, 2013, regardless of when that judgment became final and non-appealable. Furthermore, one year later—the relevant passage of time under the expiration provision—there was no question that the Federal Circuit's judgment that was entered on July 22, 2013, was the final and non-appealable judgment referenced in the protective order. In concluding that the prosecution bar expired on October 20, 2014, the Court looked to the date the Federal Circuit's judgment became final and non-appealable, rather than the date the judgment was entered, contrary to the plain language of the protective order. The Court effectively construed a materially different prosecution bar—namely, one that expires one year following the date a judgment *becomes* final and non-appealable.

*Second*, the Court's Order includes hypotheticals and legal arguments that the parties had not previously addressed and that Eolas could only now address.[1] *See* Civil L.R. 7-9(b)(1), (2). For example, the Court's hypothetical prosecution bar "that terminated on the date a judgment became final instead of one year later," Order at 2, was not briefed by the parties and is not a reasonable proxy for the prosecution bar at issue here, as it does not include the key timing provision in the protective order (*i.e.*, "one (1) year following the entry of a final non-appealable judgment"). The conclusion the Court draws from its analysis of the hypothetical prosecution bar shows why it should not serve as a basis for interpreting the actual prosecution bar. The Court found that under its hypothetical expiration provision, "what is relevant is the potential continuation of the litigation." Order at 3. But under the expiration provision at issue here, there was no potential continuation of

---

[1] Amazon posited a hypothetical of its own, but it was distinct from the scenario posed by the Court in its Order. Amazon argued that under Eolas' interpretation of the actual prosecution bar, "barred counsel could participate in the prosecution of related patents for eighty-nine days, and then on the ninetieth day, file a petition for writ of certiorari." ECF No. 262 at 17. This was incorrect, as Eolas explained in response, because under the one-year sunset provision, there was no scenario in which "barred counsel" could participate in prosecution for 89 days, as Amazon suggested. ECF No. 274 at 13-14. The Court's hypothetical, on the other hand, posits a prosecution bar that is materially different than the actual prosecution bar in that the Court's hypothetical prosecution bar does not contain the "one year following entry" timing provision. Order at 2-3. Neither Eolas nor Amazon addressed such a hypothetical bar in their briefing.

-2-
Case No. 3:17-cv-03022-JST

the litigation. In July 2014, one year following the entry of the Federal Circuit's judgment, litigation was complete and there was no possibility that it would continue. Two judgments had been entered in the case—one by Judge Davis and one by the Federal Circuit—and there would never be another. The Federal Circuit's judgment, entered on July 22, 2013, was final and non-appealable; Judge Davis' judgment, entered on July 19, 2012, was not.

*Third*, the Court improperly dismissed Eolas' arguments based on the prosecution bar expiring "one year following *the entry* of a final non-appealable judgment," finding that Eolas' interpretation reads "final non-appealable" out of the bar. Order at 3 (emphasis added). Eolas respectfully suggests that the Court's conclusion that "if the key were 'entry' of judgment alone, then there would be no need for the qualifying words 'final non-appealable,'" Order at 3, is in error. In July 2014, two judgments had been entered in the case: one by Judge Davis on July 19, 2012, and another by the Federal Circuit on July 22, 2013. The "final non-appealable" qualifier in the expiration provision, therefore, was necessary to distinguish between those two judgments, by specifying that the one-year expiration period is measured from the entry of the Federal Circuit's final non-appealable judgment, not the entry of the district court's judgment.

Eolas respectfully suggests that its interpretation gives meaning to all of the words in the prosecution bar but that the Court's interpretation reads out "the entry of." The Court's Order does not reconcile its conclusion that the bar expired on October 20, 2014, with the facts that (1) the Federal Circuit's judgment was entered on July 22, 2013, and (2) no judgments or orders were entered on October 20, 2013.

*Fourth,* the Court relied on *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987), and *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002), in concluding that the Federal Circuit's Rule 36 judgment *became final* when "all potential for appellate review ha[d] been exhausted." Order at 2. In *Al-Harbi*, the Ninth Circuit found that the statutory language at issue in that case permitted "more than one plausible interpretation of 'final judgment.'" *Al-Harbi*, 284 F.3d 1082-83. The prosecution bar, in contrast, avoids such ambiguity by linking the one-year expiration provision to the date that the relevant judgment—here, the Federal Circuit's Rule 36 judgment—was *entered*, rather than the

date that the relevant judgment *became final*. However, should the Court continue to disagree with Eolas, given the ambiguity inherent in determining when a judgment becomes final, Eolas respectfully suggests that the Court look to the way in which the parties have consistently interpreted the expiration provision.

Eolas has always understood the bar to have expired in July 2014, and stated as much in response to Amazon's request for admission. ECF No. 274-6 at 47. Google (who joined this motion shortly after the Court issued its Order[2]) understood the prosecution bar in the same way, stating in support of its summary judgment argument that "we do know that the August 2014 amendment occurred just one month after the Prosecution Bar in the prior case expired (using the Federal Circuit's July 22, 2013 affirmance as the non-appealable final judgment) that otherwise prevented Eolas' litigation counsel from participating in the prosecution." ECF No. 119 at 3. And Amazon shared Eolas' and Google's understanding of the prosecution bar, stating in summary judgment briefing that the "bar ended one year after the Federal Circuit's Rule 36 affirmance in July 2014." Order at 3; ECF No. 118 at 2. Given that Eolas, Amazon, and Google (1) proposed the agreed language of the prosecution bar to Judge Davis and (2) understood the expiration provision of the prosecution bar in the same way, Eolas respectfully suggests that the Court should resolve any ambiguity by adopting the parties' uniform understanding.

For these reasons, and those stated in Eolas's accompanying Motion for Reconsideration, Eolas respectfully moves for leave to file its "MOTION FOR A HEARING ON, AND RECONSIDERATION OF, THE COURT'S ORDER RE: PROSECUTION BAR (ECF NO. 387)." Eolas respectfully requests that, in the process of its reconsideration, the Court grant Eolas an opportunity to present oral argument on the application of the relevant expiration provision.

## II.  LEGAL AUTHORITY

"[C]ourts have complete discretion to modify interim orders at any time before final judgment for any appropriate reason." *Golden Gate Autobon Soc'y, Inc. v. U.S. Army Corps of Eng'rs*, 732 F. Supp. 1014, 1023 (N.D. Cal. 1989). Before final judgment, "… any party may make a

---

[2] *See Eolas Techs. Inc. v. Google Inc.*, No. 3:17-cv-1138-JST, ECF No. 99 (filed Sept. 8, 2017).

-4-
Case No. 3:17-cv-03022-JST

motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b)." Civil L.R. 7-9(a). Civil L.R. 7-9(b) states:

> The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b)(3).

## III.    ARGUMENT

### A.    Eolas Has Been Diligent.

The Court entered its Order on September 1, 2017. Eolas brings this motion for leave less than two weeks later.

### B.    The Court's Order Represents a Manifest Failure to Consider Certain Material Facts and Evidence.

As discussed in the Introduction and Background, Part I *supra*, Eolas respectfully suggests that the Court's Order reflects a manifest failure by the Court to consider material facts and dispositive legal arguments, *see* Civil L.R. 7-9(b)(3).

## IV.    CONCLUSION

As explained above, the Court's Order represents a manifest failure by the Court to consider certain material facts and evidence that were presented to it before it entered the Order. The Court should therefore grant Eolas leave to file its "MOTION FOR A HEARING ON, AND RECONSIDERATION OF, THE COURT'S ORDER RE: PROSECUTION BAR (ECF NO. 387)" so that Eolas may fully brief the Court on these issues.

McKool Smith, P.C.
Austin, TX

| | | |
|---|---|---|
| 1 | DATED: September 14, 2017 | Respectfully submitted, |
| 2 | | MCKOOL SMITH P.C. |
| 3 | | By */s/ Kevin L. Burgess* |
| | | Stephanie Adams Ryan, SBN 289548 |
| 4 | | sadamsryan@mckoolsmith.com |
| | | MCKOOL SMITH, P.C. |
| 5 | | 255 Shoreline Drive, Suite 510 |
| | | Redwood Shores, California 94065 |
| 6 | | Tel: (650) 394-1400; Fax: (650) 394-1422 |
| 7 | | Kevin L. Burgess (admitted *Pro Hac Vice*) |
| | | Texas State Bar No. 24006927 |
| 8 | | kburgess@McKoolSmith.com |
| | | John B. Campbell (admitted *Pro Hac Vice*) |
| 9 | | Texas State Bar No. 24036314 |
| | | jcampbell@McKoolSmith.com |
| 10 | | Craig N. Tolliver (admitted *Pro Hac Vice*) |
| | | Texas State Bar No. 24028049 |
| 11 | | ctolliver@mckoolsmith.com |
| | | James E. Quigley (admitted *Pro Hac Vice*) |
| 12 | | Texas State Bar No. 24075810 |
| | | jquigley@McKoolSmith.com |
| 13 | | MCKOOL SMITH, P.C. |
| | | 300 W. 6th Street Suite 1700 |
| 14 | | Austin, TX 78701 |
| | | Telephone: (512) 692-8700 |
| 15 | | Telecopier: (512) 692-8744 |
| 16 | | **ATTORNEYS FOR** |
| | | **EOLAS TECHNOLOGIES INCORPORATED** |

MCKOOL SMITH, P.C.
AUSTIN, TX

Case No. 3:17-cv-03022-JST

-6-