UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM INC,<br><br>    Defendant. | Case No.17-cv-03022-JST   (JSC)<br><br>**ORDER RE: *IN CAMERA* REVIEW FOR VIOLATION OF PATENT PROSECUTION BAR** |

    The Court has completed its review of Plaintiff Eolas Technologies Inc.'s *in camera* production. The district court ordered the production in response to Defendant Amazon System Inc.'s order to show cause regarding McKool Smith's (Eolas's counsel) alleged violation of the patent prosecution bar imposed in the parties' earlier filed action in the Eastern District of Texas. *See Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446 LED, Dkt. No. 423 (E.D. Tex. Sept. 28, 2010)(filed here at Dkt. No. 262-2). The district court then referred the dispute to the undersigned magistrate judge. The Court sets a hearing on the matter for February 1, 2018 at 9:00 a.m. in Courtroom F, 450 Golden Gate Ave. San Francisco, California. The Court also orders the following:

    First, the vast majority of documents in Eolas's production are not privileged. Eolas has inexplicably claimed attorney-client and/or work-product privilege over a plethora of non-confidential public documents from the parties' earlier action in the Eastern District of Texas

simply because these documents were attached to an email which it contends is privileged. The attorney-client privilege protects from discovery "*confidential* communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (emphasis added). Similarly, the attorney work-product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. United States Dist. Court for the Dist. Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989). Accordingly, on or before January 18, 2018, Eolas shall produce these non-confidential attachments and produce an updated privilege log, or file a brief explaining how it can claim attorney-client or work-product privilege over publicly filed briefs (*see e.g.*, Privilege log entries 25, 26, 27, 28, 74-77, 136-139, 319, 320, 329, 330, 332, 333, 342, 343); trial transcripts (*see e.g.*, Privilege log entries 294, 296, 308, 312-317, 322-327, 335-340); expert reports exchanged in the prior action between the same parties to this action (*see e.g.*, Privilege log entries 30, 36, 55, 78, 83, 100, 104, 140, 145, 181, 198, 214); and claim charts from the prior action (*see e.g.*, Privilege log entries 38-51, 83-98, 147-160, 167, 168-180, 184-197, 200-213).

Second, Eolas concedes that the privilege log it provided the Court differs from the privilege log Eolas previously served and which Amazon heavily relied upon in its order to show cause, and that the current log excludes certain documents which Amazon relied on as a basis for its order to show cause. On or before January 18, 2018, Eolas shall submit to the Court for *in camera* review any documents which it has omitted from its recent log and its *in camera* production from the January 1, 2014-July 22, 2014 timeframe which would include EOLASPRIV-CK00328 through EOLASPRIV-CK00421. (Dkt. Nos. 262-10 at 33, 262-20 at 33.)

Finally, at the February 1, 2018 hearing, the parties should be prepared to discuss Eolas's document production, Eolas's assertion of privilege, and the alleged violation of the patent prosecution bar. Eolas shall be prepared to respond to questions regarding particular communications and thus shall have a paper or electronic version of its production with it at the hearing. In addition, both sides shall be prepared to discuss the possible remedy if the Court were to conclude that there was a violation of the patent prosecution bar for the pre-July 22, 2014 time

period, post-July 22, 2014 time period, or both.

**IT IS SO ORDERED.**

Dated: December 21, 2017

                                                                                                  _____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge