DOUGLAS E. LUMISH, Bar No. 183863
doug.lumish@lw.com
RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
JEFFREY G. HOMRIG, Bar No. 215890
Jeff.homrig@lw.com
NICHOLAS YU, Bar No. 298769
nicholas.yu@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: 650.328.4600
Fax: 650.463.2600
Counsel for Defendant
AMAZON.COM, INC.
[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>                 Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.,<br><br>                 Defendant. | Case No: 3:17-cv-03022-JST(JSC)<br><br>**AMAZON'S STATEMENT OF OBJECTION TO POTENTIAL PREMATURE CONSIDERATION OF MERITS** |

In the Court's December 21, 2017 Order re: *In Camera* Review for Violation of Patent Prosecution Bar (Dkt. # 414), the Court requires that the parties appear on February 1, 2018[1] and be prepared to "discuss the possible remedy if the Court were to conclude that there was a violation of the patent prosecution bar for the pre-July 22, 2014 time period, post-July 22, 2014 time period, or both." Amazon will, of course, be prepared to discuss these issues in general, but notes that Judge Tigar's September 27, 2017 Order Re Alleged Prosecution Bar Violation (Dkt. # 403) sets forth a schedule for discovery commencing after the resolution of the production and privilege disputes currently before the Court, and only after that discovery is complete orders that "the parties will file a proposed briefing and hearing schedule (or if necessary, competing schedules) for briefing remedies, including dismissal and/or judgment." (*Id.* at ¶10.) Accordingly, Amazon respectfully provides notice it objects to the extent that the Court intends to reach the merits of Amazon's pending motion regarding Eolas's violation of the prosecution bar before Amazon has seen unredacted versions of the documents produced *in camera*, taken the Court ordered discovery, and submitted briefing on remedies.

As Amazon has previously pointed out, Amazon has never seen the documents Eolas produced *in camera*. And even after Eolas complies with the Court's order requiring production of many of the *in camera* documents, Amazon will likely still not have seen the most critical *in camera* documents. Further, because of the existence of the dispute over whether Eolas must produce unredacted copies of the *in camera* documents to Amazon, Amazon has not been able to take the discovery that Judge Tigar ordered. (*See,* Dkt. 403 at ¶¶ 4–11.) As a result, ruling on the merits of the underlying dispute *before* Amazon has seen the documents and *before* Amazon has taken the ordered discovery could seriously prejudice Amazon.

Amazon's objection to any potential premature ruling on the merits is further supported by Ninth Circuit law, which cautions against reliance on *in camera*, *ex parte* evidence in adjudicating the merits. As Judge Koh noted in remanding part of Magistrate Grewal's sanctions order in *Apple,*

---

[1] Counsel for Amazon has a conflicting hearing on February 1 and has reached out to counsel for Eolas to request that the parties jointly propose that the Court reschedule the hearing for the preceding week—January 25.

*Inc. v. Samsung Elecs. Co.,* Case No. 11-cv-01846-LHK(PSG), 2014 WL 4684842, at *7 (Sept. 19, 2014), the Ninth Circuit has long held that while courts may use *in camera* review to make determinations concerning scope of privilege, courts should not rely on materials produced only *in camera* in reaching the merits of a dispute. "While approving *in camera* review for resolving disputes over *access* to documents, the Ninth Circuit has cautioned against using such procedures to resolve issues on the merits." *Id.* (emphasis in original). Judge Koh went on to quote the Ninth Circuit in *Meridian Int'l Logistics, Inc. v. United States*, as follows: "'[T]his court has generally recognized the capacity of a district judge to fashion and guide the procedures to be followed in cases before him,' [but] 'in our judicial system adversary proceedings are the norm and *ex parte* proceedings the exception.'" *Id.* (quoting, *Meridian Int'l Logistics, Inc. v. United States* 939 F.2d 740, 745 (9th Cir. 1991)). The rule eschewing reliance on *ex parte* evidence, like an *in camera* review, to reach the merits of a dispute is widely followed.[2]

Therefore, Amazon respectfully provides notice that it objects to the extent that the Court intends to reach the merits of the underlying dispute before Amazon has been given an opportunity to review critical documents, take necessary discovery, and submit briefing on remedies.

---

[2] *See*, *e.g.*, *Lynn v. Regents of the Univ. of Cal.*, 656 F.2d 1337, 1346 (9th Cir 1981) ("The receipt and review by the district court of the tenure review file for the purpose of assisting it to make factual determinations or to evaluate other evidence violated principles of due process upon which our judicial system depends to resolve disputes fairly and accurately."); *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996) ("Although a judge freely may use *in camera*, *ex parte* examination of evidence to prevent the discovery or use of evidence, consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in camera* resolution of the dispute."); *Abourezk v. Reagan*, 785 F.2d 1043, 1060–61 (D.C. Cir. 1986) ("We note our grave concern about the district court's heavy reliance upon *in camera ex parte* evidence when it granted the defendants' motion for summary judgment … It is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court judgment … Exceptions to the main rule are both few and tightly contained. Most notably, inspection of materials by a judge isolated in chambers may occur when a party seeks *to prevent use* of the materials in the litigation … If the court finds that the claimed privilege does not apply, then the other side must be given access to the information; if the court's finding is that the privilege does apply, then the court may not rely upon the information in reaching its judgment."); *Ibrahim v. Dep't of Homeland Sec.*, No. 06-cv-00545-WHA, 2012 WL 6652362, at *3 (N.D. Cal. Dec. 20, 2012) ("[T]he judge may receive *ex parte* secret communications for deciding ancillary matters, such as discovery privilege, but only in the rarest of circumstances should the judge do so to resolve or to end a case.").

| | |
|---|---|
| 1 | DATED:  January 8, 2018 |

Respectfully submitted,

By  /s/ Richard G. Frenkel

DOUGLAS E. LUMISH, Bar No. 183863
doug.lumish@lw.com
RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
JEFFREY G. HOMRIG, Bar No. 215890
jeff.homrig@lw.com
NICHOLAS YU, Bar No. 298768
nicholas.yu@latham.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile:  (650) 463-2600

JOSEPH H. LEE, Bar No. 248046
joseph.lee@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Facsimile:  (714) 755-8290

AMIT MAKKER, Bar No. 280747
amit.makker@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8034
Facsimile:  (415) 395-8095

MELISSA ARBUS SHERRY (pro hac vice)
melissa.sherry@lw.com
ELANA NIGHTINGALE DAWSON (pro hac vice)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

JENNIFER H. DOAN (pro hac vice)
jdoan@haltomdoan.com
JOSHUA R. THANE (pro hac vice)
jthane@haltomdoan.com
J. RANDY ROESER(pro hac vice)
rroeser@haltomdoan.com
HALTOM & DOAN
6500 Summerhill Road, Suite 1000
Texarkana, TX 75503
Telephone: (903) 255-1000

1                          Facsimile:  (903) 255-0800

2                          GRANT KINSEL, Bar No. 172407
                           gkinsel@perkinscoie.com
3                          PERKINS COIE, LLP
                           1203 3rd Street, 39th Floor
4                          Seattle, WA 98112
                           Telephone: (206)-395-316
5                          Facsimile: (206) 359-9000

6                          *Counsel for Defendant*
                           *AMAZON.COM, INC.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28