Stephanie Adams Ryan, SBN 289548
MCKOOL SMITH, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Tel: (650) 394-1400; Fax: (650) 394-1422
sadamsryan@mckoolsmith.com

Mike McKool, TX SBN 13732100
(admitted *Pro Hac Vice*)
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: (214) 978-4000; Fax: (214) 978-4044
mmckool@mckoolsmith.com

Kevin Burgess, TX SBN 24006927
(admitted *Pro Hac Vice*)
John B. Campbell, TX SBN 24036314
(admitted *Pro Hac Vice*)
Craig N. Tolliver, TX SBN 24028049
(admitted *Pro Hac Vice*)
James E. Quigley, TX SBN 24075810
(admitted *Pro Hac Vice*)
MCKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Tel: (512) 692-8700; Fax: (512) 692-8744
kburgess@mckoolsmith.com
jcampbell@mckoolsmith.com
ctolliver@mckoolsmith.com
jquigley@mckoolsmith.com

Attorneys for Plaintiff
Eolas Technologies Incorporated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. 3:17-CV-03022-JST-JSC<br><br>**EOLAS'S RESPONSIVE BRIEF PURSUANT TO ECF NO. 414** |

McKOOL SMITH, P.C.
AUSTIN, TX

In its Order of December 21, 2017, the Court invited Eolas to "file a brief explaining how it can claim attorney-client or work-product privilege over publicly filed" briefs, trial transcripts, expert reports, and claim charts from the prior action. ECF No. 414 ("Order") at 2. The documents referenced in the Court's Order are not in and of themselves protected. They are non-confidential litigation materials from the prior case between Eolas and Amazon that Eolas's counsel selected and attached to attorney-client privileged email communications. The materials underlying the attached documents have not been withheld as privileged. Each of the documents identified by the Court (or the materials underlying those documents) has been produced by Eolas to Amazon in this case. Amazon also had access to them in a prior case.

Eolas did not intend its privilege log to suggest that the documents the Court identified are, in and of themselves, attorney-client privileged or subject to work product protection. Instead, consistent with authority from this District and other courts, Eolas's counsel's selection and attachment of particular documents from the untold number of case documents to attorney-client privileged communications is entitled to protection, because the selection of those particular documents reveals its counsel's mental impressions as well as the substance of the communications.

The Court's Order also references differences between (1) the privilege log Eolas recently served pursuant to Judge Tigar's Order (ECF No. 403) on certain targeted issues ("Targeted Log"), and (2) the privilege log Eolas previously served in response to a third-party discovery request to Eolas's prosecution counsel Charles Krueger ("Original Log"). ECF No. 414 at 2. The two logs are different because they respectively accompanied two document collections that were different in scope: the document collection that yielded the Original Log was pursuant to a subpoena seeking documents from Eolas's third-party prosecution counsel (*see* ECF No. 413 at 7-8), while the document collection resulting in the Targeted Log was performed in accordance with an Order from Judge Tigar. (*see* ECF No. 403 ¶ 1).

-1-

McKool Smith, P.C.
Austin, TX

McKool Smith, P.C.
Austin, TX

**A.** **Eolas Does Not Claim Protection Over Publicly Filed Documents from Prior Cases, but Instead Claims Protection Over its Counsel's *Selection* of Particular Documents to Include as Attachments to Privileged Communications.**

In its Order, the Court called out a number of documents ("Attachments") appearing on Eolas's Targeted Log as not appearing to be "attorney-client or work-product privilege[d]." Order at 2. The Attachments are non-confidential documents from a prior litigation between Eolas and Amazon (*e.g.*, briefs, trial transcripts, expert reports, and claim charts) that were attached to attorney-client privileged email communications and were characterized as such in Eolas's Targeted Log (*i.e.*, as "Attachment to privileged email"). None of the Attachments are described in Eolas's Targeted Log as individually and separately subject to any privilege (ECF No. 406-1), and Eolas is not asserting, and has not asserted, that the Attachments themselves are privileged or are otherwise immune from production. *See* Order at 2. To the contrary, each of the Attachments (or the source documents underlying them) has been produced by Eolas to Amazon during discovery in this case, and Amazon already had access to them by virtue of its involvement in the prior litigation.

Eolas's counsel[1] selected the Attachments from a myriad of documents related to the prior litigation for inclusion in confidential and attorney-client privileged communications. The docket sheet from the prior *Eolas v. Adobe* case (No. 6:09-cv-446 (E.D. Tex.)) shows 1,436 entries as of August 2013, not including the expert reports, claim charts, and an untold number of pages of discovery materials not filed with the court. Counsel's selection of a handful of individual documents from the voluminous superset of litigation materials for inclusion in privileged attorney-client communications reveals which particular litigation documents Eolas's counsel focused on or otherwise considered noteworthy. Given that Amazon already possesses the Attachments (or the source documents underlying them) called out in the Court's Order, if Eolas were to produce the

---

[1] There are multiple attorneys referenced in Eolas's privilege logs, including Eolas in-house counsel James Stetson and Mark Swords, Eolas patent prosecution counsel Charles Krueger and Adam Masia, and McKool Smith counsel.

Case No. 3:17-cv-03022-JST-JSC

1347186

Attachments here, Amazon would gain only one piece of new information: which litigation documents were selected by Eolas's counsel and attached to attorney-client privileged communications.

Amazon is not entitled to know what documents Eolas's counsel selected, nor should it know what Eolas discussed with its counsel. Courts in this and other districts have held in similar circumstances that counsel's selection of particular documents is entitled to work product protection, regardless of whether the individual documents themselves are separately subject to protection. The seminal case is *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985), which has been interpreted by the Northern District of California as holding that "the selection and compilation of certain documents out of the thousands of documents in a case was protected by the work product privilege" because "such grouping represented counsels' strategy and showed mental impressions and legal opinions." *United States v. 2366 San Pablo Ave.*, 2014 U.S. Dist. LEXIS 93549, at *6 (N.D. Cal. July 9, 2014) (citing *Sporck*).

In *Shionogi & Co., Ltd v. Intermune Inc.*, 2012 U.S. Dist. LEXIS 173452 (N.D. Cal. Dec. 5, 2012), the court relied on *Sporck* to protect from discovery English language translations of foreign documents that were prepared at the direction of counsel. The translations were exempt from discovery as work product because "they would reveal the results of a culling process with multiple levels" whereby attorneys selected particular documents for translation. *Id.* at *3. "[P]roduction of the subset of documents selected for translation *would reveal which documents Plaintiff's attorneys selected as most important to the litigation*." *Id.* at *4 (emphasis added). The same principle applies in the Eastern District of Texas, the court that issued the disputed protective order and where this case was originally pending. *See Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, 2017 U.S. Dist. LEXIS 186655, at *13 (E.D. Tex. June 29, 2017) ("[T]he Court agrees the production of the translated documents would reveal the mental impressions of the defense team regarding documents

-3-

of potential significance."); *see also Datatreasury Corp. v. Wells Fargo & Co.*, 2009 U.S. Dist. LEXIS 136678, at *168 (E.D. Tex. Nov. 13, 2009) (denying early identification of documents a party intended for use at trial because, until such disclosures were due shortly before trial, "identification of likely trial documents is subject to work product protection" under *Sporck*).

The *2366 San Pablo* case is instructive. In that case, the Northern District of California rejected application of *Sporck* and required a response to a discovery request seeking "production of the underlying documents on which [claimaint's] affirmative defenses are based." 2014 U.S. Dist. LEXIS 93549, at *6. Importantly, the Court distinguished *Sporck* because, in *Sporck*, the "documents had *previously been produced*; at issue was the *select grouping counsel had compiled* in preparation for a deposition." *Id.* (emphases added). In contrast, the movant in *2366 San Pablo* sought all documents relevant to affirmative defenses, and did "not seek to discover BPG's selective grouping of certain documents together." *Id.* at *7; *see also Waymo LLC v. Uber Techs*., Inc., 2017 U.S. Dist. LEXIS 88411, at *45 (N.D. Cal. June 5, 2017) (rejecting application of *Sporck* where "neither the Court nor [opposing party] has access to all of the documents [the expert] reviewed" as part of the allegedly work-product report, such that "producing these pre-existing documents will not reveal [expert's] strategies or opinions").[2]

Here, as in *Sporck*, the subject documents have been produced, and at issue is counsel's particular selection of a subset of those documents from a much larger collection. Eolas should not be forced to reveal to Amazon the specific, individual documents chosen by its counsel, because identifying the selected documents would reveal, *inter alia*, the protected mental impressions of Eolas's counsel. *2366 San Pablo*, 2014 U.S. Dist. LEXIS 93549, at *6.

---

[2] It has yet to be resolved whether Ninth Circuit or Fifth Circuit law applies to the resolution of Eolas's privilege claims. However, given that both circuits follow *Sporck,* for this particular question the outcome is the same: counsel's selection of documents from a superset of documents is entitled to work product protection, where, as here, the other party had access to the documents in question.

Case No. 3:17-cv-03022-JST-JSC

1347186

**B.      Eolas's Original Log and Targeted Log Concerned Different Persons, Were Governed by Different Requirements, and Accordingly Differed in Scope.**

The Court notes in its Order that "the privilege log [Eolas] provided the Court differs from the privilege log Eolas previously served," and ordered Eolas to produce documents "omitted from its recent log." Order at 2. The reason for the difference is that the two logs were responsive to different inquiries. Eolas created the Original Log in connection with Amazon's motion to compel documents from a third-party, Eolas's prosecution counsel, Charles Krueger. In response to that motion, Mr. Krueger gathered responsive emails related to "Eolas's family of patents stemming from U.S. Application No. 08/324,443," and Eolas created the Original Log to list privileged documents that were withheld from that production. 3:16-MC-80266-JSC, ECF No. 18-4, ¶¶ 7-10; *see also* ECF No. 413 at 7-8 (describing the Third-Party Log in additional detail).

The Targeted Log differs from the Original Log because the Targeted Log was created in accordance with Judge Tigar's Order, which differed in scope from the subpoena Amazon served on Mr. Krueger. Judge Tigar's Order required Eolas to "complete production of all documents, including but not limited to email, involving any Eolas representatives or agents bound by the prosecution bar related directly or indirectly to the prosecution of the application leading to the '507 patent." ECF No. 403 ¶ 1.

The scope of the Targeted Log required by Judge Tigar's Order therefore had two significant limitations when compared to the scope of the Original Log. First, the production ordered by Judge Tigar was limited to documents involving individuals bound by the prosecution bar in the Texas protective order, while the Original Log included communications involving individuals not bound by the prosecution bar (*e.g.*, Mr. Krueger and Eolas's in-house counsel Mr. Swords and Mr. Stetson—none of whom were subject to the prosecution bar). Second, the production ordered by Judge Tigar was further limited to documents related to prosecution of the application leading to the '507 Patent, while the Original Log also included communications unrelated to prosecution of the

McKool Smith, P.C.
Austin, TX

Case No. 3:17-cv-03022-JST-JSC

1347186

application leading to the '507 Patent (*e.g.*, communications related to the prosecution of other Eolas patent applications). *See also* ECF No. 413 at 8-9 (describing the Targeted Log in additional detail). Due to these differences in scope, many documents listed in the Original Log do not appear in the Targeted Log.

To be clear, Eolas did not "omit" any documents within the scope of Judge Tigar's Order from its Targeted Log. Nonetheless, Eolas is contemporaneously providing the documents listed in the Court's Order (*i.e.*, EOLASPRIV-CK00328 through EOLASPRIV-CK00421) to the Court for *in camera* review. ECF No. 414 at 2. Several of the documents in this range did potentially meet the criteria in Judge Tigar's Order (*i.e.*, EOLPRIV-CK00344, EOLPRIV-CK00401-405), and were therefore included in the Targeted Log (*i.e.*, EOLPRIVREV0000255, EOLPRIVREV0000411-12, EOLPRIVREV0000417, EOLPRIVREV0000431-32). The rest of the documents in this range were included in the Original Log, but were not included in the Targeted Log, because they did not meet Judge Tigar's requirements for inclusion—*viz.*, they did not both "involve[e] any Eolas representatives or agents bound by the prosecution bar" and "relate[] directly or indirectly to the prosecution of the application leading to the '507 patent." *See* ECF No. 403 ¶ 1.

### C.   Eolas's Counsel's Discussion at the Hearing Regarding "Particular Communications" Will Be Limited By Its Continuing Requirement to Protect Privilege.

The Court's Order instructed Eolas's counsel to be prepared to "discuss Eolas's document production" and to "respond to questions regarding particular communications." Order at 2. Eolas's counsel will be prepared to address the Court's questions and otherwise respond appropriately in accordance with the Order. However, counsel is mindful of the fact that many of the communications to which the Court refers are subject to attorney-client privilege or work product protection. Eolas—not its counsel—holds those privileges, has not waived them, and has indicated that it will not voluntarily waive any privilege. As such, Eolas's counsel is unable to respond to

Case No. 3:17-cv-03022-JST-JSC

1347186

McKool Smith, P.C.
Austin, TX

1    questions at the hearing that may require it to waive any privilege, but could answer any of the

2    Court's questions regarding privileged materials *in camera*.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith, P.C.
Austin, TX

-7-

DATED: January 25, 2018          Respectfully submitted,

MCKOOL SMITH P.C.

By_____
Stephanie Adams Ryan, SBN 289548
sadamsryan@mckoolsmith.com
MCKOOL SMITH, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Tel: (650) 394-1400; Fax: (650) 394-1422

Mike McKool (admitted *Pro Hac Vice*)
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: (214) 978-4000; Fax: (214) 978-4044

Kevin L. Burgess (admitted *Pro Hac Vice*)
Texas State Bar No. 24006927
kburgess@McKoolSmith.com
John B. Campbell (admitted *Pro Hac Vice*)
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Craig N. Tolliver (admitted *Pro Hac Vice*)
Texas State Bar No. 24028049
ctolliver@mckoolsmith.com
James E. Quigley (admitted *Pro Hac Vice*)
Texas State Bar No. 24075810
jquigley@McKoolSmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR
EOLAS TECHNOLOGIES INCORPORATED**

MCKOOL SMITH, P.C.
AUSTIN, TX

Case No. 3:17-cv-03022-JST-JSC

1347186