[Counsel identified on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant. | Case No. 3:17-cv-01138-JST<br><br>**JOINT STATUS UPDATE REGARDING PROSECUTION BAR DISPUTE** |
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　Defendant. | Case No. 3:17-cv-03022-JST |
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　Defendant. | Case No. 3:17-cv-03023-JST |

Pursuant to the Court's July 16, 2018 Order Requesting Joint Status Update (ECF No. 448),[1] the parties submit this Joint Status Update Regarding Prosecution Bar Dispute to update the Court regarding activities since the parties' appeared in front of Magistrate Judge Corley on April 26, 2018.

I.    **AMAZON AND GOOGLE'S STATEMENT**

   A.    **Summary Of Parties' April 26, 2018 Meet And Confer After Hearing**

Following the Court's guidance at the April 26, 2018 hearing, the parties met and conferred regarding the four categories of documents and discovery that Amazon and Google raised at the hearing. These categories were: (1) the remaining pre-July 22, 2014 documents provided to the Court *in camera*; (2) documents in the possession of McKool Smith; (3) post-July 22, 2014 documents; and (4) additional discovery, including requests for production, interrogatories, requests for admission, and depositions.

The parties discussed each of the above four categories during the meet and confer. Regarding the first category, in light of the Court's guidance on this category, Amazon and Google stated they would brief the issue at a later time as necessary. Regarding the second category, McKool had offered during the hearing that it would produce all pre-July 22, 2014 documents regarding the prosecution of the '507 patent. During the meet and confer, the parties agreed that McKool would also produce documents corresponding to documents already produced by Eolas, but in the possession of McKool (i.e., from the email files of McKool attorneys), as well as any documents about the prosecution bar itself. The parties agreed that McKool would advise Amazon and Google as to when they would be able to produce those documents. Regarding the third category, the parties agreed that Amazon and Google would have to brief the issue to the Court and obtain a Court order requiring production of the documents. In an effort to avoid or minimize the issues in dispute, Amazon and Google agreed to first review the documents produced by Eolas and McKool, complete discovery as to the pre-July 22, 2014 period, and then propose a briefing

---

[1] Citation to docket entries are to the docket of Case No. 3:17-cv-3022-JST unless specified otherwise.

schedule regarding the post-July 22, 2014 period. Regarding the fourth category, the parties agreed that additional discovery was warranted. Amazon and Google were to serve discovery and then the parties would meet and confer as necessary after that.

On May 14, 2018, counsel for Amazon inquired as to when McKool would produce the second category documents as agreed during the meet and confer. Three days later, counsel for Eolas responded stating that they were "working on this and will get back to [Amazon and Google] when [they] ha[d] more concrete information." On May 28, 2018, counsel for Amazon again inquired as to when McKool would produce the agreed-upon materials. Later that day, counsel for Eolas advised that they were finalizing review and would "get the materials out as expediently as possible." On June 12, 2018, counsel for Amazon requested a date certain as to when the documents would be produced. Three days later, attorneys from the Dan Johnson Law Group informed Amazon and Google that they were representing McKool and Eolas, and made appearances in this case.

On June 15, 2018, attorneys from the Dan Johnson Law Group produced documents with a letter that stated that the production included "internal McKool Smith emails—dated May 1, 2012 through July 22, 2014—that [(1)] reference the application that led to U.S. Patent No. 9,195,507, [(2)] the prosecution bar from *Eolas Techs. Inc. v. Adobe Sys. Inc., et al.*, No. 6:09-cv-446-LED (E.D. Tex.), and [(3)] versions of documents previously produced by Eolas but also in the possession of McKool Smith." The letter also stated that the production specifically excluded: (a) emails regarding a June 2012 dispute regarding providing a copy of an expert report from the *Adobe* litigation to the USPTO; and (b) emails related to excluding a pending continuation patent application from dismissals of litigations pending in 2014. The letter did state, however, that such documents could be made available for *in camera* review. The production consisted of 187 individual files, numbered MCKOOLPRIVREV0000001 through MCKOOLPRIVREV0000184, with MCKOOLPRIVREV0000097 and 143 also including native audio files, and MCKOOLPRIVREV0000179 including a native link file to the MCKOOLDMS server, but did not provide access to the linked document.

A number of these documents where produced with redactions. When asked about the basis for these redactions in light of the Court's directions, Robert Litts of Dan Johnson Law Group provided McKool's position that the redactions were proper because the information redacted was "entirely unrelated" to the first two categories (1 and 2) described in the preceding paragraph. Mr. Litts did state, however, that a privilege log could be provided and such documents could be provided to the Court for *in camera* review.

Amazon and Google diligently reviewed the recently produced documents in conjunction with the previously produced documents, and prepared their plans for further discovery.

### B. Discovery Served To Date By Amazon and Google

On August 10, 2018, Amazon served on Eolas a set of thirteen requests for production, with objections, responses, and production requested within thirty days (i.e., by September 10, 2018).[2] Amazon also served individual 30(b)(1) deposition notices for Eolas employees Mark Swords, James Stetson, and Michael Doyle, and asked whether the Dan Johnson Law Group would accept service of subpoenas for depositions of John Campbell, Kevin Burgess, Josh Budwin, and Mike McKool of McKool Smith, and of Charles Krueger. From review of the documents produced, each of these individuals appear to have specific information regarding the involvement of McKool Smith in the prosecution of the '507 patent prior to July 22, 2014. Indeed, the documents produced to date suggest that McKool Smith and Eolas violated the prosecution bar prior to July 22, 2014 during telephonic meetings and potentially others. The depositions of McKool Smith lawyers—all but one of whom participated in these telephonic meetings—are necessary to understand the full scope of these violations. The one McKool Smith lawyer who may not have participated in the meetings but whose deposition is requested, received information requests after the meeting, which may also shed light on the nature and scope of the violations. As to the requested deposition of Eolas's principals, these depositions are necessary too, as these individuals were involved in the telephonic conferences with McKool Smith during which the

---

[2] Amazon and Google understand, pursuant to Magistrate Judge Corley's statements during the April 5, 2018 teleconference, that Judge Tigar's September 27, 2017 order (ECF No. 403) is vacated and does not govern the ongoing discovery for this dispute.

violations occurred. And while Mr. Krueger's deposition has, in fact, been previously taken, it was taken without access to the critical underlying documents that have only now been provided to Amazon and Google. Eolas does not dispute that each of these deponents has relevant personal knowledge. These individually noticed depositions are important—as opposed to a 30(b)(6) deposition—because each individual may have different testimony regarding what, specifically, happened during the key meetings. Further, at least some of the individual witness may have separately engaged in activities that constitute or contribute to violations of the prosecution bar, including activities that individual may have separately undertaken in support of the aforementioned meetings, and questioning them individually is the best way to determine what each individual did. Thus, the individual recollections of what occurred are central to the nature and scope of the violations.

On August 15, 2018, Google also served on Eolas its Requests for Production to join in each of Amazon's requests. Google also served notices of joinder in the Rule 30(b)(1) deposition notices for the same individuals identified by Amazon.

**C.  Proposed Timeline For Completion Of Discovery And Other Disputes**

Amazon and Google propose the following timeline for additional discovery related to this dispute[3]:

- September 10, 2018: Eolas provides objections and responses to requests for production and produces responsive documents.

- September 17, 2018: Parties meet and confer regarding the scope of Eolas's production. Additional documents to be produced by September 24, 2018 or Amazon and Google file any motions or letter briefs to compel.

---

[3] Eolas proposes serving its own discovery on Amazon and Google. Amazon and Google have not been made aware of what kind or scope of discovery Eolas may seek and are not aware of any grounds to allow such discovery. Specifically, there is no reason to believe Amazon or Google documents are relevant to Eolas or McKool's conduct, and no Amazon or Google witnesses are likely to have personal knowledge of Eolas/McKool's actions or documents.

- October 8 – 26, 2018[4]: Depositions of Mark Swords, James Stetson, Michael Doyle, John Campbell, Kevin Burgess, Josh Budwin, Mike McKool, and Charles Krueger.

- November 3, 2018: Amazon and Google serve any additional written discovery.[5]

- November 26, 2018: Eolas and McKool respond to any additional written discovery.

- December 7, 2018: Amazon and Google file any motion regarding any outstanding discovery issues.

- December 21, 2018: Eolas and McKool respond to any motion regarding any outstanding discovery issues.

- January 4, 2018: Amazon and Google file any reply brief for any motion regarding any outstanding discovery issues.

Amazon and Google expect that one outstanding discovery issue to be briefed is their request for discovery regarding post-July 22, 2014 activities undertaken by McKool or Eolas related to the prosecution of the '507 patent and their understanding of the prosecution bar. After the above briefing and discovery has concluded, Amazon and Google respectfully propose that the Court hold a status conference and set a briefing schedule as to the nature, scope, and remedy regarding any violation of the Prosecution Bar.

## II. EOLAS'S STATEMENT

### A. McKool Smith's June 15 Production of Documents

On June 15, 2018, after retaining additional counsel for the prosecution bar issue and agreeing to search its current counsel's email repositories without awaiting any formal discovery requests, Eolas produced documents to Amazon and Google pursuant to its agreement at the April 26, 2018 hearing and the in-person meet and confer that occurred immediately thereafter. Specifically, Eolas agreed to produce pre-July 22, 2014 privileged McKool Smith communications under a limited waiver related to: (1) the application leading to the '507 patent; and (2) expiration of the prosecution bar from the *Eolas v. Adobe* matter. As it had for previous productions where it

---

[4] Dates from here forward assume there is no dispute regarding the scope of production that needs to be resolved.

[5] Contrary to Eolas's contention, the Court's September 27, 2017 Order expressly provided for Defendants to serve additional written discovery "regarding the produced documents and any potential violation of the prosecution bar." Dkt. 403 at 3.

agreed to a limited waiver of privilege in order to resolve the prosecution bar dispute, Eolas conditioned the production such that it was for Amazon and Google only and is to be: (1) treated as RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY; and (2) used for the limited purpose of resolving Amazon's Motion for an Order to Show Cause (Dkt. 262).

On July 6, 2018, over three weeks after receiving Eolas's June 15th production, Google's counsel took issue with what it called "numerous unexplained redactions" in the production and requested that Eolas produce unredacted versions of certain documents included in the production. As a purported basis for its request, Google stated that "McKool Smith has redacted portions of" documents identified in Google's letter, and that Google was "concerned that you have strategically left unredacted statements that you believe are helpful to your case." Google then claimed, without basis, that Eolas was using the attorney-client privilege both as a sword and a shield ("[a]cross all of these documents, it appears there has been a selective decision to leave unredacted statements that Eolas and McKool deem helpful while redacting statements that we believe to be harmful to your case.") Google's assertions appear to be based upon its erroneous speculation that the redactions in the produced documents conceal information that relates to the issues on which Eolas agreed to a limited waiver. Google is simply wrong. As Eolas explained in a July 19, 2018 letter from Robert Litts of Dan Johnson Law Group to David Perlson of Quinn Emanuel, the redactions fall outside of the two categories of privileged communications that Eolas agreed to produce (*i.e.*, communications related to: (1) the application leading to the '507 patent; and (2) expiration of the prosecution bar from the *Eolas v. Adobe* matter).

In Google's July 6 letter, after expressing its purported concern that Eolas had left unredacted portions of the produced documents Eolas believes to be helpful to its case while redacting portions Eolas believes to be unhelpful, Google sought yet again to improperly expand the scope of discovery. In a desperate hope that the redacted portions are more helpful to Google's position than the unredacted portions, Google asserted in its letter the sword/shield doctrine as a basis for seeking production of the redacted portions. Google's reliance on the sword/shield doctrine is misplaced. The sword/shield doctrine has no applicability to this matter because the

redacted portions of the documents do not relate to any claim advanced by Eolas – or any other party – in this matter, and because neither Amazon nor Google requires access to the redacted information to rebut any such claim.

Eolas has cooperated fully with opposing counsel on this matter and has proactively attempted to resolve this diversion as quickly as possible. Continuing this effort, Eolas is willing to submit the documents identified in Amazon's letter for *in camera* review by this Court, and it is also willing to provide privilege logs to counsel for Amazon and Google, as well as to this Court. Eolas respectfully submits that a review of the unredacted documents by this Court will reveal that the redactions remove information that is entirely unrelated to either prosecution of the '507 patent or the prosecution bar from the *Eolas v. Adobe* matter, and that therefore those redactions were proper. For instance, several redactions relate to *issued* patents — not the '507 patent *application* — that had already issued at the time of the communications. Other redactions relate to internal logistics of searching for materials. Neither category of redactions relates to prosecution of the '507 patent or the prosecution bar from the *Eolas v. Adobe* matter.

Google and Amazon have unreasonably exploited Eolas's cooperation to further side-track this litigation. The parties never contemplated production of more than specific documents requested by Amazon and ordered by the Court in September 2017. *See* Dkts. 401-1, 403. Yet now, 10 months later, Amazon and Google continue to demand more documents.[6] The continuing unreasonable expansion of discovery should stop.

### B. Other Discovery Served To Date

Other than Eolas's June 15 document production and the ensuing dispute over the redactions in the produced documents, little else has happened since the April 26, 2018 hearing. Amazon served its first discovery requests with respect to the alleged violation of the prosecution bar in the *Eolas v. Adobe* matter less than a week ago, on August 10, 2018. These discovery requests include deposition notices for Mark Swords, James Stetson, and Michael Doyle, all of

---

[6] To be clear, Eolas's complaints relate to Google's and Amazon's seemingly unending requests for more documents, and not to the proposal for written discovery like requests for admission and interrogatories.

whom are executives at Eolas. The August 10 discovery requests from Amazon also include thirteen requests for the production of documents to Eolas, many of which are overbroad and unduly burdensome, or seek privileged information on topics other than the application leading to the '507 patent or the expiration of the prosecution bar from the *Eolas v. Adobe* matter. Documents related to the application leading to the '507 patent or the expiration of the prosecution bar from the *Eolas v. Adobe* matter have already been diligently searched for and produced. Additionally, on August 10, 2018, Amit Makker of Latham and Watkins asked in an email to counsel from Dan Johnson Law Group whether they would accept service of subpoenas for the depositions of John Campbell, Kevin Burgess, Josh Budwin, and Mike McKool, all attorneys from McKool Smith who are counsel-of-record in this case, as well as for Charles Krueger, a retired patent attorney who was involved in prosecution of the '507 patent.

On August 15, 2018, Google served its first discovery requests, which included a notice of joinder in Amazon's depositions of Mark Swords, James Stetson, and Michael Doyle, as well as an identical duplicate of the thirteen requests for production of documents to Eolas that had been previously served by Amazon on August 10.

While Eolas will object to Amazon's discovery requests separately, they submit that seeking the depositions of three executives at Eolas, four attorneys from McKool Smith who are counsel-of-record in this case, and a retired patent attorney involved in prosecution of the '507 patent is plainly excessive. The Eolas executives and Eolas's retired patent attorney have already been deposed in this case and counsel for Amazon and Google spent considerable time in those depositions trying to make out a violation of the prosecution bar that never occurred. *See* Dkt. 274. Eolas requests that the Court limit the number of depositions on the issue of the alleged violation of the prosecution bar to, at most, to a single Rule 30(b)(6) deposition of Eolas and a single 30(b)(6) deposition of McKool Smith. Amazon and Google admit that they are seeking the same facts regarding telephone conferences from seven different individuals. This is unduly burdensome, and unfounded speculation about individual recollections does not warrant imposing this burden.

As to Mr. Krueger, Amazon and Google fail to identify any lines of questioning that they did not already spend considerable time addressing in the prior deposition of this third party.

### C.  Eolas's Proposed Discovery Schedule

Eolas may serve its own discovery requests, and it proposes the following timeline for additional discovery related to this dispute:

- August 21, 2018: Eolas serves interrogatories, requests for admissions, deposition notices and requests for production of documents.[7]

- September 10, 2018: Eolas provides objections and responses to requests for production and produces responsive documents.

- September 14, 2018:  Amazon and Google provide objections and responses to interrogatories, requests for admissions, deposition notices and requests for production of documents.

- September 17, 2018: Parties[8] meet and confer regarding the scope of Eolas's production.  Additional documents to be produced by September 24, 2018 or Amazon and Google file any motions or letter briefs to compel.

- September 17 – 28, 2018: For Eolas: Rule 30(b)(6) depositions of Eolas and McKool Smith. For Amazon and Google: any noticed depositions of Amazon or Google witnesses or representatives.[9]

- November 3, 2018: All parties serve any additional written discovery.

- December 3, 2018: All parties respond to any additional written discovery.

- December 17, 2018: All parties file any motion regarding any outstanding discovery issues.

---

[7] Eolas anticipates its discovery requests will relate to alleged violations of the prosecution bar already alluded to by Amazon and Google, the contours of the prosecution bar, and other issues related to the prosecution bar such as Amazon's and Google's understanding and representations with respect to the timing of its expiration.

[8] By "parties," Eolas is referring to Eolas Technologies Incorporated, Google LLC, and Amazon.com, Inc., and not Walmart Inc. or any other related entity.

[9] August 15, 2018 was the first time Amazon and Google proposed dates for depositions. It will take time to determine any witness availability. Further, Amazon and Google's proposed October depositions conflict with a trial set in another matter involving two McKool Smith attorneys Amazon and Google seek depositions of, as well as at least two of Amazon's attorneys involved in this matter.

- January 7, 2018: All parties respond to any motion regarding any outstanding discovery issues.

- January 14, 2018: All parties file any reply brief for any motion regarding any outstanding discovery issues.

Eolas agrees with the proposal of Amazon and Google that, after the above briefing and discovery has concluded, the Court hold a status conference and set a briefing schedule as to the nature, scope, and remedy regarding these allegations.

Eolas reiterates that any discovery regarding post-July 22, 2014 activities related to the prosecution of the '507 patent is inappropriate given the understanding of the expiration of the prosecution bar held by *all* parties, including Amazon and Google. *See* Dkts. 274, 399, 413. Further, the issue of discoverability of post-July 22nd documents should be taken up now, not in six or more months as Amazon and Google suggest. Despite their prior suggestion that they would seek resolution of this issue promptly, this statement is the first time Amazon or Google has suggested delaying the briefing on the issue. At the April 26, 2018 meet and confer in the lawyers' lounge, Amazon and Google told Eolas they would get back to Eolas with proposed page limits and a briefing schedule. Although they never have done so, until August 15, 2018 no mention was ever made of delaying the briefing until after discovery relating to pre-July 22nd documents has been completed.

DATED: August 16, 2018           Respectfully submitted,

By */s/ Daniel Johnson Jr.*
Daniel Johnson Jr. (No. 57409)
Mario Moore (No. 231644)
Robert G. Litts (No. 205984)
DAN JOHNSON LAW GROUP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: (415) 604-4500
dan@danjohnsonlawgroup.com
mario@danjohnsonlawgroup.com
robert@danjohnsonlawgroup.com

Attorneys for Plaintiff
Eolas Technologies Incorporated

ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST; 3:17-cv-03022-JST; 3:17-cv-03023-JST

10

JOINT STATUS UPDATE REGARDING PROSECUTION BAR DISPUTE

| | |
|---|---|
| 1 | and for McKool Smith, P.C. |
| 2 | Stephanie Adams Ryan, SBN 289548<br>MCKOOL SMITH, P.C. |
| 3 | 255 Shoreline Drive, Suite 510<br>Redwood Shores, California 94065 |
| 4 | Tel: (650) 394-1400; Fax: (650) 394-1422<br>sadamsryan@mckoolsmith.com |
| 5 | |
| 6 | John B. Campbell, TX SBN 24036314 (admitted *Pro Hac Vice*) |
| 7 | Kevin Burgess, TX SBN 24006927 (admitted *Pro Hac Vice*) |
| 8 | James E. Quigley, TX SBN 24075810 (admitted *Pro Hac Vice*) |
| 9 | MCKOOL SMITH, P.C.<br>300 West 6th Street, Suite 1700<br>Austin, Texas 78701 |
| 10 | Tel. (512) 692-8700; Fax: (512) 692-8744<br>kburgess@mckoolsmith.com |
| 11 | jcampbell@mckoolsmith.com<br>jquigley@mckoolsmith.com |
| 12 | |
| 13 | Attorneys for Plaintiff<br>Eolas Technologies Incorporated |
| 14 | |
| 15 | By  */s/ Carl G. Anderson* |
| 16 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>  Charles K. Verhoeven (CA Bar No. 170151) |
| 17 |   David A. Perlson (CA Bar No. 209502)<br>  Carl G. Anderson (CA Bar No. 239927) |
| 18 |   Michael D. Powell (CA Bar No. 202850)<br>  Lindsay M. Cooper (CA Bar No. 287125) |
| 19 |   Felipe Corredor (CA Bar No. 295692)<br>  qe-eolas@quinnemanuel.com |
| 20 | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 |
| 21 | Telephone: 415-875-6600<br>Facsimile: 415-875-6700 |
| 22 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 23 |   Miles Freeman (CA Bar No. 299302)<br>  qe-eolas@quinnemanuel.com |
| 24 | 865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 |
| 25 | Telephone: 213-443-3000<br>Fax: 213-443-3100 |
| 26 | *Attorneys for Defendant Google Inc.* |
| 27 | By  */s/ Richard G. Frenkel* |
| 28 | DOUGLAS E. LUMISH, Bar No. 183863<br>doug.lumish@lw.com |

| | |
|---|---|
| 1 | RICHARD G. FRENKEL, Bar No. 204133 |
| | rick.frenkel@lw.com |
| 2 | JEFFREY G. HOMRIG, Bar No. 215890 |
| | jeff.homrig@lw.com |
| 3 | NICHOLAS YU, Bar No. 298768 |
| | nicholas.yu@latham.com |
| 4 | LATHAM & WATKINS LLP |
| | 140 Scott Drive |
| 5 | Menlo Park, CA 94025 |
| | Telephone: (650) 328-4600 |
| 6 | Facsimile:  (650) 463-2600 |
| 7 | JOSEPH H. LEE, Bar No. 248046 |
| | joseph.lee@lw.com |
| 8 | LATHAM & WATKINS LLP |
| | 650 Town Center Drive, 20th Floor |
| 9 | Costa Mesa, CA 92626-1925 |
| | Telephone: (714) 540-1235 |
| 10 | Facsimile:  (714) 755-8290 |
| 11 | AMIT MAKKER, Bar No. 280747 |
| | amit.makker@lw.com |
| 12 | LATHAM & WATKINS LLP |
| | 505 Montgomery Street, Suite 2000 |
| 13 | San Francisco, CA 94111-6538 |
| | Telephone: (415) 395-8034 |
| 14 | Facsimile:  (415) 395-8095 |
| 15 | MELISSA ARBUS SHERRY (pro hac vice) |
| | melissa.sherry@lw.com |
| 16 | ELANA NIGHTINGALE DAWSON (pro hac vice) |
| | elana.nightingaledawson@lw.com |
| 17 | LATHAM & WATKINS LLP |
| | 555 Eleventh Street, Suite 1000 |
| 18 | Washington, DC 20004-1304 |
| | Telephone: (202) 637-2200 |
| 19 | Facsimile:  (202) 637-2201 |
| 20 | JENNIFER H. DOAN (pro hac vice) |
| | jdoan@haltomdoan.com |
| 21 | JOSHUA R. THANE (pro hac vice) |
| | jthane@haltomdoan.com |
| 22 | J. RANDY ROESER(pro hac vice) |
| | rroeser@haltomdoan.com |
| 23 | HALTOM & DOAN |
| | 6500 Summerhill Road, Suite 1000 |
| 24 | Texarkana, TX 75503 |
| | Telephone: (903) 255-1000 |
| 25 | Facsimile:  (903) 255-0800 |
| 26 | GRANT KINSEL, Bar No. 172407 |
| | gkinsel@perkinscoie.com |
| 27 | PERKINS COIE, LLP |
| | 1203 3rd Street, 39th Floor |
| 28 | Seattle, WA 98112 |

Telephone: (206)-395-316
Facsimile: (206) 359-9000

Counsel for Defendant
AMAZON.COM, INC.

## **ATTESTATION**

I, Richard G. Frenkel, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

DATED: August 16, 2018         */s/ Richard G. Frenkel*
                               Richard G. Frenkel

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST; 3:17-cv-03022-JST; 3:17-cv-03023-JST      13      JOINT STATUS UPDATE REGARDING PROSECUTION BAR DISPUTE