1   [Counsel identified on signature page]

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11

12   EOLAS TECHNOLOGIES                    Case No. 3:17-cv-01138-JST-JSC
     INCORPORATED,

13                                         **BRIEFING OF AMAZON AND GOOGLE**
                     Plaintiff,            **REGARDING REMEDIES FOR EOLAS'S**
14                                         **AND MCKOOL SMITH'S VIOLATION OF**
           v.                              **COURT-ORDERED PROSECUTION BAR**
15
     GOOGLE LLC,                           **REDACTED VERSION OF DOCUMENT**
16                                         **SOUGHT TO BE SEALED**
                     Defendant.
17                                         Date:    June 20, 2019
                                           Time:    2:00 p.m.
18                                         Place:   Courtroom 9 – 19th Floor
                                           Judge:   Hon. Jon S. Tigar
19
     EOLAS TECHNOLOGIES                    Case No. 3:17-CV-03022-JST-JSC
20   INCORPORATED,

21                   Plaintiff,

22         v.

23   AMAZON.COM, INC.,

24                   Defendant.

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ------------------------------------------------------------------- 1

II.     FACTUAL BACKGROUND ------------------------------------------------------- 3

    A.      Dr. Doyle claims to own the interactive web, but a Tyler jury disagrees. ------------------------------------------------------------------- 3

    B.      Eolas files the placeholder '434 application. ------------------------------- 4

    C.      The Federal Circuit affirms the *Adobe* verdict and ███████████ ███. ------------------------------------------------------------------- 5

    ███ ████████████████████████████████████████████. ------------------ 5

        █ ████████████████████████████████████████. ----------------------- 6

        █ ██████████████████████████████████ ------------------------------- 8

        █ ████████████████████████ ------------------------------------------- 10

        █ ██████████████████████ ----------------------------------------------- 12

        █ █████████████████. ---------------------------------------------------- 13

    E.      Eolas uses the information McKool Smith received in ██████ in connection with the amendments filed in August. ----------------------------- 15

    F.      Eolas sues Amazon, Google, and Wal-Mart the day the '507 patent issues, and seeks to cover-up the prosecution bar violation. ---------------------- 16

    G.      Magistrate Judge Corley finds a *prima facie* case of a violation prior to July 22, and McKool Smith admits to a violation after July 22. ------------------------------------------------------------------- 17

III.    ARGUMENT ------------------------------------------------------------------------- 18

    A.      McKool Smith admits that it violated the prosecution bar in July and August but the evidence shows ██████████████████████████ ███████. ------------------------------------------------------------------- 18

        ████████████████████████████████████. -------------------------- 19

        █ ██████████████████████████████ ----------------------------------- 20

        3.      McKool Smith participated in prosecution ██████████

LATHAM&WATKINS™
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

i

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1 ████████████████████████████ ------------------------------22

2    B.    Remedies -------------------------------------------------------------------23

3         1.    The unclean-hands doctrine provides dismissal authority. ---------------23

4              a.    McKool Smith's violation of the prosecution bar
                     was willful.................................................................... 24
5
6              b.    McKool Smith's willful violation of the prosecution
                     bar has immediate and necessary relation to this
7                    case............................................................................ 27

8         2.    Civil contempt provides the Court with dismissal authority. --------------30

9         3.    The Court's inherent authority or Rule 37(b) provides the
                Court with authority to fashion alternate remedies.------------------------32
10
11             a.    At the very least, Eolas should be precluded from
                     seeking damages for a period of time commensurate
                     with Eolas's illicit head start..................................................... 33
12
               b.    At the very least, the jury should be instructed on
13                   factual and legal findings associated with the '507
                     patent's patent-term adjustment. .................................................. 33

14   IV.    CONCLUSION -------------------------------------------------------------------------35

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

ii

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1

2

## <u>TABLE OF AUTHORITIES</u>

3

4

**Page(s)**

5

*Cases:*

6

*Aptix Corp. v. Quickturn Design Sys., Inc.*,
269 F.3d 1369 (Fed. Cir. 2001) --------------------------------------------------------------24

7

*Bingman v. Ward*,
100 F.3d 653 (9th Cir. 1996) ---------------------------------------------------------------31

8

9

*Burt Hill, Inc. v. Hassan*,
No. Civ. A 09-128, 2010 WL 419433 (W.D. Pa. Jan 29, 2010) ----------------------------32

10

11

*Chamberlain Grp., Inc. v. Lear Corp.*,
270 F.R.D. 392 (N.D. Ill. 2010)-------------------------------------------------------------32

12

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)----------------------------------------------------------------------------32

13

14

*Ewing v. Flora*,
No. 14-cv-2925, 2016 WL 1465182 (S.D. Cal. Apr. 14, 2016)----------------------------31

15

16

*Fink v. Gomez*,
239 F.3d 989 (9th Cir. 2001) ---------------------------------------------------------------32

17

*Gilead Sciences, Inc. v. Merck & Co., Inc.*
888 F.3d 1231 (Fed. Cir. 2018) -------------------------------------------------------- 27, 28

18

19

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
136 S. Ct. 1923 (2016) ------------------------------------------------------------------ 25, 26

20

21

*Henry v. Gill Indus., Inc.*,
983 F.2d 943 (9th Cir. 1993) ---------------------------------------------------------------32

22

*Keystone Driller Co. v. General Excavator Co.*,
290 U.S. 240 (1933) --------------------------------------------------------------------- 23, 27

23

24

*Link v. Wabash R. Co.*,
370 U.S. 626 (1962) --------------------------------------------------------------------------32

25

26

*Maggio v. Zeitz*,
333 U.S. 56 (1948)----------------------------------------------------------------------------30

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

iii

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

*Navigazione Libera Triestina Societa Anonima v. Newtown Creek Towing Co.*,
   98 F.2d 694 (2d Cir. 1938)--------------------------------------------------------------------------29

*Penfield Co. v. Sec. & Exch. Comm'n*,
   330 U.S. 585 (1947) ------------------------------------------------------------------------------30

*Pfizer, Inc. v. Int'l Rectifier Corp.*,
   685 F.2d 357 (9th Cir. 1982) --------------------------------------------------------------------24

*Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*,
   894 F.3d 1015 (9th Cir. 2018)------------------------------------------------------------------24

*POM Wonderful LLC v. Coca Cola Co.*,
   166 F. Supp. 3d 1085 (C.D. Cal. 2016) ------------------------------------------------------24

*Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*,
   324 U.S. 806 (1945) ------------------------------------------------------------------------23, 24

*Roadway Express, Inc. v. Piper*,
   447 U.S. 752 (1980) ------------------------------------------------------------------------------32

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ----------------------------------------------------------------25

*Stone v. City and County of San Francisco*,
   968 F.2d 850 (9th Cir. 1992) --------------------------------------------------------------------30

*In re Tech. Licensing Corp.*,
   423 F.3d 1286 (Fed. Cir. 2005) ----------------------------------------------------------------34

*United States v. Hudson*,
   7 Cranch 32, 3 L.Ed. 259 (1812)--------------------------------------------------------------32

*United States v. United Mine Workers*,
   330 U.S. 258 ---------------------------------------------------------------------------------------30

*Univ. Patents v. Kligman*,
   737 F. Supp. 325 (E.D. Penn. 1990)----------------------------------------------------------32

*Wilhelm v. Yott*,
   No. 08-cv-210, 2009 WL 10692110 (E.D. Cal. May 4, 2009) -------------------------------31

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

iv

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1

*Statutes:*

2

35 U.S.C.

3
§ 154(b) ------------------------------------------------------------------------------------ 33
§ 154(b)(1) -------------------------------------------------------------------------------- 33
4
§ 154(b)(2)(C) ---------------------------------------------------------------------------- 33
§ 154(b)(2)(C)(i) -------------------------------------------------------------------------- 34
5
§ 282(c) ------------------------------------------------------------------------------------ 34
6

*Rules:*

7

Fed. R. Civ. P.

8
37 -------------------------------------------------------------------------------- 2, 23, 32, 33
37(b) -------------------------------------------------------------------------------------- 32
9
41(b) -------------------------------------------------------------------------------------- 31
10

*Other Authorities:*

11
145 Cong. Rec. at S14718 --------------------------------------------------------------- 34
12

W. Keeton et al., Prosser & Keeton on Law of Torts

13
§ 34 (5th ed. 1984) ----------------------------------------------------------------------- 26
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

v

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

# I.    INTRODUCTION

Seven years ago, a jury in East Texas ended a decades-long patent-litigation campaign against some of the world's most innovative Internet companies. Two patents, dating back to 1994 and intended to allow physicians to view remote medical images, had been weaponized against the interactive Worldwide Web and parlayed into hundreds of millions of dollars for Eolas. But the East Texas jury invalidated those patents because neither had claimed anything new. Eolas's campaign was finally over.

Except it wasn't. During the East Texas proceedings, Eolas filed a secret continuation patent application claiming priority to the same 1994 application that matured into the patents invalidated by the Texas jury. This secret application was a mere placeholder, consisting of the same specification and claims copied from its invalid predecessors. It would need to be activated, if at all, only if Eolas lost the East Texas trial. In February 2012, Eolas lost, and in July 2013 the Federal Circuit summarily affirmed. So, Eolas would need to activate its placeholder application.

Except there was a problem. The McKool Smith trial team—the only lawyers who could conceivably sculpt claims navigating the thicket of prior-art used in East Texas while still trying to capture Amazon's and Google's confidential technology—were precluded by a robust and prophylactic prosecution bar from giving any *direct or indirect* advice. Eolas and McKool Smith would need a work-around, ███████████████████████████████████████████

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

1

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR



. Neither the defendants nor the Court will ever know precisely what was said in those meetings; the testimony of the participants is inconstant, even contradictory, ▮ . But all agree—and the record evidence is plain and unmistakable—about one essential and dispositive fact. ▮

. McKool Smith admits that its work in July and August violated the prosecution bar, and that the trial lawyers who were barred from any direct or indirect patent prosecution, were materially and directly involved in prosecuting the very claims that are now asserted against Amazon and Google in this case.

If a prosecution bar means anything, it must mean that a patent irremediably contaminated by a serious violation may not be asserted against the bar's intended beneficiaries. That is, while a prosecution bar violation may not, in all cases, warrant the worldwide unenforceability of an ill-gotten patent, equity demands that, at a bare minimum, the patent may not be enforced against the very parties whose highly technical and confidential information was intended to be protected. There are at least four remedial tools available to the Court to ensure this result—unclean hands, civil contempt, the Court's inherent authority, and Rule 37 of the Federal Rules of Civil Procedure. Each empowers the Court to impose a suitable remedy, one that both prevents a particular private injustice and also safeguards the future integrity of the United States patent litigation system. Under the circumstances of this case, the only remedy consistent with both objectives is dismissal.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

2

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

## II.      FACTUAL BACKGROUND

### A.      Dr. Doyle claims to own the interactive web, but a Tyler jury disagrees.

In the early 1990s, Dr. Michael Doyle, a biologist working at the University of California, formed Eolas to own U.S. Patent No. 5,838,906 (the "'906 patent"), one of the immediate predecessors to the '507 patent. According to Dr. Doyle, the '906 patent covers inconceivably vast swaths of technology, essentially the entire "interactive" web. For the better part of two decades, Dr. Doyle has pursued his claim of ownership over the interactive web, starting in 1998, when Eolas sued Microsoft claiming that Microsoft's Internet Explorer browser infringed the '906 patent. That case alone settled for almost ███████.

In 2012, shortly after Eolas's settlement with Microsoft and the same day that a continuation of the '906 patent issued—U.S. Patent No. 7,599,985 (the "'985 patent")—Eolas sued more than twenty of the world's leading technology companies, including Adobe Systems, Amazon, and Google. This case—the *Adobe* case—was the case in which the prosecution bar at the center of this dispute was entered. In the *Adobe* case, Eolas asserted that essentially everything on the defendants' websites infringed one or both of the Eolas patents. Broadly speaking, Eolas asserted claims from one patent—the '906 patent—against the portions of the defendants' websites that used Flash-type implementations. These claims were sometimes called "type information" claims and are explained in more detail in the Declaration of Dr. Ben Bederson (filed concurrently with this brief). Again, broadly speaking, Eolas asserted claims from the '985 patent against the portions of the defendants' websites that used JavaScript-type implementations. These are sometimes called "distributed application" claims, and are also explained in more detail in the Bederson Declaration.  (*See* Bederson Decl. ¶¶ 19–22.)

Throughout the discovery period, Eolas demanded, and the defendants produced, highly-confidential information, including source code and other technical information describing in detail how their specific technologies worked. To protect this highly confidential information, the presiding judge entered a broad protective order that included a robust prosecution bar. Save for merely "providing prior art references" to prosecution counsel, the prosecution bar prevented all participation, direct or indirect, in prosecution:

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

3

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

> Any person who reviews or otherwise learns the contents of Technical Protected Material produced by another Party may not participate, directly or indirectly, in the prosecution of any patent claims … claiming the subject matter disclosed in the Patents-in-Suit from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment….

(Ex. 1 ¶ 5(a), 6(a).)[1]

In February 2012, the *Adobe* case went to trial on invalidity only. The jury agreed with the defendants that others had invented the interactive web before Dr. Doyle, and invalidated all of the asserted claims in both patents.

**B.      Eolas files the placeholder '434 application.**

In November 2011, approximately three months before the *Adobe* trial, Eolas filed a continuation application that ultimately resulted in the '507 patent, the patent at issue here, and is referred to below as the "'434 application." The '434 application shared the same specification as, and claimed priority to, the '906 patent. The '434 application also included claims ███████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████. In November 2011, the then-last continuation patent from the '906 patent was still pending in the PTO. (Ex. 2.) To preserve continuity to the '906 patent, any additional continuation application would have to be filed before that application issued. ███████████████

████████████████████████████████████████████████████████████

████████████████████. (Krueger Depo. 58:13–59:14 [Ex. 3].) Although the specification ███

█████████ could not conceivably be confidential, Eolas concealed the application by requesting that the Patent Office not publish it. (Ex. 4.)

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] All Exhibit cites are to the accompanying Makker Declaration.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

4

BRIEFING OF AMAZON AND GOOGLE RE REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S VIOLATION OF PROSECUTION BAR

1  ████████████████████████████████████████████

2  ████████████████████████████████████████████

3  ████████████████████████████████████████████

4  ████████████████████████████████████████████

5  ██████████████

6      C.    **The Federal Circuit affirms the *Adobe* verdict and** ███████

7  ███████████

8      In September 2012, six months after the *Adobe* verdict and with its appeal to the Federal

9  Circuit pending, Eolas filed another series of lawsuits against another group of interactive website

10  operators, including, among others, Wal-Mart, Facebook, and Disney. These cases, along with a

11  preemptive declaratory-judgement action by Google, are collectively referred to as the "*Facebook*

12  cases." Eolas asserted that the defendants in the *Facebook* cases infringed not only its two newly

13  issued continuation patents, but also the recently invalidated *Adobe* patents.

14      The *Facebook* cases were stayed pending the Federal Circuit's decision on Eolas's appeal

15  of the *Adobe* verdict. (*See* Ex. 5 at 2.) But in February 2014, the stay was running out (*see* Ex. 6)

16  and Eolas needed to make a decision. ████████████████████████████

17  ████████████████████████████████████████████

18  ███████████████████████ (McKool Depo. 11:25–12:12 [Ex. 7].) ███████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ████████████████████████ " (Ex. 8.) With the '906 and '985 patents invalidated in

23  the *Adobe* trial and the *Facebook* cases ████████████████████, Dr. Doyle turned

24  to his last remaining asset, the '434 application.

25  ██  ███████████████████████████████████████ .

26      For three years the '434 application laid dormant with placeholder claims. But only a few

27  days after Dr. Doyle confirmed with McKool Smith ██████████████████████

28  ████████████████████████████████████████████

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

5

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR



" (Ex. 10.)

. (Doyle Depo. 70:2–71:10 [Ex. 11].)

But Dr. Doyle was not just

(Doyle Depo. 151:3–15; Stetson Depo. 188:3–14.) In fact,

. (Doyle Depo. 71:11–23.) To discuss these developments, Eolas and McKool Smith

.

1.

l." (Ex. 12.)

The participants have different recollections of exactly what was discussed. Mr. Campbell of McKool Smith testified that

. (Campbell Depo. 57:22–25 [Ex. 13].)

. (Campbell Depo. 56:3–10, 56:11–12, 58:1–3, 61:6–13, 123:8–13.) Mr. Swords, however,

(Swords Depo. 62:5–11 [Ex. 14].) Whatever was exactly discussed,

1    all agree that Eolas ████████████████████████████████████████████.

2    (Campbell Depo. 55:7–12; Burgess Depo 21:18–22:11 [Ex. 15]; Stetson Depo 107:12–16 [Ex. 16];

3    Swords Depo 62:5–20.)

4        In addition to Mr. Swords's testimony, the written record, too, casts doubt on Mr.

5    Campbell's testimony, and shows that even Mr. Swords's testimony was an understatement. ██

6    ██████████████████████████████████. (Campbell Depo.

7    53:22–10; Burgess Depo. 44:6–8; Stetson Depo. 99:21–100:8.) ████████████████

8    ████████████████ (Stetson Depo. 131:10–17)—██████

9    ████████████████████████ (Ex. 17.) ██████

10   ████████████

11   ████████████

12   ████████████

13   ████████████

14   ████████████

15   ████████████

16   ████████████

17   ████████████████████████████████████████

18   ████████████████████████████████████████

19   ████████████████████████████████████████

20   ██████

21   ██████████████████████████████████████

22   ████████████████████████████████w. (Campbell Depo. 60:19–

23   61:1.) ██████████████████████████████████████████

24   ████████████████████████ (Stetson Depo. 122:11–19.) ██████

25   ████████████████████████████████████████

26   ██████████████

27       Q.   ████████████████████████████████

28   ████████████████████

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY                Case Nos. 3:17-cv-01138-JST-JSC,
                             3:17-cv-03022-JST-JSC                7    BRIEFING OF AMAZON AND GOOGLE RE
                                                                      REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
                                                                      VIOLATION OF PROSECUTION BAR



(Stetson Depo. 134:4–136:11 (emphasis added).)

    **2.**

. (Ex. 18.)

(Ex. 19.)

. (*See* Campbell Depo. 86:20–23; Burgess Depo. 25:2–13.)

    The next day,

(Ex. 20 (emphasis added); *see also* Campbell Depo. 90:22–91:21.)

    Other McKool Smith lawyers

(Ex. 20.) Mr. Campbell also asked Josh Budwin, another McKool Smith partner who had enjoyed a central role in the *Adobe* trial, if he would

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

8

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR



(Ex. 21.)

(Ex. 22.)

The concern shared by Messrs. Campbell, Burgess, and Budwin—

—was particularly important for any future litigation.

. (Budwin Depo. 17:21–18:13 [Ex. 23].) It would be important for any patent issuing from the '434 application to read on these various modern JavaScript implementations.

(Ex. 24.)

The McKool Smith team

. (Campbell Depo 132:2–23.)

(right, Ex. 25). (McKool Depo 27:4–24.)

n. (McKool Depo. 31:3–24.)
,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

9

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1

2

3 *(See* Campbell

4 Depo. 90:22–91:21, 165:15–166:22.)

5

6

7

8

9 ." (Campbell Depo. 169:24–170:6; *see also* McKool

10 Depo. 35:7–16.)

11 **3.**

12

13

14

15 (Campbell Depo. 149:5–11.)

16

17 . (Ex.

18 26; Ex. 27.)

19

20

21

22

23 (McKool Depo. 64:13–15.)

24

25

26 (McKool Depo. 25:5–26:3.)

27 The client, however, heard something different. Mr. Stetson testified that

28



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

10

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR



(Stetson Depo. 172:18–173:4.)

Neither Eolas nor McKool Smith have produced ███████████████████████

████████ (*See* Campbell Depo. 148:25–150:1; Doyle Depo. 126:24–127:4.) But what is clear

is that ██████████████████████████████████████████ (below, Ex. 28) ████████

A number of things

are   notable   about   Mr.

McKool's email.

(McKool Depo. 49:23–51:2, 62:11–15.)

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

11

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1
2 ███. (Exs. 17, 19, 21.)
3
4
5
6 (McKool Depo 60:17–21, 63:7-12.)
7
8 ” (McKool Depo. 60:17–61:12.)
9 **4.**
10
11
12
13
14
15
16
17
18
19
20
21
22
23 (Ex. 29.)
24
25 ███. (Stetson Depo. 189:4–14; Campbell Depo. 185:21–186:11.)
26
27 (Stetson Depo. 188:3–
28 189:14.)



LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

12

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1  (Campbell Depo. 185:21–186:11; Stetson Depo. 188:22–189:2; Swords Depo. 31:6–9.) Surely,

2  nothing in the record reflects Mr. Campbell ███████████████████████████

3  ████████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████

10  ██████████████████████████████.

11  ████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ███████████████████████████████████. (*See, e.g.*, Doyle Depo. 143:17–22; Swords

15  Depo. 31:24–32:11; Stetson Depo. 187:16–21; Campbell Depo. 201:7–16.)

16  **5.** ███████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████. This was not merely "providing" prior art, which

22  the prosecution bar permitted. This was textbook prosecution advice, which the prosecution bar

23  plainly prohibited.

24  ████████████████████████████████████████████████████████████████

25  ██████████████████████████████████ (Ex. 30.) ████████████████

26  ████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████████████

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

13

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

14

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

Q. ███████████████████████████████████

███ ████████████████████████████████████

███ ████████████████████████████████████

███ ████████

(McKool Depo. 82:3–10.)

**E.   Eolas uses the information McKool Smith received in ██████ in connection with the amendments filed in August.**

In August 2014, with the direct and material participation of McKool Smith, Eolas filed the first substantive amendment to the claims of the '434 application, canceling all pending claims and adding all new ones. And as the amendment itself shows, McKool Smith used the information it received in ██████ to direct the amendments filed in August. ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ (Campbell Depo. 165:15–166:22.) And that is precisely what the August amendment reflects. As discussed in more detail in the Bederson Declaration, the August claims disentangled the two technologies. (Bederson Decl. ¶¶ 25–32.)

Eolas also corrected other elements of the claims in accord with ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ (Ex. 20.) That concern was corrected in the claims filed in August 2014. (Bederson Decl. ¶ 31.) Similarly, Mr. ████████████████████████████████

████████████████████████████████████████████████

██████" (Ex. 22.) This language, too, was removed from the claims filed in August. (Bederson Decl. ¶ 31.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

15

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

**F.      Eolas sues Amazon, Google, and Wal-Mart the day the '507 patent issues, and seeks to cover-up the prosecution bar violation.**

The August 2014 amendment was, for all intents and purposes, the first and last significant amendment to the '434 application. The '507 patent issued on November 24, 2015, with a 1,042 day patent-term adjustment. Without that adjustment, the patent would have expired on October 17, 2014, about a year before it issued. With the patent-term adjustment, Eolas asserts that the '507 patent expired on August 24, 2017.

The day the '507 patent issued, Eolas filed this case in East Texas. The claims asserted in this litigation are those crafted to address ███████████████████████████████ (Bederson Decl. ¶¶ 28–32.) As the case progressed, Amazon and Google became increasingly concerned that McKool Smith had violated the prosecution bar. The initial suggestion came from Eolas's own privilege logs of communication among Eolas, McKool Smith, and Charles Krueger, Eolas's prosecution counsel. A number of those entries reflected communications between McKool Smith and Eolas that were later funneled to Mr. Krueger. The log expressly stated that those communications concerned "patent prosecution." Amazon and Google raised their concerns about the potential prosecution bar violation, after which McKool Smith scrubbed its privilege logs, changing many of the designations from communications concerning "patent prosecution" to more innocuous descriptions, such as communications "regarding prior art." (*Compare* Ex. 34 *with* Ex. 35.)

Unsatisfied with McKool Smith's response and unable to convince McKool Smith to provide the documents about which Eolas changed its log designations, Amazon was left with no option but to file its Motion for Order to Show Cause, which Google later joined. McKool Smith responded to the motion by (1) demanding sanctions, (2) claiming that it had not participated in prosecution before July 2014, ████████████████████████████, and (3) asserting that the prosecution bar expired in July 2014, which the Court has found is incorrect.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

16

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

### G.     Magistrate Judge Corley finds a *prima facie* case of a violation prior to July 22, and McKool Smith admits to a violation after July 22.

After the case was transferred to this Court, the Court ruled that the prosecution bar expired in October 2014, and granted Amazon and Google's request for discovery. McKool Smith and Eolas produced requested documents *in camera*, and the Court sent the case to Magistrate Judge Corley to consider whether the documents should be produced. After her *in camera* review, Magistrate Judge Corley found that there was a *prima facie* showing of a prosecution bar violation before July 22, 2014, and that Amazon and Google would be entitled to see the documents and take depositions "to the extent you [Eolas] want to explain or argue" the violation. (Mar. 29, 2018 Tr. 16:21–17:16 [Ex. 36].) In response, McKool Smith admitted that "after July 22nd, we did what is proscribed by that Order." (*Id.* at 23:22–24:18.) Eolas and McKool Smith agreed to produce pre-July 22 documents and provide discovery to defendants for that period, but refused to provide discovery for any period after July 22, 2014.

Amazon and Google moved to compel discovery into McKool Smith's post-July 22 conduct. Magistrate Judge Corley denied that motion, but explained that because of the position they were taking in refusing post-July 22 discovery, Eolas and McKool Smith had limited themselves to just two defenses to all potential remedies to their post-July 2014 prosecution-bar violation— namely (1) that it was "objectively reasonable" for Eolas and McKool Smith to believe that the prosecution bar expired in July 2014 rather than October 2014, and (2) that the violation was "harmless" because they allegedly had no effect on the Patent Office's timing in addressing the '434 application. (Nov. 9, 2018 Tr. at 4:8–6:25, 12:8–15, 37:1–41:8 [Ex. 37]; Dkt. 472 at 13–14.)[2] Magistrate Judge Corley stated, "I want to be very clear, because this is not the opportunity for Eolas to just put forward these two limited defenses and then down the line when they file their brief before Judge Tigar on the patent prosecution bar, that's what we're talking about … that they get to submit some other defense." (Nov. 9, 2018 Tr. at 39:12–19.) Consistent with the Court's Order, no documents from the post-July 22 period have been produced, and Eolas consistently

---

[2] Citations to Docket Entries are to Case No. 3:17-cv-03022 unless otherwise noted.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

17

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1  instructed its witnesses not to answer deposition questions directed to this period. (*See, e.g.*, Ex.

2  38.)

3  **III.   ARGUMENT**

4      **A.   McKool Smith admits that it violated the prosecution bar in July and August**

5          **but the evidence shows that the** ██████████████████

6      McKool Smith agrees that it violated the prosecution bar in July and August 2014 when it

7  directly and materially participated in drafting the August amendments to the '434 application.

8  (*See, e.g.*, Mar. 29, 2018 Tr. at 16:21–17:16, 23:22–24:18; Nov. 9, 2018 Tr. at 4:16–19.) Thus, the

9  main dispute about the violation concerns its length—*for how long* did McKool Smith violate the

10 prosecution bar? From the beginning of this dispute, McKool Smith and Eolas have sought to

11 obscure the answer to that question. When Amazon and Google initially inquired into the

12 possibility that McKool Smith had violated the prosecution bar, the firm immediately scrubbed its

13 privilege log entries, changing entries that suggested prosecution bar violations to something more

14 innocuous. (*Compare* Ex. 34 *with* Ex. 35.) When Amazon requested that McKool Smith make the

15 documents about which it changed its designations available for *in camera* review, McKool Smith

16 refused. (*See* Dkt. 290-1 Doan Decl.) When Amazon filed its Motion for Order to Show Cause,

17 McKool Smith demanded sanctions. (Dkt. 274 at 19.) When Amazon and Google sought discovery

18 in this dispute, McKool Smith turned over communications only up to July 22, and obstructed

19 depositions with dozens of instructions not to answer (Ex. 38), even as to questions about what the

20 witnesses had written in their own documents. (*See, e.g.*, Campbell Depo. 30:10–25, 31:17–25,

21 33:22–34:15, 92:19–94:7; Stetson Depo. 66:14–67:13, 76:14–19; Doyle Depo. 97:15–99:5,

22 104:11–106:17, 115:11–15.) And yet, despite McKool Smith's and Eolas's obfuscation, the

23 evidence demonstrates that ████████████████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████████████████████████████

26 ████████████████████████████████████████████████

27 ████████████████████████████████████████████████

28 ████████████████████████



3      Patent prosecution involves much more than drafting claim amendments. It involves also

4  knowing when—and under what circumstances—to say anything at all. For example, in an article

5  titled *Practical Considerations and Strategies in Prosecuting U.S. Patent Applications*, authors at

6  the Finnegan law firm wrote: "During prosecution, especially when responding to rejections based

7  on prior art, the applicant should set a goal of doing less. That is, the applicant should only present

8  arguments and/or amendments necessary to overcome the prior art rejection. The less the applicant

9  puts in the written record, the more flexible the patentee can be when enforcing the patent." (Ex.

10  39.) As this makes clear, sometimes the best prosecution advice is to advise a client not to say

11  anything at all.

15  (Swords Depo. 85:19–86:2)

17  (Doyle Depo. 125:19–25), (Doyle Depo. 151:3–10;

18  Stetson Depo. 188:3–14),

19  " (Doyle Depo. 74:21–77:3, 123:16–19.)

21  " (Ex. 20; Ex. 24.)

26  (Ex. 29.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

19

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1                                                     " (Ex. 29 (emphasis added).)

6                                      Indeed, Mr. Krueger, Eolas's

7  regular prosecution counsel—the same prosecution counsel who had prosecuted all of the other

8  related patents—                            . (Ex. 40.)

10                          (Ex. 41; Ex. 42; Krueger Depo 397:1–6, 404:13–

11  406:10.)

14        Eolas and McKool Smith have no explanation for why

17                  (Stetson Depo. 188:3–14.)

19                      (*See, e.g.*, Doyle Depo. 143:17–22; Swords Depo. 31:24–32:11;

20  Stetson Depo. 187:16–21; Campbell Depo. 201:7–16.) Thus, McKool Smith and Eolas are stuck

21  with the record they created,



LATHAM&WATKINS ᴸᴸᴾ
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

20

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  McKool Smith may not have directly assisted Eolas in drafting the claims of the '434 application

5  in ████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  ████████████████████████████████████ when McKool Smith

9  admittedly was actively and materially participating in prosecution. ███████████

10  ██████████████ July and August that would not mean that the firm started its

11  participation at that time. ████████████████████████████

12  ████████████████████████████████████████████████████

13  ██████████████████████████████████

14      While it is conceivable—albeit implausible—█████████████

15  ██████████████████████████, that argument is unavailable to Eolas

16  due to its claims of privilege. This is so because, after this Court found that the prosecution bar

17  expired in October 2014, McKool Smith conceded that it was directly involved in the prosecution

18  of the '434 application beginning on July 22, 2014. And Eolas refused to waive privilege as to any

19  information or documents after that date. ████████████████████████

20  ████████████████████████████████████████████████████

21  █ ███████████████████████████████████

22  ████████████████████████████

23  █ █████████████████████████████

24  █ ███████████

25  █ █████████████████

26  █ ████████████

27  ████████████████████████████████████

28  (McKool Depo. 18:10–22.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

21

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1       Thus, Eolas—having invoked privilege as a shield—cannot now defend itself by pointing

2  to what, specifically, McKool Smith did or did not do after July 22. Instead, as Judge Corley put

3  it during a discovery hearing in this matter: "[W]e have to assume that their involvement up to the

4  submission of that amendment in August 2014 was material." (Nov. 9, 2018 Tr. at 4:16–19.)

### 3.    McKool Smith participated in prosecution ██████████

██████████

██████████

██████████

██████████

██████████

██████████ —is a core prosecution function in which patent prosecutors

worldwide engage.

██████████

██████████

██████████

██████████

██████████

██████████

██████████

██████████

██████████

██████████ t would be core prosecution

advice in any case, but it was even more crucial here. ██████████

██████████

██████████ . This was a

massive amount of information that only McKool Smith, still fresh from the prior *Adobe* litigation,

could reasonably grasp. ██████████

██████████ ,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

22

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1

████████████

███. (*E.g.*, Ex. 31.) ████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████ McKool Smith was participating, at least "indirectly," in the prosecution of the '434 application, as Mr. McKool conceded. (McKool Depo. 82:3–10.)

## B.    Remedies

McKool Smith violated the prosecution bar ████████████ and culminating in August when, with McKool Smith's material and direct assistance, Eolas filed the first substantive amendments to the '434 application. The appropriate remedy for this violation is dismissal, and the Court has the authority to order that relief under at least (1) the unclean-hands doctrine, (2) civil contempt, (3) the Court's inherent authority, and (4) Rule 37. To the extent that the Court believes dismissal is inappropriate, the Court has the authority also to fashion alternative remedies, two of which Amazon and Google propose below.

### 1.    The unclean-hands doctrine provides dismissal authority.

The doctrine of unclean hands arises from the equitable maxim that he who comes into Equity must come with clean hands. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 241 (1933). The Supreme Court has applied the doctrine in numerous patent cases affirming dismissals, including in *Keystone Driller* and *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945). As described in *Precision Instrument*, the doctrine is "far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." 324 U.S. at 815. The Supreme Court has identified two elements: (a) an act that "transgresses equitable standards of conduct"; and (b) that the act has an *immediate and necessary* relation to the equity that the party seeks. McKool Smith's conduct meets both.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

23

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

### a. McKool Smith's violation of the prosecution bar was willful.

As to the first element—the nature of the misconduct—the Supreme Court views "[a]ny willful act" that "transgress[es] equitable standards of conduct" as sufficient. *Precision Instrument*, 324 U.S. at 815. Similarly, in the Ninth Circuit, the unclean-hands defense requires proving "wrongfulness, willfulness, bad faith, or gross negligence" on the part of the wrongdoer. *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018); *see also Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982); *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016); *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369 (Fed. Cir. 2001).

The evidence demonstrates that McKool Smith acted willfully ███████████ and culminating in August when it violated the prosecution bar. ███████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████ (Campbell Depo. 60:2–9; Burgess Depo. 23:12–25, 46:9–18.) McKool Smith further willfully violated the prosecution bar when ██ ████████████████████████████████████████████████████████ It continued to willfully violate the prosecution bar when ██████████████████ ████████████████████. And finally, McKool Smith continued willfully to violate the prosecution bar when ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████

McKool Smith's conduct during this litigation also suggests that the firm knew ████████ ████████████████████. At every juncture, McKool Smith and Eolas sought to obscure McKool Smith's role in the prosecution of the '434 application. From scrubbing

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

24

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1  privilege logs, to demanding sanctions for even asking about the violation, to limiting discovery

2  and obstructing depositions with instructions not to answer, McKool Smith's and Eolas's conduct

3  strongly suggests consciousness that its violations were willful.

4       Eolas and McKool Smith cannot argue otherwise. To avoid producing post-July 2014

5  discovery, McKool Smith has taken the position that it will not interpose any "claim based on its

6  subjective state of mind." (Dkt. 472 at 2:5) Instead, McKool Smith contends that its actions were

7  "objectively reasonable" and that it will prove that based exclusively on "Defendants' own sworn

8  pleadings and discovery responses; the language of Judge Davis's order read in light of Federal

9  Circuit rules and case law; and the published views of an independent legal scholar." (Dkt. 472 at

10  2:1–5.)

11       McKool Smith's "objectiveness" argument fails as a matter of law. The relevant question

12  for unclean hands is whether the action was in bad faith, and thus, depends entirely on the

13  subjective state of mind of the actor *at the time* the action occurred. Whether or not the action

14  could be seen in retrospect as "objectively reasonable" is irrelevant. The Supreme Court recently

15  made precisely this point in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1933

16  (2016). In *Halo,* the Court rejected the Federal Circuit's "objective recklessness" test from *In re

17  Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*). That test required a patentee to

18  show that the accused infringer acted "despite an objectively high likelihood that its actions

19  constituted infringement of a valid patent," without regard to "[t]he state of mind of the accused

20  infringer." *Seagate*, 497 F.3d at 1371. The Court found that the problem with such a test is that it

21  "applies even if the defendant was unaware of the arguable defense when he acted." *Halo*, 136 S.

22  Ct. at 1930. Instead, the Court found that the proper test looks to the accused infringer's actual,

23  *subjective*, state of mind at the time. The Court noted "culpability is generally measured against

24  the knowledge of the actor at the time of the challenged conduct," and a "willful" standard of

25  liability "look[s] to the actor's real or supposed state of mind." *Id.* (quoting W. Keeton et al.,

26  Prosser & Keeton on Law of Torts § 34, p. 212 (5th ed. 1984)). As the Court further explained,

27  "[t]he existence" of a "reasonable" explanation for the wrongdoer's conduct does not suffice to

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

25

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1  show that the wrongdoer actually "act[ed] on the basis of" that explanation, "or was even aware

2  of it." *Id.*

3          For this reason, McKool Smith's defense based entirely on "objective" evidence misses the

4  point because there is no evidence that any of this *objective* material formed any part of McKool

5  Smith's subjective state of mind. In fact, there is no evidence that McKool Smith did *any* good-

6  faith analysis about the expiration of the prosecution bar based on any of the objective materials

7  or on any others. Not a *single document* was produced in discovery reflecting any analysis McKool

8  Smith undertook to determine *when* the Prosecution Bar expired. There is no email, no

9  memorandum, no case law, no review of the Federal Circuit's rules, nothing in writing reflecting

10  that McKool Smith, in good faith, researched the law and facts surrounding the prosecution bar's

11  expiration date and made a judgment consistent with its findings. ████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████ (Swords Depo. 39:21–40:5; Stetson

14  Depo. 159:22–160:7.) Simply put, because of Eolas's decision to invoke privilege for post-July 22

15  communications and to rely exclusively on "objective documents," the evidentiary record reflects

16  no analysis done on the "objective" documents. For all we know, it may be that a fulsome

17  examination of McKool Smith's state of mind at the time—which Eolas and McKool Smith

18  precluded—would show that the firm knew the bar expired in October, but acted in July anyway.

19  Thus, it would be error to conclude that McKool Smith acted reasonably based solely on

20  "objective" materials because there is no evidence they ever analyzed any of them.

21          Finally, it is worth noting that while McKool Smith, not Eolas, was covered by the

22  prosecution bar, the firm did not act alone. Instead, ████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████ (McKool Depo. 65:7–8.) ████████████

25  ████████████████████████████████████████████████

26  ████████████████████████████████████████████████

27  ████████████████████████████████████████████████

28  ████████████████████████████████████████████████

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

26

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1   ███████████████████████████████████████████████████████████

2   ███████. Eolas is, therefore, no less culpable than McKool Smith.

3           **b.      McKool Smith's willful violation of the prosecution bar has immediate**

4                   **and necessary relation to this case.**

5           The Supreme Court in *Keystone Driller* stated the second element of the unclean-hands

6   defense—the relationship between the underlying misconduct and the litigation. The Court said

7   that the doctrine applies "where some unconscionable act of one coming for relief has *immediate*

8   *and necessary* relation to the equity that he seeks in respect of the matter in litigation." 290 U.S.

9   at 245 (emphasis added). The Federal Circuit has made it clear that this is not a but-for causal

10  relationship. Instead, whenever misconduct has an objective potential to affect the litigation, the

11  relationship is satisfied. In *Gilead Sciences, Inc. v. Merck & Co., Inc.*, the Federal Circuit put it

12  this way: " … the 'immediate and necessary relation' standard, in its natural meaning, generally

13  must be met if the conduct normally would enhance the claimant's position regarding legal rights

14  that are important to the litigation if the impropriety is not discovered and corrected." 888 F.3d

15  1231, 1240 (Fed. Cir. 2018) The Federal Circuit went on to explain that the standard is satisfied

16  when the misconduct objectively *could* affect the litigation—even if it does not necessarily do so:

17  "[T]he standard can cover at least some misconduct that ultimately *fails to* affect the litigation as

18  when it is discovered before it bears fruit, as long as its objective potential to have done so is

19  sufficient." *Id.* (emphasis added).

20          McKool Smith's advice directly affected the rights Eolas seeks to assert in this litigation.

21  ███████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████, which are the subject of

23  Eolas's infringement claims in this case. ████████████████████████

24  ███████████████████████████████████████████████████████████

25  ████████████████████████████████. Eolas now asserts those claims in this case.

26  There is a necessary and immediate relationship between the wrongdoing—McKool Smith's

27  violation of the prosecution bar—and the rights Eolas seeks to assert here. *See, e.g.*, *Gilead*, 888

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

27

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

F.3d at 1241 (finding patent prosecutor's wrongful manipulation of prosecution sufficient connection with litigation for unclean hands).

To avoid such a finding, Eolas and McKool Smith ask the Court to hypothesize a different "but for" world, one in which McKool Smith did not violate the prosecution bar. They contend that because the examiner did not act on the improper amendment until 2015, McKool Smith could have waited until October 2014 (after the prosecution bar actually expired) to give its advice and the identical claims inevitably would have issued. Eolas and McKool Smith assert that their actions, therefore, were harmless and that Amazon and Google are entitled to no relief.

To take McKool Smith's "harmlessness" argument at face value would require the Court to make impossible predictions about what *might* have happened in the prosecution had different facts occurred. These predictions would be pure speculation. ████████████ ████████████████████████████████████████████ (Burgess Depo. 100:21–102:3.) Nor is there any reason to believe that one hypothetical world—the world hypothesized by McKool Smith where Eolas files its claims in October 2014 (instead of August 2014) and nothing happens until March 2015—is any more likely than any other. ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████. That too would have precluded this case. ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████. (*See* Ex. 39.) Each of these possibilities is just as likely as the hypothetical world McKool Smith supposes. There is no reason to accept McKool Smith's hypothetical world over any other, particularly where we know that, in the actual world, McKool Smith's violation influenced the prosecution.  As Judge Learned Hand once cautioned, when a wrongdoer creates an impenetrable evidentiary quagmire,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

28

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

it is not the innocent victim's burden to sift through the casuistries to prove his harm. *Navigazione Libera Triestina Societa Anonima v. Newtown Creek Towing Co.*, 98 F.2d 694, 697 (2d Cir. 1938) ("He is a wrongdoer; let him unravel the casuistries resulting from his wrong.").

Under the proper standard—the Federal Circuit's *Gilead* decision—the question is not about actual but-for causation, proximate or otherwise. The question is whether the wrongful conduct had the "objective potential" to affect the case. That standard is clearly met here, as McKool Smith and Eolas's own conduct shows. ████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████. No one could be *sure* when the examiner would actually act. True, a document produced by Eolas appears to indicate an estimated date for first action in February 2015. But such estimates are notoriously inaccurate. (*See, e.g.*, Ex. 43; Ex. 44.) And the point is irrelevant in any event. Eolas's and McKool Smith's conduct shows that they, in fact, had little faith in the PTO's estimate. They instead acted as though time was of the essence. █████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
These are not the actions of people who are convinced the examiner will wait for another nine months. In other words, McKool Smith and Eolas would have been far less likely to have violated the prosecution bar had they known for certain that the examiner would not act until 2015. Why run the risk? They ran the risk precisely *because* McKool Smith's earlier involvement had the *objective potential* at the time to materially affect the prosecution in Eolas's favor. No other explanation makes sense.

Ultimately, McKool Smith's "harmlessness" theory is not, and cannot be, correct for a broader reason. The enforcement of a court order cannot turn on the diligence of the examiner instead of the nature of the violation. Take the examination in this case for example. Under McKool Smith's "harmlessness" theory, the firm could have drafted amendments to the claims in May 2012—more than two years before the prosecution bar expired—and because the examiner did not, in fact, act until 2015, no sanction should issue. Or take another example. Suppose a firm

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

29

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

under a prosecution bar violates the bar by drafting claims for an application. Suppose further, the examiner rejects the claims. Under McKool Smith's "harmlessness" theory, there would be no remedy for that violation, too. McKool Smith's "harmlessness" theory makes enforcement of a prosecution bar turn, not on the wrongful conduct of the party violating the bar, but on the happenstance of subsequent events. The decision to violate a court order should not be reduced to a gambling wager.

McKool Smith's position is unfair, counterfactual, inconsistent with the law, and would result in prosecution bars being essentially illusory. The Court should find that McKool Smith's violation of the prosecution bar, abetted by Eolas, was (1) willful, and (2) had a necessary and immediate relationship with this litigation. Eolas and McKool Smith come to this Court with unclean hands. The Court is empowered to deny Eolas the relief it seeks, and to dismiss Eolas's case against Amazon and Google.

### 2.     Civil contempt provides the Court with dismissal authority.

Civil contempt provides another mechanism for dismissal. For civil contempt sanctions to be appropriate, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (citations omitted). Civil, as distinguished from criminal, contempt sanctions are intended to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. The absence of willfulness does not relieve a party from civil contempt. *See United States v. United Mine Workers*, 330 U.S. 258, 303–04; *Penfield Co. v. Sec. & Exch. Comm'n*, 330 U.S. 585, 590 (1947); *Maggio v. Zeitz*, 333 U.S. 56, 68 (1948).

There is no doubt that McKool Smith violated the prosecution bar. Mr. McKool himself admitted as much in open court that the firm "did what is proscribed by that Order." (Mar. 29, 2018 Tr. at 23:22–24:18.) Thus, the burden shifts to McKool Smith to demonstrate why it was unable to comply. McKool Smith cannot meet this burden. Again, by virtue of its claim of privilege for post-July 22 communications, Eolas and McKool Smith have limited themselves to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

30

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

"objectively reasonable" and "harmlessness" defenses. The "harmlessness" defense has nothing to do with whether McKool Smith could have complied with the prosecution bar, which means that Eolas and McKool Smith are left with one limited defense—the alleged "objective reasonableness" of an interpretation of the prosecution bar expiring on July 22, as opposed to the correct October date. But this limited defense provides no more help. As detailed above in relation to unclean hands, while Eolas and McKool Smith may be able to make a *post-hoc* rationalization of why it *might* have been reasonable *for someone* to believe the July 22 date applied, Eolas and McKool Smith have never said or shown that this is what they *actually* thought at the time, much less that the firm's lawyers were somehow prevented from doing the legal research necessary to conclude otherwise. McKool Smith cannot meet its burden to demonstrate that it was somehow unable to comply with the prosecution bar.

The sanction for civil contempt must be remedial. *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996) ("Civil contempt is a refusal to do an act the court has ordered for the benefit of a party; the sentence is remedial."). And that remedy can include dismissal. *Wilhelm v. Yott*, No. 08-cv-210, 2009 WL 10692110, at *3 (E.D. Cal. May 4, 2009) (finding plaintiff in civil contempt due to violation of court orders and granting request for terminating sanctions); *Ewing v. Flora*, No. 14-cv-2925, 2016 WL 1465182, at *2 (S.D. Cal. Apr. 14, 2016) ("[T]erminating sanctions [] may be appropriate where a party fails to comply with a court order."); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails … to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). As with unclean hands, given McKool Smith's violation of the prosecution bar, abetted by Eolas, and its necessary and immediate relationship with this litigation, the appropriate remedial sanction is to deny Eolas the relief it seeks in this case, and to dismiss Eolas's case against Amazon and Google. As an alternative to outright dismissal, the Court could order that Eolas is entitled to no damages even if it can establish liability and/or award Amazon and Google their attorney fees and expert costs as a compensatory sanction.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

31

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

### 3. The Court's inherent authority or Rule 37(b) provides the Court with authority to fashion alternate remedies.

The Court's inherent authority and Rule 37(b) provide the Court with broad discretion to fashion an appropriate remedy up to and including dismissal. It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citing *Hudson*). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Imposition of a sanction under the Court's inherent authority requires a showing of bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). But "bad faith" is "a shorthand term to encompass a broad range of conduct" including "'by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (quoting *Chambers*, 501 U.S. at 46)). As the Ninth Circuit has noted, "willfulness" or "bad faith" requires "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Essential to the Court's inherent authority is the ability to fashion an appropriate sanction matching the misconduct. Courts routinely use their inherent authority and Rule 37 to prevent parties from benefiting from the fruits of their misconduct. For instance, in *Burt Hill, Inc. v. Hassan*, where the court found that a party had improperly received and retained privileged information, the court fashioned an appropriate sanction: "the appropriate sanction is to prohibit Defendants and their lawyers from in any way benefiting from their retention and review of Plaintiff's privileged and confidential materials." No. Civ. A 09-128, 2010 WL 419433, *7 (W.D. Pa. Jan 29, 2010); *see also Univ. Patents v. Kligman*, 737 F. Supp. 325, 329 (E.D. Penn. 1990) ("it would be inequitable to permit defendants to profit from improperly obtained information"); *Chamberlain Grp., Inc. v. Lear Corp.*, 270 F.R.D. 392, 399 (N.D. Ill. 2010) ("excluding the tainted evidence means … ensuring that JCI does not benefit from its receipt of documents").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

32

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1    As with unclean hands and civil contempt, the Court's inherent authority and Federal Rule

2    of Civil Procedure 37 provide the Court with dismissal authority. But should the Court determine

3    that dismissal (or a finding of no damages or attorneys' fee award) is not the appropriate remedy,

4    two other remedies would be appropriate: (a) reduction in the damages period; and (b) an

5    instruction and adverse inference concerning the '507 patent's term adjustment.

6              **a.**      **At the very least, Eolas should be precluded from seeking damages for**

7                                  **a period of time commensurate with Eolas's illicit head start.**

8    Eolas received an approximately ████████████████████████████

9    ████████████████████████████████████████████████████. Had Eolas and

10   McKool Smith not violated the prosecution bar, McKool Smith could not have been involved in

11   the prosecution until October 2014. Thus, should the Court choose not to dismiss the action in its

12   entirety, the Court should reduce the period of time for which Eolas is entitled to seek damages by

13   at least the amount of time associated with that head ████████████████████████

14   ██████████████

15             **b.**      **At the very least, the jury should be instructed on factual and legal**

16                                 **findings associated with the '507 patent's patent-term adjustment.**

17   Another alternative remedy relates to patent-term adjustment. By way of background,

18   patent terms—how long a patent is in effect—are calculated from priority dates determined by

19   filings with the PTO. As a result, delays in examination can decrease the effective length of a

20   patent term. To address this concern, in 1999 Congress amended 35 U.S.C. § 154(b) to provide an

21   applicant to a patent-term adjustment in certain limited circumstances where the PTO delays

22   examination or issuance of a patent.

23   But while 35 U.S.C. § 154(b)(1) allows for adjustments based on PTO delays, section

24   154(b)(2)(C) reduces the adjustments for periods of delay associated with the applicant's own

25   conduct. Section 154(b)(2)(C) provides that any patent-term adjustment must be reduced to

26   account for delays attributable to the applicant:

27       (C) Reduction of period of adjustment—
     (i) The period of adjustment of the term of a patent under paragraph (1) shall be

28   reduced by a period equal to the period of time during which the applicant failed to
     engage in *reasonable efforts to conclude prosecution of the application.*

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

33

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1       The '507 patent was awarded more than 1,000 days of patent-term adjustment. Amazon

2   and Google have asserted a defense of improper patent-term adjustment under 35 U.S.C. § 282(c).

3   Amazon and Google contend that Eolas is not entitled to any patent-term adjustment for the period

4   of November 9, 2011 (the original filing date of the '434 application) through August 19, 2014

5   (the preliminary amendment that McKool Smith worked on) because the claims filed in November

6   2011 ███████████████████████████████████████████. It was not until

7   August 2014 that, with the help of McKool Smith, Eolas filed claims that it actually intended to

8   pursue. Thus, during the period of November 2011 through August 2014, Eolas was not engaged

9   in "reasonable efforts to conclude prosecution," and so is not entitled to patent-term adjustment

10  for this period. This issue—whether Eolas was engaged in reasonable efforts to conclude

11  prosecution during the period when it had only placeholder claims—is a question for the jury to

12  decide. *See, e.g.*, *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290–91 (Fed. Cir. 2005) (jury trial

13  for invalidity where damages sought).

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ██████████████████████████████████. As the legislative history for section

19  154(b)(2)(C)(i) shows, " … those who purposely manipulate the system to delay the issuance of

20  their patents will be penalized … a result that the Conferees believe [is] entirely appropriate." 145

21  Cong. Rec. at S14718.

22  ████████████████████████████████████████████████████

23  ████████████████████████████. Eolas should not be rewarded with a patent-term

24  adjustment covering this period. Therefore, as an alternative (or additional) remedy for McKool

25  Smith's violation of the prosecution bar, the Court should instruct the jury at the trial of this case

26  that: (1) McKool Smith violated the prosecution bar; (2) the jury is to find that during the period

27  of ██████████ through August 19, 2014, Eolas did not engage in reasonable efforts to conclude

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

34

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

prosecution of the application; and (3) Eolas is not entitled to patent-term adjustment, at a minimum, for the period ███████ through August 19, 2014.

## IV.   CONCLUSION

McKool Smith plainly and also admittedly violated the prosecution bar by engaging in prosecution related to the '434 application. Eolas now seeks to profit from that violation by asserting a patent irremediably tainted by that prosecution. The Court should dismiss Eolas's cases against Amazon and Google under either the unclean-hands doctrine, as a civil contempt sanction, as an exercise of the Court's inherent authority, or under Rule 37. In the alternative, the Court should preclude Eolas from seeking damages for the period of time commensurate with the illicit head start Eolas obtained and instruct the jury that McKool Smith violated the prosecution bar and that, for at least the period of ███████ through August 19, Eolas is not entitled to any patent-term adjustment. The Court should award other sanctions as the Court deems appropriate.

Dated:  April 4, 2019                          Respectfully submitted,

                                               By  /s/ Richard G. Frenkel

                                               DOUGLAS E. LUMISH, Bar No. 183863
                                               doug.lumish@lw.com
                                               RICHARD G. FRENKEL, Bar No. 204133
                                               rick.frenkel@lw.com
                                               JEFFREY G. HOMRIG, Bar No. 215890
                                               jeff.homrig@lw.com
                                               NICHOLAS YU, Bar No. 298768
                                               nicholas.yu@latham.com
                                               LATHAM & WATKINS LLP
                                               140 Scott Drive
                                               Menlo Park, CA 94025
                                               Telephone: (650) 328-4600
                                               Facsimile:  (650) 463-2600

                                               JOSEPH H. LEE, Bar No. 248046
                                               joseph.lee@lw.com
                                               LATHAM & WATKINS LLP
                                               650 Town Center Drive, 20th Floor
                                               Costa Mesa, CA 92626-1925
                                               Telephone: (714) 540-1235
                                               Facsimile:  (714) 755-8290

                                               AMIT MAKKER, Bar No. 280747
                                               amit.makker@lw.com

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

35

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

| 1 | | LATHAM & WATKINS LLP |
|---|---|---|
| | | 505 Montgomery Street, Suite 2000 |
| 2 | | San Francisco, CA 94111-6538 |
| | | Telephone: (415) 395-8034 |
| 3 | | Facsimile:  (415) 395-8095 |

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8034
Facsimile:  (415) 395-8095

MELISSA ARBUS SHERRY (pro hac vice)
melissa.sherry@lw.com
ELANA NIGHTINGALE DAWSON (pro hac vice)
elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

JENNIFER H. DOAN (pro hac vice)
jdoan@haltomdoan.com
JOSHUA R. THANE (pro hac vice)
jthane@haltomdoan.com
J. RANDY ROESER(pro hac vice)
rroeser@haltomdoan.com
HALTOM & DOAN
6500 Summerhill Road, Suite 1000
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800

GRANT KINSEL, Bar No. 172407
gkinsel@perkinscoie.com
PERKINS COIE, LLP
1203 3rd Street, 39th Floor
Seattle, WA 98112
Telephone: (206)-395-316
Facsimile: (206) 359-9000

*Counsel for Defendant*
*AMAZON.COM, INC.*

DATED:  April 4, 2019          By  */s/ Carl G. Anderson*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (CA Bar No. 170151)
David A. Perlson (CA Bar No. 209502)
Carl G. Anderson (CA Bar No. 239927)
Michael D. Powell (CA Bar No. 202850)
Lindsay M. Cooper (CA Bar No. 287125)
Felipe Corredor (CA Bar No. 295692)
qe-eolas@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

36

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Miles Freeman (CA Bar No. 299302)
qe-eolas@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3000
Fax: 213-443-3100

*Attorneys for Defendant*
*GOOGLE LLC*

## **ATTESTATION**

I, Richard Frenkel, am the ECF user whose user ID and password authorized the filing of this document.   Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

DATED:  April 4, 2019                    */s/      Richard G. Frenkel*
                                                        Richard G. Frenkel

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case Nos. 3:17-cv-01138-JST-JSC,
3:17-cv-03022-JST-JSC

37

BRIEFING OF AMAZON AND GOOGLE RE
REMEDIES FOR EOLAS'S AND MCKOOL SMITH'S
VIOLATION OF PROSECUTION BAR