[Counsel identified on signature page]

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

9  EOLAS TECHNOLOGIES
   INCORPORATED,

10                        Plaintiff,

11        v.

12  AMAZON.COM, INC.,

13                        Defendant.

| | |
|---|---|
| Case No. 4:17-cv-03022-JST | |
| Related to Case Nos. 4:17-cv-01138-JST, 4:17-cv-03023-JST, and 4:15-cv-05446-JST | |
| **JOINT CASE MANAGEMENT STATEMENT** | |
| Date: | June 8, 2021 |
| Time: | 2:00 p.m. |
| Courtroom: | Courtroom 6, 2nd Floor |
| Judge: | Hon. Jon S. Tigar |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to this Court's January 28, 2020 Scheduling Order (Dkt. 567)[1], including continuations entered by the Court (Dkts. 630, 638, 646, 648, 650, 652, 654, 658), and the Court's February 27, 2020 order (Dkt. 576), the parties to these cases, by their respective counsel, respectfully submit the following Joint Case Management Statement in anticipation of the Further Case Management Conference scheduled for June 8, 2021. This Joint Case Management Statement omits a number of the sections required by the Standing Order for All Judges of the Northern District of California to focus on the issues most pertinent to next steps for these cases. The parties have previously filed more fulsome Joint Case Management Statements in the individual cases, which more clearly set out the parties' respective positions on all sections from the Standing Order.

1.   **LEGAL ISSUES**

   a.   **Eolas's Statement**

The legal issues in dispute are those in Eolas's complaint (including supplements thereto) and the Defendants' answers (including supplements thereto). At a high level, and given the advanced procedural posture of this case, the issues to be decided are narrow. They are:

- Whether each Defendant infringes one or more claims of the '507 patent as Eolas asserts;
- Whether one or more claims of the '507 patent is invalid as Defendants assert; and
- If Amazon, Google, and/or Walmart are found to infringe one or more claims of the '507 patent that is or are not invalid, the appropriate damages.

   b.   **Amazon's, Google's, and Walmart's Statement**

The legal issues in dispute are those identified by Eolas, as well as those in any of the Defendants' counterclaims. Amazon, Google, and Walmart reserve the right to raise additional issues that may arise through the course of these actions. At present, the following legal issues are disputed:

---

[1] Docket entries cited herein are to Case No. 4:17-cv-3022-JST unless otherwise noted.

- Whether any Defendant infringes one or more of asserted claims 19, 24, 26, 32, 37, 39, and 45 of the '507 patent;
- If any Defendant infringes a valid and enforceable asserted claim of the '507 patent, the amount of damages adequate to compensate Eolas for the infringement;
- Whether the asserted claims of the '507 patent are invalid also because they fail once again to satisfy the conditions for patentability specified in Title 35 of the U.S. Code, including sections 101, 102, 103, and/or 112;
- Whether the asserted claims of the '507 patent are invalid because the term of the '507 patent was improperly extended or adjusted under 35 U.S.C. § 154, or because of improper inventorship (§ 256) or derivation (pre-AIA § 102(f));
- Whether Eolas's claims are barred in whole or in part by the doctrines of estoppel, prosecution laches, disclaimer, patent misuse, waiver, unclean hands, inequitable conduct, and/or license and exhaustion; and
- Whether any party is entitled to attorneys' fees under 35 U.S.C. § 285 or costs.

## 2.   **MOTIONS**

### a.   **Prior and Pending Motions[2]**

The following motions were fully briefed and pending before these cases were transferred to this District, and remain pending:

- Motion of Amazon, Google, and Walmart, to Supplement Their Patent Rule 3-3 Invalidity Contentions and Rule 3-4(b) Document Production (Dkt. 203), Eolas's Opposition thereto (Dkt. 206), Defendants' Reply (Dkt. 214), and Eolas's Sur-Reply (Dkt. 219);
- Motion of Amazon, Google, and Walmart, for Leave to File a Supplemental Brief in Support of Their Motion for Leave to Supplement Their Patent Rule 3-3 Invalidity Contentions and Rule 3-4(b) Document Production (Dkt. 241), Eolas's

---

[2] Motions related to venue, transfer, or other motions not directly touching on the merits have been omitted.

1    Opposition thereto (Dkt. 243), Defendants' Reply (Dkt. 246), and Eolas's Sur-

2    Reply (Dkt. 250); and

3    • Motion of Walmart (joined by Amazon and Google) to Compel Previous Litigation

4    Documents and Email Production From Eolas Technologies Incorporated (Dkt.

5    221; Dkt. 226 (Amazon joining); Dkt. 227 (Google joining)); and Eolas's

6    Opposition thereto (Dkt. 231).

7    The Court indicated that all three cases would be referred to a magistrate judge for all discovery

8    purposes, including the above three motions. (*See* Dkt. 377.) The Court subsequently referred the

9    Amazon case to Magistrate Judge Corley for all discovery purposes. (*See* Dkt. 407.) None of these

10   motions have been discussed with Judge Corley, as all matters were stayed during resolution of

11   the prosecution bar issues, Defendants' motion for reconsideration as to claim construction, and

12   Defendants' motion for summary judgment. The parties welcome resolution of these motions—by

13   the Court or Judge Corley. If discovery and these motions will still be referred to Magistrate Judge

14   Corley, the parties ask that the Court refer all three cases similarly since the above motions were

15   briefed jointly. The parties agree that each of the above-listed motions should be taken up now that

16   Defendants' early summary judgment motion has been decided.

17   Since transfer to this District, several motions have been decided:

18   • Eolas's Motion to Disqualify Latham & Watkins (Dkt. 253), filed February 28,

19   2016, was denied (Dkt. 385);

20   • Eolas's Motion for Leave to File a Motion for Reconsideration (Dkt. 391), filed

21   September 14, 2017, was denied (Dkt. 396);

22   • Amazon's and Google's Motion to Compel Additional Post-July 22, 2014

23   Discovery (Dkt. 467), filed September 26, 2018, was denied (Dkt. 492);

24   • Amazon's Motion for Order to Show Cause Regarding McKool Smith's Violation

25   of Prosecution Bar (Dkt. 262), filed March 2, 2017, was denied (Dkt. 566);

26

27

28

- Defendants' Motion for Summary Judgment on Obviousness-Type Double Patenting & Preclusion Doctrines (Dkts. 592, 614), filed March 24, 2020, was denied (Dkt. 655); and

- Defendants' Motion for Limited Reconsideration of Construction of "Interactive-Content Application" (Dkt. 619), filed April 14, 2020, was denied (Dkt. 619).

**b.    Anticipated Motions**

The parties anticipate that they may file summary judgment, *Daubert*, and other pre-trial motions following expert discovery. Such motions would be filed in accordance with the Court's scheduling and other orders.

**1.    Eolas's Statement**

For the reasons discussed below, Eolas anticipates filing a motion to compel Defendants to destroy Eolas's privileged and work product documents produced as part of the Court's resolution of Defendants' already-denied prosecution bar motion—documents that Defendants have refused to destroy notwithstanding the narrow and limited scope of the waiver that related *only* to the resolution of that motion.

Furthermore, Defendants' suggestion that they may seek or be entitled to *additional* documents (including additional potentially privileged or work product documents) is without merit. Discovery in these cases has been closed for more than four years—and, prior to the close of discovery, Defendants did not timely file a motion seeking the production of any such documents. Indeed, Amazon's and Google's Motion to Compel Additional Post-July 22, 2014 Discovery (Dkt. 467)—which presumably covers at least some of the potentially privileged or work product documents that Defendants refer to below—was already denied (Dkt. 492).  The Court should promptly and conclusively reject Defendants' attempt to file additional motions or otherwise reopen discovery, which would result in further delay of these long-pending cases.

**2.    Amazon's, Google's, and Walmart's Statement**

As explained in detail below, Defendants believe that given the history of the dispute over prosecution bar-related documents, it would be most efficient to follow the Court's procedure

-4-

1   regarding discovery motions so that the parties may outline the facts and law in detail for the

2   Court. In addition to the documents that are already in in Defendants' possession (which

3   Defendants have not refused to destroy as Eolas contends but rather contend they fall within the

4   scope of the agreed-to waiver), Defendants believe that Eolas has additional documents that have

5   not been produced and are relevant to Defendants' defenses related to the prosecution of the '507

6   patent, including invalid patent term adjustment, inequitable conduct, and unclean hands. Given

7   these document-related disputes, Defendants ask for the opportunity to file a motion to compel

8   these not-yet-produced documents in connection with these defenses, as well as the use of the

9   documents that have been produced. While Eolas contends such a motion would be procedurally

10  improper because discovery has been closed, Defendants would not have been aware of such

11  documents during the fact discovery period since it only came to light that Eolas has been

12  withholding additional relevant documents as part of the motion practice on the protective order,

13  which took place *after* the close of fact discovery.

14  **3.      <u>DISCOVERY</u>**

15           **a.      Eolas's Statement**

16           The district court entered discovery, protective, and ESI orders for this case prior to

17  transfer (Dkts. 75, 97-98). Fact discovery has concluded. With limited exceptions related to

18  possible additional third party depositions and documents that may be needed if Defendants'

19  motion for leave (discussed in "Motions" section) is granted such that additional alleged prior art

20  becomes at issue, Eolas does not believe that further fact discovery is necessary or that this Court

21  should enter additional discovery, protective, or ESI orders.

22           Notwithstanding the Court's denial of Defendants' prosecution bar motion and the limited

23  scope of the waiver related only to the resolution of that issue, Defendants have indicated their

24  intention to use these privileged documents to litigate issues related to "patent term adjustment,

25  inequitable conduct, and unclean hands." At the time Eolas agreed to voluntarily waive privilege

26  regarding these documents, it made clear that the waiver was ***expressly limited to resolving the***

27  ***prosecution bar motion and did not extend to any other issue in the case.*** As explained in detail

28

1   below, the narrow scope of Eolas's voluntary waiver was subsequently reiterated multiple times

2   (both by Eolas and Magistrate Judge Corley), conclusively resolving any ambiguity. Because the

3   prosecution bar motion has been resolved, Defendants Google and Amazon should be ordered to

4   destroy all of the privileged materials over which Eolas voluntarily waived privilege.

5         Following a back-and-forth discussion with Magistrate Judge Corley and Defendants at the

6   March 29, 2018 Hearing, Eolas agreed to a "partial" and "circumscribe[d]" disclosure of "the

7   documents up to July 22nd" on the condition that the limited disclosure would not constitute a

8   "broader waiver" and the documents would be used "only for the purposes of this [ prosecution

9   bar] motion." March 29, 2018 Hearing Tr. at 24:5, 25:14, 27:22-23, 29:10-17. Magistrate Judge

10   Corley further indicated that Eolas could allow Defendants to see the disclosed documents with

11   "no subject matter waiver." *Id.* at 23:5-8. The waiver agreed to at the March 29, 2018 hearing

12   therefore did not extend beyond the prosecution bar motion.

13         The limited scope of the wavier Eolas agreed to was again confirmed at the April 26, 2018

14   Hearing before Magistrate Judge Corley. At that hearing, Eolas made clear "that the offer that we

15   are making to give [McKool Smith's] internal documents is also subject to the condition that

16   [counsel for Eolas] stated last time, . . . that is it's for purposes of this [prosecution bar] motion ,

17   because it also could be helpful to [Defendants] with regard to the merits and that's not what we're

18   talking about here." April 26, 2018 Hearing Tr. at 15:17-23. In response, Magistrate Judge Corley

19   stated unambiguously that "I understand it's [the agreed waiver] about whether the prosecution bar

20   was violated." *Id.* at 15:24-25. Counsel for Defendants' then asserted that the waiver extended to a

21   laundry list of other issues, including (but not limited to), "the patent term extension defense, our

22   infringement invalidity defenses as they relate to res judicata and collateral estoppel and other

23   issues, Rule 37 and the like" and further asserted that the documents should not be "constrained

24   only to deciding whether the bar was violated or not" because "the documents . . . are relevant to

25   other substantive issues." *Id.* at 16:7-24. Magistrate Judge Corley then remarked:

26           That's fine. But they [Eolas] waived for a limited purpose – and it may be that,
27           notwithstanding their waiver, the Court would order it could be used for a broader
        purpose, but that wouldn't be their agreement, that would be an order.

28

*Id*. at 17:2-6. To the extent there was any ambiguity about the scope of the waiver agreed to at the March 29, 2018 Hearing, the April 26, 2018 Hearing conclusively resolved it: the waiver Eolas agreed to did not extend beyond the prosecution bar motion and certainly did not extend to "other substantive issues" like Defendants' patent term adjustment and other invalidity defenses.[3] The Court's December 9, 2019 Order confirms this. Dkt. 566 at 3 ("Eolas also agreed to turn over its attorney-client privileged communications prior to that date on the condition that those documents would be produced for 'attorney's eyes only' review ***and used only for purposes of the motion now before the Court*** [i.e., the prosecution bar motion]." (emphasis added)).

Consistent with the narrow scope of its voluntary wavier (limited to resolution of the prosecution bar motion) discussed at the March 29, 2018 Hearing, Eolas produced the first set of privileged documents on the condition that they be "used for the limited purpose" of "resol[ving] . . . Amazon's Motion for an Order to Show Cause (Dkt. 262)"—*i.e.* the prosecution bar motion. Dkt. 569-1 (J. Quigley Email to Amazon dated April 6, 2018). Eolas further reiterated that "[a]s agreed during the March 29, 2018 hearing, there is no broader subject matter privilege waiver based upon this production." *See id.* Eolas produced these documents to Google with the same conditions. *See* Dkt. 569-2 (J. Quigley Email to Google dated April 6, 2018). Similarly, Eolas produced the second set of privileged documents to both Amazon and Google on the condition that they be "used for the limited purpose" of "resol[ving] . . . Amazon's Motion for an Order to Show Cause (Dkt. 262)" and that "as before and as the parties agreed during the March 29, 2018 hearing, there is no broader subject matter privilege waiver based upon this production." Dkt. 569-3 (M. Moore Letter to Google and Amazon dated June 15, 2018). Eolas was "entitled to rely" on these conditions, "so that it [would] not be unfairly surprised in the future by learning that it actually waived more than it bargained for" when it agreed to make its limited disclosure. *See Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir. 2003). And Defendants effectively agreed to be

---

[3] The September 6, 2018 Hearing Transcript further demonstrates the circumscribed nature of Eolas's agreed waiver. *See* September 6, 2018 Hearing Transcript at 25:3-13 (Magistrate Judge Corley denying Walmart's request for access to the privileged materials related to the "defense of the invalid patent term adjustment" because while "that may be a defense" it is "not a defense I'm adjudicating discovery for now."); *see also id*. at 25:14-26:22.

1  bound by these conditions when they reviewed these documents: if they did "not wish to be

2  bound, [they were] free to reject the materials and litigate without them." *Id.*

3       The Court previously stated that it would speak with Judge Corley about this issue,

4  including potentially referring the issue to Judge Corley. *See* Feb. 24, 2020 Hearing Transcript at

5  5:7-7:6. Eolas welcomes resolution of the issue—by the Court or Judge Corley—as promptly as

6  possible.

7       **b.    Amazon's, Google's, and Walmart's Statement**

8            **i.    Discovery Taken to Date**

9       Fact discovery is largely complete. If the Court grants the pending Motion to Compel

10  Previous Litigation Documents and Email Production From Eolas (*supra* Section 2.a), Eolas will

11  need to produce the requested litigation and email documents. In addition, in a motion filed before

12  the case was transferred to this Court in 2017, Amazon, Google, and Walmart seek to supplement

13  their invalidity contentions with additional materials related to the invalidity theories they have

14  already disclosed. Notably, Amazon and Walmart each included the additional materials in their

15  invalidity expert's report, and Eolas responded to this evidence through its own rebuttal report.

16  Presumably, the same will be true when Google and Eolas exchange expert reports. Expert

17  depositions of validity experts have not yet occurred.

18       Defendants' motion for leave to supplement its invalidity contentions is not a basis to

19  reopen discovery, as Eolas suggests. Defendants' timely disclosed third party prior art witnesses

20  who were included in their amended initial disclosures. Not only were these witnesses part of

21  Defendants' initial disclosures during the present litigation, but Eolas was already aware of many

22  of these witnesses from the prior litigation. Yet Eolas never sought to depose any of these

23  witnesses during fact discovery. These cases were transferred to this District after fact discovery

24  closed and, aside from the pending discovery motions, there is no good cause to reopen it now.

25       Amazon and Eolas, and Walmart and Eolas, have exchanged opening and rebuttal expert

26  reports. Amazon, Walmart, and Eolas have deposed some of the designated experts but expert

27  discovery is not yet complete.

28

1

##### ii.    Scope of Anticipated Discovery

2    Google and Eolas have not yet exchanged expert reports or started expert depositions.

3    The parties anticipate the need to begin and finish expert discovery.

4

##### iii.    Use of Prosecution Bar-Related Discovery

5    The Court previously stated that it would speak with Judge Corley about the issue of using

6 the prosecution bar-related discovery, including potentially referring the issue to her. *See* February

7 24, 2020 Hearing Transcript at 5:7-7:6. The history and facts related to this issue are complex, and

8 therefore, Defendants believe that it would be most efficient to resolve this dispute through the

9 Court's procedure regarding discovery motions. Defendants are agreeable to Judge Corley or this

10 Court resolving this potential motion and dispute.

11    As a summary of Defendants' position (which Defendants can explain further in a fully

12 developed motion should the Court request briefing on this issue), Defendants maintain a number

13 of defenses related to the prosecution of the '507 patent, including invalid patent term adjustment,

14 inequitable conduct, and unclean hands. The relevance of the prosecution activities to these

15 theories was explained during a hearing with Magistrate Judge Corley. (*See* Mar. 29, 2018 Hr'g

16 Tr. at 30:20-31:16.) Judge Corley recognized that these theories all "related to either, one, the

17 patent prosecution bar people who reviewed confidential -- participated in the prosecution of the

18 continuation application; or two, the patent term adjustment theory. It's related to those two

19 things. . . . And maybe many theories around those two things." (*Id.* at 31:3-11.) At that hearing,

20 Eolas agreed to waive privilege as to "the documents up to July 22nd . . ., and that [the waiver] is

21 limited to these two issues that Your Honor's identified" (*id.* at 29:10-17)—namely, "violation of

22 the Protective Order" and Defendants' "argument as to the patent term adjustment theory" (*id.* at

23 27:24-28:3). Despite that clear waiver, Eolas contends that the documents produced may not be so

24 used. Defendants ask that the Court hold Eolas to the waiver it made and allow Defendants to use

25 and rely on the materials that Eolas and McKool Smith produced during discovery into the

26 prosecution bar issues.

27

28

Case No. 4:17-cv-03022-JST                                   JOINT CASE MANAGEMENT STATEMENT

1    Defendants also believe that documents that have not been produced are relevant to these

2   defenses. Defendants ask for the opportunity to file a motion to compel these not-yet-produced

3   documents in connection with these defenses, as well as the use of the documents that have been

4   produced, should the Court determine that Eolas's clear waiver may be withdrawn. Again, while

5   Eolas has added its position to this Joint Case Management Statement in detail above, Defendants

6   believe this matter should be resolved by the Court's motion to compel process, so that

7   Defendants may outline the facts and law in detail.

8                    **iv.    Settlement and ADR**

9    While in the Eastern District of Texas, the parties previously agreed on Judge David

10  Folsom as a private mediator. At the August 2, 2017 Case Management Conference, the Court

11  asked the parties to pick a local mediator. The parties will meet and confer regarding a new

12  mediator and agree to try and mediate the respective cases at a date to be determined later by the

13  parties but prior to any hearing on later dispositive motions.

14  **4.      NARROWING OF ISSUES**

15          **a.     Eolas's Statement**

16   At this time, Eolas does not foresee the parties further narrowing any issues, claims, or

17  defenses. However, the invalidity-related issues would narrow if Defendants' motion for leave to

18  amend their invalidity contentions (discussed in Section 2, *supra*) is denied. As previously stated

19  in the Joint Case Management Statements filed in Case Nos. 4:17-cv-1138-JST and 4:17-cv-3023-

20  JST, Eolas disagrees with Google and Walmart that any further narrowing on the part of Eolas is

21  warranted or necessary. Eolas agrees with Defendants' prior position (Dkt. 569 at 13) that the

22  parties will attempt to reach agreement on various matters that will expedite the presentation of

23  evidence at trial, including stipulations of fact and agreements regarding authenticity and

24  admissibility of documents.

25          **b.     Amazon's, Google's, and Walmart's Statement**

26   Google and Walmart maintain their positions that Eolas should narrow the number of

27  asserted claims and/or the number of accused products.

28

1

**5.**     **SCHEDULING**

2

    **a.**     **Eolas's Statement**

3

    Eolas provides its proposed schedule in Attachment A.

4

    Given the delay in these cases imposed by Defendants over the last four years—through at

5

least three time-consuming, allegedly-dispositive, and failed motions—Eolas proposes promptly

6

moving these cases towards trial. To that end, Eolas's proposed schedule stages the case such that

7

the Amazon and Walmart cases, which are further along procedurally, do not wait for the Google

8

case to catch up. Instead, Eolas proposes finishing expert discovery and beginning pre-trial

9

preparations in the Amazon and Walmart cases while the Google case moves towards serving

10

expert reports, completing expert discovery, and pre-trial preparations.

11

    Defendants' purported justifications for continued delay are unpersuasive. As to the

12

personal and health related issues of Walmart's non-infringement expert, no delay of months is

13

warranted. Expert reports were served in this case over four years ago. Walmart's expert was days

14

away from being deposed at the time of transfer. To the extent Walmart seeks a replacement non-

15

infringement expert, that expert can adopt, and should be limited to, the prior expert's report and

16

conclusions. Eolas should not be forced to incur the delay and additional expense associated with

17

Walmart re-serving new expert reports, from a new expert, where that expert expresses new

18

opinions and new theories. Other courts, when faced with this issue, have ordered that the

19

replacement expert be limited to the scope and content of the report served by the original expert.

20

*See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. 06-CV-06213, 2016 WL 6826171, at

21

*4 (C.D. Cal. Apr. 7, 2016) (new expert "may not testify in any manner that is contrary to or

22

inconsistent with" former expert's report); *Park v. CAS Enterprises, Inc.*, No. 08-CV-385, 2009

23

WL 4057888, at *3 (S.D. Cal. Nov. 19, 2009) (substitute expert may not "espouse any other

24

opinions or theories not found in [the original] expert reports" because it would "be both

25

prejudicial and unduly burdensome to [opposing party]"); *Lincoln Nat. Life Ins. Co. v.*

26

*Transamerica Fin. Life Ins. Co.*, No. 1:04-CV-396, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30,

27

2010) ("[T]he substitute expert's report and testimony is frequently limited to the subject matter

28

1    and theories already espoused by the former expert."). The case cited by Walmart is inapposite.  In

2    *Green v. City & County of San Francisco*, the parties stipulation that defendants could "augment

3    their expert disclosure" and that the new expert would be limited *only* to the "*the topics* addressed

4    in [the original] expert disclosure." No. 10-cv-02649-RS (MEJ), 2015 U.S. Dist. LEXIS 46102, at

5    *3 (N.D. Cal. Apr. 8, 2015) (emphasis added). The sole question before the court was whether the

6    new report violated the parties' stipulation and the court's order effectuating the stipulation.  Here,

7    the parties have not already agreed that Walmart can "augment" its expert disclosure or delay

8    resolution of these cases while it does so. *Green*'s holding is therefore inapplicable.

9         As to personal and health related issues of Amazon's invalidity expert, Eolas is amenable

10   to being flexible with the location and timing of his deposition. The parties can surely work to

11   accommodate the personal schedule of Amazon's expert to minimize the burden of his deposition,

12   in light of his personal considerations. To that end, Eolas has agreed to move its proposed expert

13   discovery cutoff by two weeks (from June 30, 2021 to July 15, 2021) to ensure there is adequate

14   time for flexibility to accomplish the deposition with the minimal amount of burden. But Eolas

15   should not be forced to again delay this case for many more months where it seems evident from

16   Amazon's own statement that a deposition is indeed possible within the discovery period proposed

17   by Eolas.

18        Defendants are also incorrect that the case should be further delayed pending resolution of

19   several motions. Those motions can be resolved in parallel with Eolas's proposed schedule. None

20   of the motions are case dispositive, and none justify *de facto* staying the case *again* until they are

21   resolved. Eolas agreed to stay the case to enable the resolution of at least three time-consuming,

22   allegedly-dispositive, and failed motions as urged by Defendants. Now that those motions have

23   been conclusively resolved, it is time to move this case towards resolution, it is not–as Defendants

24   ask–time to impose *further delays* while the Court resolves the few non-dispositive motions that

25   were pending at the time of the stay, Eolas's motion to compel Amazon and Google to destroy

26   Eolas's privileged materials, or to enable Defendants to file additional (unnecessary) motions.

27   Defendants are simply wrong that further delay is not prejudicial to Eolas—delay imposes

28

1  significant and real costs in the form of lost time, increased litigation expense, and unnecessary

2  uncertainty.

3  Finally, as to the deadlines in its proposed schedule, Eolas has updated the entries in its

4  proposed schedule to account for issues, such as pre-trial disclosures, that Defendants seek to

5  include. Although Eolas based its original proposal on the stipulated schedule from March 2020

6  (Dkt. 581), Eolas is amenable to adding the sorts of deadlines proposed by Defendants. As to the

7  *Daubert* motion deadline, one week between the end of expert discovery and filing such motions

8  is more than adequate. The parties can begin preparing any such motions in advance of an expert's

9  deposition, and can finalize their motions shortly after any such depositions.

10  **b.  Amazon's, Google's, and Walmart's Statement**

11  Defendants provide their proposed dates in Attachment B.

12  Amazon and Walmart oppose proceeding with the Amazon and Walmart cases on one

13  schedule and Google's case on another schedule.[4] As Walmart has discussed with Eolas during the

14  meet and confer process, one of its experts is facing health issues and has informed Walmart that

15  he is no longer available.  Walmart has identified a replacement non-infringement expert and

16  hopes to have him fully engaged and disclosed to Eolas in the near future.  While Walmart expects

17  that its replacement expert's non-infringement report will be similar to its prior non-infringement

18  report, Walmart's replacement expert should not be required to "parrot" the earlier report as "such

19  an approach would be inconsistent with the requirements that an appointed expert is to be

20  independent and offer his own opinions based on his experience and expertise in the subject

21  matter." *Green v. City & Cty. of S.F.,* No. 10-cv-02649-RS (MEJ), 2015 U.S. Dist. LEXIS 46102,

22  at *9 (N.D. Cal. Apr. 8, 2015) (citing *Palatkevich v. Choupak*, 2014 U.S. Dist. LEXIS 153867,

23  (S.D.N.Y. Oct. 21, 2014)). Furthermore, given that Walmart's prior expert was not deposed before

24  the case was transferred, Walmart's replacement expert will be required to review and understand

25  all the underlying materials associated with Eolas's infringement allegations in preparation for his

26  ────────────────

27  [4] Google joins with Amazon and Walmart on their request for the schedule in Attachment B.
   However, Google would also not be opposed to being on a slightly later schedule, if that is what

28  the Court prefers, so long as Google's dates are in alignment with the dates in Attachment B.

1   deposition in this case even if he were required to parrot the prior report.  This is no small task

2   given the breadth of Eolas's allegations and the number of Walmart features alleged to infringe,

3   and defendants' requested schedule properly accounts for this.  And Amazon's invalidity expert

4   has a personal health situation with a member of his immediate family that currently makes

5   depositions logistically difficult, and so allowing for his deposition to take place in the fall would

6   allow more time for him to deal with that situation.  And while Amazon appreciates Eolas's offer

7   of flexibility with respect to Amazon's invalidity expert, it does not fully address the current

8   difficulties with the expert's situation.

9        Further, Defendants believe that they can make use of the next few months by having

10  Judge Corley resolve the three pending discovery motions, which may lead to additional discovery

11  that could be considered by the experts, before proceeding with expert depositions. And, as

12  indicated above, there may be cross-motions relating to documents Eolas produced as part of the

13  prosecution bar issue.

14       Defendants also disagree with Eolas's proposed schedule. Google's lead counsel and other

15  counsel of record have trials that are currently scheduled the week of April 21, which is when

16  Eolas has proposed the hearing for dispositive motions.  Further, Eolas's proposed schedule only

17  provides the parties with one week to file *Daubert* motions after the close of expert discovery and

18  unnecessarily condenses the time necessary to complete important pretrial disclosures, such as

19  deposition designations and witness lists or trial submissions, such as jury instructions, verdict

20  forms, and the pretrial order, all of which take a substantial amount of time and effort for the

21  parties to complete. Defendants' proposed schedule, which accounts for these important deadlines

22  and provides the necessary time needed for the parties to complete these tasks, only shifts Eolas's

23  proposed schedule by a few months.

24       A shift in the schedule by a few months to provide the parties sufficient time between

25  deadlines to properly prepare its respective case and to prepare for trial will not prejudice Eolas.

26  The '507 patent expired 3.5 years ago on August 24, 2017, so any damages owed to Eolas ended

27  on August 24, 2017—Eolas is not suffering from any continued alleged damages and there is no

28

1   possibility of injunctive relief.  Eolas concludes without explanation that a delay would lead to

2   "costs in the form of lost time, increased litigation expense, and unnecessary uncertainty," but

3   ignores that Defendants' schedule and synchronization of the cases would actually reduce costs

4   and promote efficiency, especially if the cases were consolidated for invalidity purposes.

5   **6.      TRIAL**

6          **a.      Eolas's Statement**

7          Eolas has demanded that the case be tried by jury. Eolas understands that the Court holds

8   trial Monday through Thursday from 8:30 a.m. to 1:30 p.m. Given this, Eolas expects that each

9   trial (one per defendant) will last 7-8 court days.

10         Eolas agrees with the Court's prior assessment (at the August 2, 2017 case management

11  conference) that a bifurcated invalidity trial is inappropriate here. Instead of responding point-by-

12  point to Defendants' arguments below, Eolas only points out that the *Adobe* case was one

13  consolidated case (not three separate cases as here), in a different jurisdiction (that Defendants

14  sought refuge from in these cases), involving a single defense expert (compared to three separate

15  validity experts here), and involving the same prior art for each defendant (Defendants each use

16  different prior art here). Eolas is prepared to discuss this issue in more detail at the upcoming case

17  management conference.

18         **b.      Amazon's, Google's, and Walmart's Statement**

19         Each of Amazon, Google, and Walmart requests trial by jury for all issues so triable. The

20  length of the trial will depend on the resolution of the parties' pretrial motions and the ability to

21  narrow the issues. Amazon presently believes that a ten-day trial would be sufficient if all issues

22  are tried together. Google and Walmart presently believe that if Eolas narrows its asserted claims

23  and accused products (*see* Dkt. 79 in Case No. 4:17-cv-1138-JST; Dkt. 86 in Case No. 4:17-cv-

24  3023-JST), a 7-8 day trial for each is reasonable.

25         If the Court desires to discuss trial scheduling at the Case Management Conference,

26  Defendants will be prepared to do so. Although the court indicated at the August 2, 2017 Case

27  Management Conference that it did not favor a bifurcated invalidity trial and that it intends to hold

28

three separate trials, Defendants again reiterate that it would be appropriate to bifurcate the

contested issues of invalidity of the asserted claims of the '507 patent and hold a joint trial on

invalidity with all defendants separately from the other issues to be tried. This procedure was used

in *Eolas Technologies Inc. v. Adobe Sys. Inc., et al.*, No. 09-cv-446 (E.D. Tex.). There, Eolas

agreed to a joint trial on invalidity, stating "it is unfair to subject the patent to multiple trials on

invalidity" and "in terms of judicial economy, it does not make sense to have three different juries

considering exactly the same issues." Jan. 19, 2012 Trial Plan Tr. at 3:21-4:3, 8:12-14. In that

earlier case, the jury trial on invalidity issues relating to the great-grandparent and grandparent

patents to the '507 patent in this case resulted in a finding of invalidity. The U.S. Court of Appeals

for the Federal Circuit affirmed and that case was resolved without further trials against multiple

defendants.

Eolas's complaints about a consolidated invalidity trial are easily addressed.  The Court

has the authority to consolidate the three cases on a common issue like invalidity, and the

jurisdiction is irrelevant to the question of whether consolidation is appropriate.  And as with

Defendants' joint invalidity contentions and motion for summary judgment (which relied on a

single expert for all Defendants), Defendants will work together to address any potential

redundancies, which in any case will be minimal.  For example, the Defendants' bases for

invalidity (including prior art) are largely coextensive.  And a consolidated trial would best

address Eolas's concerns about "costs in the form of lost time, increased litigation expense, and

unnecessary uncertainty," as it would be more efficient, reduce expenses and uncertainties, and

potentially save time, to have a consolidated trial.

In addition to gains on judicial economy, a bifurcated trial with invalidity issues tried

separately from other issues would result in minimizing third party witness time and expense.

Defendants all intend to call third party prior art witnesses to support their invalidity defense and

rely on substantially the same prior art and invalidity defenses. Indeed, Defendants served their

invalidity contentions in the case jointly. If the trials are not bifurcated, this would result in the

Defendants calling at least some of the same prior art witnesses for each Defendants' respective

trial. Many of these witnesses are advanced in age and remote from the jurisdiction. There is also a risk that the prior art witnesses would not agree to testify in three separate trials. For example, Sir Tim Berners-Lee might testify about the development of the World Wide Web and the HTML and HTTP protocols it uses, in relation to some of Defendants' prior art invalidity cases. Sir Berners-Lee, who testified in the 2012 combined invalidity trial in Marshall, Texas, resides in the United Kingdom, and would be greatly inconvenienced to have to provide testimony on more than one occasion. Given the pandemic, the age of these witnesses, and the time and expense to prepare and attend trial, it would be an incredible burden to place on these third party witnesses. Accordingly, Amazon, Google, and Walmart respectfully suggest this Court follow the same bifurcated trial procedure here as was used in *Eolas Technologies Inc. v. Adobe Sys. Inc., et al.*, No. 09-cv-446 (E.D. Tex.).

DATED: June 1, 2021              Respectfully submitted,


                                 By /s/ James E. Quigley

                                 John B. Campbell (admitted pro hac vice)
                                 Josh W. Budwin (admitted pro hac vice)
                                 James E. Quigley (admitted pro hac vice)
                                 **McKool Smith, P.C.**
                                 303 Colorado Street, Suite 2100
                                 Austin, Texas 78701
                                 Telephone: (512) 692-8700
                                 Facsimile: (512) 692-8744
                                 jcampbell@McKoolSmith.com
                                 jbudwin@McKoolSmith.com
                                 jquigley@McKoolSmith.com

                                 Eliza Beeney (admitted pro hac vice)
                                 **McKool Smith, P.C.**
                                 One Manhattan West
                                 395 9th Avenue, 50th Floor
                                 New York, New York 10001
                                 Telephone: (212) 402-9400
                                 Facsimile: (212) 402-9444
                                 ebeeney@McKoolSmith.com

                                 Alan P. Block (State Bar No. 143783)
                                 **McKool Smith Hennigan, P.C.**
                                 300 S. Grand Avenue, Suite 2900
                                 Los Angeles, California 90071
                                 Telephone (213) 694-1200
                                 Facsimile (213) 694-1234
                                 ablock@McKoolSmith.com

                                 Attorneys for Plaintiff
                                 Eolas Technologies Incorporated


                                 By /s/ David A. Perlson

                                 Charles K. Verhoeven (CA Bar No. 170151)
                                 David A. Perlson (CA Bar No. 209502)
                                 Carl G. Anderson (CA Bar No. 239927)
                                 Lindsay M. Cooper (CA Bar No. 287125)
                                 Felipe Corredor (CA Bar No. 295692)
                                 QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                 50 California Street, 22nd Floor
                                 San Francisco, CA 94111
                                 Telephone: 415-875-6600
                                 Facsimile: 415-875-6700
                                 qe-eolas@quinnemanuel.com

                                 Deepa Acharya (CA Bar No. 267654)
                                 QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                 1300 I Street NW, Suite 900
                                 Washington, DC 20005

-18-

Telephone: 202-538-8000
Facsimile: 202-538-8100
qe-eolas@quinnemanuel.com

*Attorneys for Defendant*
*GOOGLE LLC*

By */s/ Richard G. Frenkel*

DOUGLAS E. LUMISH, Bar No. 183863
doug.lumish@lw.com
RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
JEFFREY G. HOMRIG, Bar No. 215890
jeff.homrig@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

JOSEPH H. LEE, Bar No. 248046
joseph.lee@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

AMIT MAKKER, Bar No. 280747
amit.makker@lw.com
BLAKE R. DAVIS, Bar No. 294360
blake.davis@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8034
Facsimile: (415) 395-8095

MELISSA ARBUS SHERRY (admitted pro hac vice)
melissa.sherry@lw.com
CHARLES S. DAMERON (admitted pro hac vice)
charles.dameron@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

JENNIFER H. DOAN (*pro hac vice*)
jdoan@haltomdoan.com
JOSHUA R. THANE (*pro hac vice*)
jthane@haltomdoan.com
J. RANDY ROESER (*pro hac vice*)
rroeser@haltomdoan.com
HALTOM & DOAN

6500 Summerhill Road, Suite 1000
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800

GRANT KINSEL, Bar No. 172407
gkinsel@perkinscoie.com
PERKINS COIE, LLP
1203 3rd Street, 39th Floor
Seattle, WA 98112
Telephone: (206)-395-316
Facsimile: (206) 359-9000

*Counsel for Defendant*
*AMAZON.COM, INC*

By */s/ Bijal Vakil*　　　　　　　　　　　　　　

Bijal V. Vakil (SBN 192878)
Shamita D. Etienne-Cummings (SBN 202090)
Eric E. Lancaster (SBN 244449)
Henry Huang (SBN 252832)
Ryuk Park (SBN 298744)
WHITE & CASE LLP
3000 El Camino Real Two Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com
Email: setienne@whitecase.com
Email: eric.lancaster@whitecase.com
Email: henry.huang@whitecase.com
Email: ryuk.park@whitecase.com

John R. Keville (admitted pro hac vice)
Robert L. Green, III (admitted pro hac vice)
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: jkeville@winston.com
Email: rlgreen@winston.com

*Counsel for Defendant*
*WALMART INC.*

-20-

## **ATTESTATION**

I, James E. Quigley, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

DATED: June 1, 2021                    /s/ James E. Quigley
                                                    James E. Quigley

**ATTACHMENT A**

**EOLAS'S PROPOSED SCHEDULE**

| DEADLINE DESCRIPTION | AMAZON/WALMART DATE | GOOGLE DATE |
|---|---|---|
| Defendants to provide updated financial information | June 10, 2021 | June 10, 2021 |
| Opening Expert Reports | N/A | August 26, 2021 |
| Rebuttal Expert Reports | N/A | September 30, 2021 |
| Expert Discovery Cutoff | July 15, 2021 | October 21, 2021 |
| *Daubert* Motions & Motions to Strike | July 22, 2021 | October 28, 2021 |
| Oppositions to *Daubert* Motions & Motions to Strike | August 12, 2021 | November 18, 2021 |
| Replies to *Daubert* Motions & Motions to Strike | August 19, 2021 | December 9, 2021 |
| Hearing on *Daubert* Motions & Motions to Strike | August 26, 2021 | January 6, 2022 |
| Dispositive Motions | September 23, 2021 | February 10, 2022 |
| Oppositions to Dispositive Motions | October 21, 2021 | March 10, 2022 |
| Replies to Dispositive Motions | November 4, 2021 | March 24, 2022 |

| DEADLINE DESCRIPTION | AMAZON/WALMART DATE | GOOGLE DATE |
|---|---|---|
| Hearing on Dispositive Motions | November 18 2021 | April 21, 2022 |
| Mediation | December 2, 2021 | April 28, 2022 |
| Exchange Pretrial Disclosures (Witness List, Deposition Designations, Exhibits, and Exhibit List) by the Party with the Burden of Proof | December 15, 2021 | May 12, 2022 |
| Exchange Objections to Pretrial Disclosures; Exchange Rebuttal Pretrial Disclosures | January 5, 2022 | June 2, 2022 |
| Exchange Objections to Rebuttal Pretrial Disclosures | January 12, 2022 | June 9, 2022 |
| Motions *in limine* | January 19, 2022 | June 16, 2022 |
| Oppositions to Motions *in limine* | February 3, 2022 | June 30, 2022 |
| Pretrial Conference Statement, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Juror Questionnaire, Updated Exhibit Lists, and Updated Witness Lists | February 10, 2022 | July 7, 2022 |
| Pretrial Conference | February 18, 2022 | July 15, 2022 |
| Trials | TBD | TBD |

**ATTACHMENT B**

**DEFENDANTS' PROPOSED SCHEDULE**

| DEADLINE DESCRIPTION | DATES PROPOSED BY DEFENDANTS |
|---|---|
| Defendants to provide updated financial information | June 30, 2021 |
| Deadline to file any additional discovery motions as contemplated in this JCMS | June 30, 2021 |
| Google & Eolas Opening Expert Reports and any Substitute Walmart Expert Reports | August 26, 2021 |
| Expert Discovery Period Opens as to Eolas-Amazon and Eolas-Walmart | September 20, 2021 |
| Google & Eolas Rebuttal Expert Reports | October 7, 2021 |
| Expert Discovery Period Opens as to Eolas-Google | October 10, 2021 |
| Expert Discovery Cutoff for all cases | October 28, 2021 |
| *Daubert* Motions & Motions to Strike | November 18, 2021 |
| Oppositions to *Daubert* Motions & Motions to Strike | December 9, 2021 |
| Replies to *Daubert* Motions & Motions to Strike | December 22, 2021 |
| Hearing on *Daubert* Motions & Motions to Strike | January 6, 2022 |

| DEADLINE DESCRIPTION | DATES PROPOSED BY DEFENDANTS |
|---|---|
| Dispositive Motions | February 10, 2022 |
| Oppositions to Dispositive Motions | March 10, 2022 |
| Replies to Dispositive Motions | March 31, 2022 |
| Mediation | May 12, 2022 |
| Hearing on Dispositive Motions | May 19, 2022 |
| Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof | June 22, 2022 |
| Exchange of Exhibits | June 29, 2022 |
| Exchange Objections to Pretrial Disclosures; Exchange Rebuttal Pretrial Disclosures | July 20, 2022 |
| Exchange Objections to Rebuttal Pretrial Disclosures | August 3, 2022 |
| Motions *in limine* | August 17, 2022 |
| Oppositions to Motions *in limine* | September 7, 2022 |
| Pretrial Conference Statement, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Juror Questionnaire, Updated | October 6, 2022 |

-2-

| DEADLINE DESCRIPTION | DATES PROPOSED BY DEFENDANTS |
|---|---|
| Exhibit Lists, and Updated Witness Lists | |
| Pretrial Conference | October 28, 2022 |
| Joint Invalidity Trial | TBD |
| Trials | TBD |