[Counsel identified on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>              Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>              Defendant. | Case No.  4:17-cv-03022-JST<br><br>Related to Case Nos. 4:17-cv-01138-JST, 4:17-cv-03023-JST, and 4:15-cv-05446-JST<br><br>**JOINT STIPULATION OF EOLAS TECHNOLOGIES INORPORATED AND WALMART, INC. REGARDING SUBSTITUTE EXPERT AND REPLACEMENT EXPERT REPORT** |

1    Pursuant to the Court's guidance at the June 8, 2021 Case Management Conference
2 Defendant Walmart Inc. ("Walmart") and Plaintiff Eolas Technologies Incorporated ("Eolas")
3 (collectively the "Parties") provide this joint stipulation and proposed order regarding the
4 replacement of Walmart's non-infringement expert David McGoveran due to health issues.
5 Walmart has confirmed the availability of substitute expert Dr. Andrew Cromarty, and the parties
6 have agreed that Walmart may substitute in Dr. Cromarty for Mr. McGoveran and provide a
7 replacement non-infringement report.

8    While Dr. Cromarty's replacement report need not be identical to the March 31, 2017
9 Rebuttal Expert Report of David McGoveran Regarding U.S. Patent No. 9,195,507 (the
10 "McGoveran Report"), the Parties have agreed that Dr. Cromarty's replacement non-infringement
11 report shall not espouse any opinions or theories not found in the McGoveran Report, and Dr.
12 Cromarty may not address claim limitations not addressed by the McGoveran Report. Dr.
13 Cromarty's report must otherwise be substantially similar to the McGoveran Report and must not
14 be contrary to or inconsistent with the findings, opinions, and theories presented in the McGoveran
15 Report. Dr. Cromarty may not testify in any manner that is contrary to or inconsistent with the
16 McGoveran Report. *See In re Northrop Grumman Corp. ERISA Litig.*, No. 06-CV-06213, 2016
17 WL 6826171, at *4 (C.D. Cal. Apr. 7, 2016) ("While the opinions need not be identical, it is
18 reasonable to limit the new expert to findings that are substantially similar to those presented by
19 [the prior expert]. . . . [The new expert] may not testify in any manner that is contrary to or
20 inconsistent with [the prior report].); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-
21 WHO, 2014 U.S. Dist. LEXIS 162733, at *5 (N.D. Cal. Nov. 19, 2014) ("the new expert must limit
22 his or her opinions to the subject matter covered in [the original] report and may not testify in any
23 manner that is contrary to or inconsistent with [the original report]"); *Park v. CAS Enterprises, Inc.*,
24 No. 08-CV-385, 2009 WL 4057888, at *3 (S.D. Cal. Nov. 19, 2009) (New expert "may not,
25 however, espouse any other opinions or theories not found in [prior] expert reports. It would be
26 both prejudicial and unduly burdensome to [party] to allow submission of new expert reports with
27 new theories and opinions. It would also be unduly prejudicial to [party] to allow [adversary] to
28 prepare new expert reports after having had the benefit of [party's] expert reports for several

- 1 -

1  months."); *U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp.*, No. 2:13-CV-01907, 2015 WL 1546717,
2  at *2 (D. Nev. Apr. 6, 2015) ("[I]t is not appropriate in this case to mandate that the new expert
3  'rubber-stamp' the expert report previously provided. Nonetheless, the new expert report may not
4  provide an opinion that is contrary to or inconsistent with [prior expert's] opinion. . . . While the
5  opinions need not be identical, it is reasonable to limit the new expert to findings that are
6  substantially similar to those presented by [prior expert]." (internal citation omitted)).

7  Walmart will serve Dr. Cromarty's replacement non-infringement report, and make Dr.
8  Cromarty available for deposition in relation to his replacement non-infringement report, in
9  accordance with the schedule to be entered by the Court.  Eolas reserves the right to object to any
10 portions of Dr. Cromarty's replacement non-infringement report that are contrary to, inconsistent
11 with, or not substantially similar to the original McGoveran Report or on any other grounds.

12 The Parties respectfully request that the Court enter the attached proposed order governing
13 the replacement expert report of Dr. Cromarty.

15 DATED: June 18, 2021

Respectfully submitted,

By: */s/ James E. Quigley*

John B. Campbell (admitted pro hac vice)
Josh W. Budwin (admitted pro hac vice)
James E. Quigley (admitted pro hac vice)
**McKool Smith, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@McKoolSmith.com
jbudwin@McKoolSmith.com
jquigley@McKoolSmith.com

Eliza Beeney (admitted pro hac vice)
**McKool Smith, P.C.**
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

ebeeney@McKoolSmith.com

Alan P. Block (State Bar No. 143783)
**McKool Smith Hennigan, P.C.**
300 S. Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone (213) 694-1200
Facsimile (213) 694-1234
ablock@McKoolSmith.com

*Attorneys for Plaintiff*
*Eolas Technologies Incorporated*

By:   */s/ Bijal V. Vakil*
         Bijal V. Vakil

Attorneys for Defendant
WALMART INC.

Bijal V. Vakil (SBN 192878)
Shamita D. Etienne-Cummings (SBN 202090)
Eric E. Lancaster (SBN 244449)
Henry Huang (SBN 252832)
WHITE & CASE LLP
3000 El Camino Real Two Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com
Email: setienne@whitecase.com
Email: eric.lancaster@whitecase.com
Email: henry.huang@whitecase.com
John R. Keville (admitted pro hac vice)
Robert L. Green, III (admitted pro hac vice)
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: jkeville@winston.com
Email: rlgreen@winston.com
*Counsel for Defendant*
*WALMART INC.*

**ATTESTATION**

I, James E. Quigley, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

DATED: June 18, 2021  　　　　　　　*/s/ James E. Quigley*
　　　　　　　　　　　　　　　　　　James E. Quigley