UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC, et al.,<br><br>Defendants. | Case No. 17-cv-03022-JST   (JSC)<br><br>**ORDER RE: DEFENDANTS' MOTION TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 674 |

Now pending before the Court is Defendants' motion to supplement its invalidity contentions with two supplemental claim charts relating to two prior art systems: Lawrence Berkeley Laboratory (LBNL) and a virtual reality environment developed by the Naval Post Graduate School in Monterey, California (NPSNET). These prior art systems were disclosed in Defendants' original invalidity contentions, but they seek to supplement their disclosure with supplemental charts that incorporate materials discovered after the initial contentions were served. After carefully considering the parties' original briefing, along with the more recent joint letter, the Court concludes that oral argument is not required, *see* N.D. Cal. L.R. 7-1(b), and GRANTS Defendants' request.

**DISCUSSION**

Eolas does not oppose Defendants' motion to supplement their invalidity contentions relating to LBNL; accordingly, the motion is granted as to the supplemental LBNL claim chart. It does, however, oppose the supplemental NPSNET chart.

Patent Local Rule 3–6 allows a party to amend its infringement or invalidity contentions only upon a showing of good cause:

Amendment of the Infringement Contentions or the Invalidity

> Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> > (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> >
> > (b) Recent discovery of material, prior art despite earlier diligent search; and
> >
> > (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L–R 3–6. The good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *2–3 (N.D. Cal. May 13, 2016). "[T]he diligence required for a showing of good cause has two subparts: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Id.* Defendants, as the moving party, have the burden of demonstrating good cause. *Id.* at *3.

Defendants contend they have shown diligence because they only discovered the material they are using to supplement after filing their original motion and shortly before filing their motion to amend. *See* N.D. Cal. Patent L.R. 3-6(b). In particular, while further investigating their invalidity contentions as part of the process of narrowing them, they contacted the authors of the NPSNET prior art references that they had disclosed in their invalidity contentions. As part of that process, Google's counsel learned that Google's outside counsel in a different action had additional NPSNET materials—the materials that Defendants seek to include in their supplemental contentions. They advised Eolas of these supplemental materials less than three weeks after learning of their existence.

There can be no dispute that Defendants have met their burden of satisfying the second part of the diligence inquiry: they moved for amendment less than a month after learning of the additional NPSNET materials. Eolas argues, however, that they have not shown diligence in

1    discovering the supplemental materials in the first instance given that they were in Google's
2    possession prior to service of the initial contentions. The Court is not persuaded.  Google is an
3    enormous company engaged in countless patent disputes. Absent some suggestion in the record
4    that counsel in this case should have been aware of the other case and that outside counsel in that
5    case might have uncovered references relevant to this case the Court will not find that Defendants
6    were not diligent.  To hold otherwise would place an unreasonable diligence burden on the
7    ginormous companies that are often the targets of non-practicing entities such as Eolas.  As this
8    Court has noted, due diligence does not mean perfection, and there is no suggestion here that
9    Defendants did not diligently investigate prior art references prior to serving their initial invalidity
10   disclosures.  *See Karl Storz Endoscopy-Am., Inc.,* 2016 WL 2855260, at *4.  Similarly, while
11   Google's counsel in this case was in contact with one NPSNET inventor months before the initial
12   contentions were served, that fact alone does not mean that Defendants were not diligent.  Eolas
13   never explains what obvious inquiry Defendants should have made to that inventor in early 2016
14   that would have uncovered the supplemental material.
15         Defendants have also shown that Eolas will not be prejudiced by allowing the amendment.
16   While Eolas complains that discovery will have to be reopened, it does not dispute Defendants'
17   assertion that Eolas did not take any discovery on any prior art references prior to the close of fact
18   discovery.  (Dkt. No. 674 at 7 n.2.)  It is thus unsurprising that it does not identify any discovery
19   that it would need to take if the amendment is allowed.  Moreover, its prejudice argument is
20   contradicted by its assertion that the NPSNET supplemental chart is irrelevant.  If so, then there is
21   nothing for Eolas to worry about and no prejudice; to the contrary, Defendants will be harmed by
22   chasing a meritless theory.
23         Finally, Eolas' lament that Defendants hid their contact with Mr. Zyda until February 2017
24   is a red herring.  Eolas opposed amendment of the invalidity contentions even before learning of
25   Google's January 2016 contact with him.  And, again, Eolas has not identified any additional fact
26   discovery necessitated by the amendment.  It is easy to cry that allowing amendment will add "the
27   cost and burden associated with taking additional discovery."  (Dkt. No. 674 at 10.)  It should also
28   be easy to identify what that discovery is, especially since Eolas has possessed the supplemental

3

1  claim chart for nearly five years.  That it has not identified any particular discovery speaks
2  volumes. There is no prejudice.
3      Defendants' motion to amend its invalidity contentions is granted in full.
4      This Order disposes of Docket No. 474.
5      **IT IS SO ORDERED.**
6  Dated: July 6, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California