UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC, et al.,<br><br>Defendants. | Case No.17-cv-03022-JST (JSC)<br><br>**ORDER RE: PATENT EXTENSION DELAY PRIVILEGE WAIVER DISPUTE**<br><br>Dkt. Nos. 671 |

Now pending before the Court is a discovery dispute joint letter regarding Defendants' contention that they should be allowed to use Eolas' attorney-client communications to prove their patent prosecution delay affirmative defense. After carefully considering the parties' submissions, and the record in this case, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Defendants' motion.

**BACKGROUND**

In this action Eolas alleges that Amazon, Google, and Walmart infringe United States Patent No. 9,195,507 ("the '507 Patent"). Eolas, Amazon, and Google were parties to prior litigation in the District Court for the Eastern District of Texas. *See Eolas Tech. v. Adobe Sys, Inc.*, 6:09-cv-00446-LED (E.D. Tex.). In that earlier action, the district court issued a protective order imposing a patent prosecution bar. In 2012 the jury in that case found the patent claims invalid—based on anticipation and obviousness—and returned a verdict in the defendants' favor. *See Eolas Tech. v. Adobe Sys., Inc.*, 6:09-cv-00446-LED, Dkt. No. 1353 (Jury Verdict, Feb. 9 2012). Eolas appealed and the Federal Circuit affirmed and entered judgment on July 22, 2013. *See Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 F. App'x 928 (Fed. Cir. 2013). The law firm of McKool Smith represented Eolas in this prior action.

1    A year and a half later, Eolas—again represented by McKool Smith—filed the underlying actions against Amazon, Google, and Walmart, again in the Eastern District of Texas, this time alleging infringement of a different patent—the '507 Patent. The Patent and Trademark Office had granted the '507 Patent a 1042-day patent term adjustment without which the patent would have arguably expired in October 2014—before Eolas filed this lawsuit. Anticipating Defendants' challenge to the adjustment, shortly after it filed this action Eolas moved for summary judgment seeking a declaration that the '507 adjustment was not invalid. The Texas district court denied Eolas' motion for summary judgment without prejudice on the grounds that there were disputes of fact as to whether the prosecution history reflects an effort to delay or expedite the prosecution. (Dkt. No. 202 at 5.) Upon Defendants' motions, the actions were eventually transferred to this District and assigned to District Judge Jon Tigar.

Prior to transfer, Amazon moved for an order to show cause regarding Eolas' alleged violation of the prosecution bar imposed in the prior action between Amazon and Eolas; specifically, Amazon alleged that Eolas' counsel gave patent prosecution advice to Eolas' Chief Legal Officer, who forwarded the information to Eolas' outside patent lawyer, Charles Krueger. The fully briefed motion came before Judge Tigar after the actions were transferred. Judge Tigar held that the patent prosecution bar expired in October 2014 and ordered the parties meet and confer regarding next steps "including production of documents or in camera review of additional documents by the Court." (Dkt. No. 387 at 3.)

Pursuant to Judge Tigar's order, the parties thereafter filed competing proposals. (Dkt. Nos. 399 & 400.) Eolas objected to any attempt by Amazon to obtain documents or other discovery regarding privileged attorney-client communications. Amazon maintained that it should be allowed to review McKool Smith's communications so that it could "brief the Court on their import." (Dkt. No. 400 at 2:16-21.) Amazon suggested two alternatives: (1) Eolas could produce these documents subject to a limited subject-matter waiver and with the express agreement that any materials so produced will be used exclusively to resolve the Motion and for no other purpose; or (2) if Eolas produced the materials for *in camera* review, then the parties would engage in

1  limited written and deposition discovery intended to provide as much information as possible
2  without invading any bona fide privilege.

3  Judge Tigar adopted Amazon's proposal and ordered Eolas to produce *in camera* documents "involving any Eolas representatives or agents bound by the prosecution bar related directly or indirectly to the prosecution of the application leading to the '507 patent" (Dkt. No. 403 at ¶ 1), along with a privilege log for Defendants' review. The order also stated that upon receipt of the *in camera* production the court "may refer the matter to a Magistrate Judge; invite briefing on the basis of the privilege logs; conduct its own in camera review; or take other action to resolve whether the submitted materials must be produced to Amazon." (*Id*. at ¶ 4.) And, in fact, Judge Tigar thereafter referred discovery matters, including the prosecution bar discovery dispute, to this Court, and stayed the infringement action pending resolution of Amazon's prosecution bar motion. (Dkt. Nos. 405, 407.)

Amazon subsequently identified privilege log entries which it contended suggested that McKool Smith violated the prosecution bar in connection with the '507 Patent. The Court reviewed the documents *in camera*, and held a hearing on March 29, 2018. After the Court indicated that its *in camera* review supported a prima facie inference that the prosecution bar had been violated, "Eolas agreed to produce all of its withheld pre-July 22, 2014 communications on the condition that the documents would be produced attorneys' eyes only and could only be used for purposes of the prosecution bar motion and patent adjustment invalidity theory (given that the theory is intertwined with the prosecution bar issue). (Dkt. No. 430 at 24-29.)" (Dkt. No. 492 at 6.)

Documents were produced, depositions taken, and discovery disputes resolved. Eventually the question of whether Eolas violated the patent prosecution bar imposed in the earlier action was presented to Judge Tigar. In a written order Judge Tigar held that McKool Smith had not violated the protective order such that any sanctions were warranted. (Dkt. No. 566.) With that order, litigation of the patent infringement action resumed, including litigation of Defendants' affirmative defense that the patent adjustment is invalid due to Eolas' unreasonable delay.

//

**DISCUSSION**

The present dispute arises from Defendants Amazon and Google's insistence that they can use Eolas' attorney-client privileged communications produced in connection with the patent prosecution bar motion to prove their patent adjustment invalidity affirmative defense. In particular, they argue that Eolas expressly, or at least impliedly, waived the privilege. The Court is unpersuaded.

First, citing *Wadler v. Bio Rad Labs, Inc.*, 212 F. Supp. 3d 829, 850 (N.D. Cal. 2016), Defendants contend that since Eolas voluntarily produced the privileged communications in connection with the prosecution bar motion they are fair game for all other issues in the case. That argument does not pass the smell test as the record in this case shows that the waiver was made in a particular context with explicit limitations—limitations which Amazon itself initially proposed.

Second, Defendants contend that even if the waiver was limited, it was limited to the patent prosecution bar *and* the alleged invalidity of the patent term adjustment. This argument, unlike the first, has some support in the record as there is language in the transcripts suggesting the waiver included the patent adjustment invalidity issue. But a review of the record in its entirety reveals that the patent adjustment issue was discussed as it related to the patent prosecution bar: Amazon argued that McKool Smith's alleged participation in encouraging Eolas to delay prosecution of the '507 Patent application (rendering the adjustment invalid) violated the prosecution bar. In other words, it was a theory as to how the patent prosecution bar was violated. (See Dkt. No. at 492 at 6.) But Judge Tigar has since found that there was not a patent prosecution bar violation during the relevant time period. (Dkt. No. 566.) So, the question then is: did Eolas waive the privilege for purposes of Defendants continuing to use their attorney-client privileged communications to prove their affirmative defense of patent adjustment invalidity even if there was a finding of no violation of the prosecution bar? No. Nothing in the record supports such an express waiver. And, such a waiver would make no sense as there was no reason for Eolas to do so in the context of adjudicating Amazon's patent prosecution bar motion.

Third, citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975), Defendants argue that Eolas has impliedly waived the privilege in the previously-disclosed documents. *See Home*

4

*Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) ("The standard for determining when an implied waiver of the attorney-client privilege occurs is set out in *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)"). Under the test set forth in *Hearn*,

> an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense.

*Home Indem. Co.*, 43 F.3d at 1326. "[A]n overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party." *Id.*

Defendants' implied waiver theory does not satisfy all of these requirements. Assuming that filing the patent infringement lawsuit is the affirmative act satisfying the first element, Defendants do not adequately explain how that act put Eolas' attorney-client privileged communications at issue just because Eolas had received a patent term adjustment. To accept Defendants' argument would mean that any time a defendant asserts that a patent adjustment is invalid due to delay, the plaintiff puts its privileged communications with its counsel at issue if it defends against the defendants' accusation. It is thus unsurprising that Defendants do not cite any caselaw to support such a remarkable proposition. It would be a different matter if Eolas claimed that the delay in prosecution of the '507 Patent application was reasonable because it relied on its attorneys' advice; such a defense would put that advice at issue. But as of now Defendants have not identified anything in the record that supports a finding that Eolas has raised a defense that impliedly waived its attorney-client communications.

**CONCLUSION**

In sum, Eolas has met its burden of showing that it has not expressly or implicitly waived its attorney-client privilege such that Defendants can use the documents produced for the limited purpose of adjudication of the patent prosecution bar to prove their patent adjustment invalidity affirmative defense. Eolas' request that Defendants return or destroy the privileged material is GRANTED.

The administrative motion to seal is granted. (Dkt. No. 671.)

This Order disposes of Docket Nos. 671, 672, 676.

**IT IS SO ORDERED.**

Dated: July 6, 2021

                                                                                                  JACQUELINE SCOTT CORLEY
                                                                                                  United States Magistrate Judge