UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 4:17-cv-03022-JST<br><br>[~~PROPOSED~~] **ORDER REGARDING SUBSTITUTE EXPERT AND REPLACEMENT EXPERT REPORT** |

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |

2    Before the Court is the parties' joint stipulation regarding the replacement of Amazon's
3 invalidity expert due to family health issues. Having considered the stipulation and all related mat-
4 ters, the Court hereby GRANTS the stipulation. Amazon shall be allowed to replace its prior in-
5 validity expert with a new invalidity expert (the "New Expert") subject to the limitations outlined
6 herein. Amazon shall propose the New Expert to Eolas as soon as possible, but no later than July
7 9, 2021. Eolas may object to the New Expert under the Protective Order (Dkt. 98) (should Amazon
8 disclose the New Expert under the Protective Order ) or otherwise. Eolas will be allowed to provide
9 a rebuttal to Amazon's replacement invalidity report also subject to the limitations outlined herein

10    The New Expert shall be allowed to provide a replacement invalidity expert report to re-
11 place the February 28, 2017 Expert Report of Todd C. Mowry Concerning U.S. Patent No.
12 9,195,507 (with any timely supplements, the "Mowry Report"). The New Expert's invalidity re-
13 port need not be identical to the Mowry Report, however, the New Expert's replacement invalidity
14 report shall not espouse any new opinions or new theories not found in the Mowry Report. As
15 nonlimiting examples, the New Expert may not address reasons for invalidity, claim limitations,
16 legal bases, prior art, prior art combinations, or secondary considerations not addressed by the
17 Mowry Report. The New Expert's report must also be substantially similar to the Mowry Report
18 and must not be contrary to or inconsistent with the findings, opinions, and theories presented in
19 the Mowry Report. The New Expert may not testify in any manner that is contrary to or incon-
20 sistent with the Mowry Report. Amazon shall serve the New Expert's replacement invalidity re-
21 port, and shall make the New Expert available for deposition in relation to the replacement inva-
22 lidity report, in accordance with the schedule to be entered by the Court.

23    Eolas is permitted to provide a supplemental validity rebuttal report to the New Expert's
24 replacement invalidity report in accordance with the schedule to be entered by the Court, or as
25 agreed to by the parties, limited to responding to the New Expert's replacement invalidity report,
26 if it deems one necessary after receiving the New Expert's replacement invalidity report. If Eolas
27 deems that the New Expert's replacement validity report follows the agreed-to limitations in this
28 stipulation, Eolas may not submit a supplemental validity rebuttal report that changes the opinions

expressed in Eolas's original invalidity rebuttal report. As nonlimiting examples, if the New Expert's replacement invalidity report complies with this stipulation, Eolas in its supplemental validity rebuttal report may not address claim limitations, legal bases, prior art, prior art combinations, or secondary considerations not addressed by Eolas's original validity rebuttal report and may not be contrary to or inconsistent with the findings, opinions, and theories presented in the original validity rebuttal report.

To the extent any other expert in the present case relied upon the opinion of Mowry, including but not limited to the opinions expressed in the Mowry Report, and the New Expert offers the same opinion, those other experts' reports shall be deemed to rely upon the New Expert's opinion in substantively the same way as they did Mowry's opinion. The parties shall not cross-examine each other's experts because they relied on or responded to Mowry, who is not testifying at trial, or to raise Mowry's absence or that Mowry was replaced. But the parties are permitted to use the substance of the Mowry Report to cross-examine or otherwise respond to the opinions of any experts that relied on or otherwise responded to Mowry's opinion without mentioning the reason for Mowry no longer working on the case, or the reason for Mowry not testifying.

Eolas may object to any portion of the New Expert's replacement invalidity report that are contrary to, inconsistent with, or not substantially similar to the original Mowry report or on any other grounds. Amazon may object to any portion(s) of an Eolas supplemental validity rebuttal report that exceeds responding to the New Expert's replacement invalidity report or on any other grounds.

The Mowry Report shall not be used to cross-examine the New Expert, except to the extent the New Expert's testimony or report is contrary to, inconsistent with, or not substantially similar to the Mowry Report or otherwise violates this stipulation. Prior to any such cross-examination, Eolas shall identify any portions of the New Expert's testimony or report to Amazon and/or the Court that Eolas contends are contrary, inconsistent with, or not substantially similar to the Mowry Report or otherwise violates this stipulation, and the parties shall meet and confer in an attempt to resolve any issues before the Mowry Report is used to cross-examine the New Expert. To the extent any issues are not resolved, any cross-examination of the New Expert will be limited to the

1  specific portions of the Mowry report that were previously identified to Amazon and/or the Court. Any cross-examination of the New Expert may not raise Mowry's absence or that Mowry was replaced. Notwithstanding the forgoing, and pursuant to the Court's rules and procedures, Amazon may object to Eolas's use of the Mowry Report to cross-examine the New Expert.

**PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED**.

DATED: July 7, 2021

_____
Honorable Jon S. Tigar
United States District Judge