John B. Campbell (admitted *pro hac vice*)
Joshua W. Budwin (admitted *pro hac vice*)
James E. Quigley (admitted *pro hac vice*)
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@McKoolSmith.com
jbudwin@McKoolSmith.com
jquigley@McKoolSmith.com

Eliza Beeney (admitted *pro hac vice*)
**MCKOOL SMITH, P.C.**
395 9th Avenue, 50th Floor
New York, New York 10001
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
ebeeney@McKoolSmith.com

Alan P. Block (State Bar No. 143783)
**MCKOOL SMITH HENNIGAN, P.C.**
300 S. Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
ablock@McKoolSmith.com

Attorneys for Plaintiff
Eolas Technologies Incorporated

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.<br><br>    Defendant. | Case No. 4:17-cv-03022-JST<br><br>Related to Case Nos. 4:17-cv-01138-JST, 4:17-cv-03023-JST, and 4:15-cv-05446-JST<br><br>**EOLAS'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME FOR FILING MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO CIVIL L.R. 6-3** |

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ...................................................................................................................1

II.   ARGUMENT.........................................................................................................................1

      A.   These Cases Have Been Pending For Over Six Years And Defendants Have Delayed The Cases Through Three Other Failed Dispositive Motions. .........................1

      B.   Defendants Offer No Reasoned Basis For Needing A Ruling On *Daubert* And Other Motions Before Filing Their Summary Judgment Motion. ................................2

      C.   Defendants Offer No Basis For Needing 28 Days To File Their Summary Judgment Motion After An Order On *Daubert* And Other Motions. ...........................2

III.   CONCLUSION......................................................................................................................3

Pursuant to Civil Local Rule 6-3(b), Plaintiff Eolas Technologies Incorporated ("Eolas") files this response in opposition to Defendants' Amazon.com, Inc. ("Amazon"), Google LLC. ("Google"), and Walmart Inc. ("Walmart") (collectively, "Defendants") Motion to Enlarge Time for Filing Motions for Summary Judgment Pursuant to Civil L.R. 6-3. Dkt. 817. In support of its response, Eolas submits the Declaration of James Quigley, which is incorporated herein by reference, and a proposed order.

## I.  INTRODUCTION

Eolas filed these cases in November 2015. *E.g.*, Dkt. No. 1 (Eolas Complaint re Amazon). The first trial is not set to start until the seven-year anniversary of this litigation: November 2022. Dkt. 681 (Scheduling Order). Much of this time—nearly four years—has been spent litigating various defenses that Defendants alleged were dispositive. For each such issue the Court properly denied Defendants' motion. Now, with the goal of further delay, Defendants assert that they need to move the deadlines—including trial—because they would prefer more time after resolution of their eight *Daubert* motions and motions to strike. Defendants offer no specifics as to why they need resolution of those eight motions before filing their summary judgment motion. For example they identify no issues from those motions that impact their next planned summary judgment motion—or how their planned summary judgment motion would be impacted. Nor do Defendants explain why they need 28 days before they can file their next summary judgment motion (which will be their fourth allegedly dispositive motion). Without any case-specific reason for further delay here, the Court should deny Defendants' motion.

## II.  ARGUMENT

### A.  These Cases Have Been Pending For Over Six Years And Defendants Have Delayed The Cases Through Three Other Failed Dispositive Motions.

Since Eolas filed these cases in November 2015, Defendants have spent years delaying resolution of the cases, including through three prior motions Defendants alleged were dispositive. The first motion related to an alleged prosecution bar violation, the second motion related to re-doing another Court's claim construction ruling, and the third motion related to arguing invalidity of the patent-in-suit based upon a jury verdict in a different case involving different patents. The Court

properly denied each of these motions. Dkt. 566; Dkt. 628; Dkt. 655. These cases were effectively stayed while Defendants unsuccessfully pursued each of these motions and underlying defenses. These cases now have a trial date—beginning in November 2022—based on a schedule Defendants submitted. *Compare* Dkt. 681 (Scheduling Order) *with* Dkt. 663 at Attachment B (Defendants' Proposed Schedule).

**B.  Defendants Offer No Reasoned Basis For Needing A Ruling On *Daubert* And Other Motions Before Filing Their Summary Judgment Motion.**

Defendants' basis for additional time here is unsupported with any showing of case-specific need. Rather, Defendants request pushing deadlines—including trial—because: (1) the Court previously noted that its *Daubert* and related rulings ***could*** impact summary judgment issues in some cases; and (2) Defendants would like the Court's rulings in advance of filing their summary judgment motion. Dkt. 817 at 1-2. But Defendants provide ***no explanation*** of how their next planned summary judgment motion is impacted by resolution of other pending motions. Defendants provide no explanation of which issues from the pending motions are relevant to their summary judgment strategy. Although Eolas appreciates that the Court has found that *Daubert* and other motions can impact summary judgment in different cases between different parties with different issues, prior circumstances in those cases do not justify Defendants' request to further delay these cases.

Had Defendants provided a case-specific explanation for their requested delay, the Court could have used that information to prioritize resolution of Defendants' eight pending motions (and, because those motions raise as multiple issues, possibly the allegedly relevant issue in each motion). But Defendants chose not to provide any explanation—instead relying on the generic possibility of a benefit between resolution of *Daubert* and other motions and filing summary judgment motions. Without this information or a case-specific explanation, Defendants' request is nothing more than another unnecessary attempt to delay.

**C.  Defendants Offer No Basis For Needing 28 Days To File Their Summary Judgment Motion After An Order On *Daubert* And Other Motions.**

In addition to Defendants' failure to provide a case-specific need for yet more time, Defendants also fail to explain why they need ***28 days*** between the Court's *Daubert* rulings and

-2-

Case No. 4:17-cv-03022-JST                                              EOLAS'S RESPONSE IN OPPOSITION TO
                                                                        DEFENDANTS' MOTION TO ENLARGE TIME

McKool Smith, P.C.
Austin, TX

filing their summary judgment motion. As an initial matter, the schedule here, which is effectively the one proposed by Defendants, never contemplated a 28-day delay. *Compare* Dkt. 681 (Scheduling Order) *with* Dkt. 663 at Attachment B (Defendants' Proposed Schedule). In fact, Defendants' schedule did not have a deadline for the Court's ruling on *Daubert* or other motions. It was always assumed that the Court would rule on pending motions after the previously-scheduled (but now vacated) hearing on the motions. Furthermore, Defendants' request for 28 days (after the Court rules on pending motions) to file their fourth allegedly dispositive motion is an unreasonable amount of time. Defendants have at least six law firms and two dozen lawyers working on these cases. Defendants' extensive bench of law firms and lawyers should not need 28 days to file a single dispositive motion, particularly given it will be their fourth such motion. Defendants provide no explanation for needing that amount of time.

### III.    CONCLUSION

For the reasons discussed herein, the Court should reject Defendants' latest attempt to needlessly delay resolution of these cases.

DATED: January 31, 2022                              MCKOOL SMITH, P.C.

By: /s/ *John B. Campbell*
John B. Campbell (admitted *pro hac vice*)
Joshua W. Budwin (admitted *pro hac vice*)
James E. Quigley (admitted *pro hac vice*)
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@McKoolSmith.com
jbudwin@McKoolSmith.com
jquigley@McKoolSmith.com

Eliza Beeney (admitted *pro hac vice*)
**MCKOOL SMITH, P.C.**
395 9th Avenue, 50th Floor
New York, New York 10001
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
ebeeney@McKoolSmith.com

Alan P. Block (State Bar No. 143783)
**MCKOOL SMITH HENNIGAN, P.C.**
300 S. Grand Avenue, Suite 2900

Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
ablock@McKoolSmith.com

*Attorneys for Plaintiff*
*Eolas Technologies Incorporated*

-4-