[Counsel identified on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 4:17-cv-03022-JST<br><br>Related to Case Nos. 4:17-cv-01138-JST, 4:17-cv-03023-JST, and 4:15-cv-05446-JST<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE A CONSOLIDATED MOTION FOR SUMMARY JUDGMENT ON BEHALF OF ALL THREE DEFENDANTS THAT MODIFIES THE PAGE LIMIT FOR A SINGLE-DEFENDANT MOTION BY TWENTY-FIVE PAGES** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 4:17-cv-03022-JST

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE CONSOLIDATED MSJ

Pursuant to Northern District of California Civil Rule 7-11, Defendants Amazon.com, Inc. ("Amazon"), Google LLC ("Google"), and Walmart, Inc. ("Walmart") (collectively, "Defendants") respectfully seek administrative relief to file one consolidated brief in support of a motion for summary judgment on behalf all Defendants of no more than 50 pages. This request would reduce the total number of pages the Court might see if each Defendant filed its own motion, but is in excess of the 25 page limit under Civil L.R. 7-2 for a single brief. Along with this requested relief, Defendants also seek that Eolas's opposition to Defendants' consolidated motion be limited to 50 pages. Defendants also seek administrative relief to file a consolidated reply of no more than 30 pages, which is fewer than the 45 pages Defendants would get from separate briefing, but exceeds the 15 page limit for a single reply under Civil L.R. 7-3(c).

Granting this motion would streamline the briefing for the parties' motions for summary judgment, as absent this motion each Defendant would be filing a separate motion for summary judgment. Eolas will suffer no prejudice, as Defendants' proposal results in fewer overall pages compared to the combined page limits if Defendants were to file separate motions, and would allow Eolas to provide a single response to Defendants' consolidated motion. Eolas would further not be prejudiced as Defendants do not object to the same page limits for Eolas's motion for summary judgment, should it choose to file one consolidated for all three cases. The deadline for filing dispositive motions in this case is set for February 24, 2022.

Defendants asked Eolas to stipulate to this relief; Eolas refused, taking the position that Defendants should be forced to work together on a single, 25-page summary judgment brief. Declaration of Richard G. Frenkel, ¶ 2. For the reasons explained herein, the Court and the parties did not intend Defendants to share a single 25-page summary judgment motion. Even if that were the intent (it is not), good cause exists to grant relief for the larger consolidated brief. Defendants intend to move for summary judgment on issues of infringement and invalidity. Some of those issues have overlap between the Defendants, but some do not, and the relief Defendants seek is justified so that each Defendant is able to fairly convey their positions within a consolidated brief.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 4:17-cv-03022-JST

1

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE CONSOLIDATED MSJ

I. **Allowing Defendants To File A Consolidated Motion For Summary Judgment Will Promote Judicial Efficiency And Reduce The Overall Page Count**

Leave to consolidate Defendant's motions and set a 50-page limit for the consolidated motion will further judicial efficiency. Under this Court's Standing Order, for each patent infringement case, "[a]bsent good cause, the Court will consider only one motion for summary judgment *per party*." Nov. 1, 2021 Standing Order For All Civil Cases Before Judge Tigar, 2 (emphasis added). Because there are three cases, each with a different defendant with different accused products, the Court would normally be faced later this month with three separate motions collectively containing up to 75 pages of opening briefing. And without a consolidated motion, the Court would be presented with multiple motions on potentially overlapping issues, as happened with the parties' *Daubert* motion briefing. Rather than burdening the Court with separate summary judgment motions on behalf of each individual Defendant, Defendants seek leave to file a single consolidated summary judgment motion, along with consolidated oppositions and replies, that reduces the overall paper presented to the Court.

Good cause exists to permit Defendants to file one consolidated brief of no more than 50 pages. A motion for summary judgment is a pivotal point in the case and requires a detailed, well-supported legal and factual record. Defendants have overlapping legal issues, for example invalidity, that would be more efficiently addressed in a single document, rather than repeated in three separate motions. A consolidated motion would also prevent Eolas from having to repeat the same legal argument, for the Court's consideration, in each of its opposition filings.

Moreover, the requested page extension is an efficient and reasonable length, given the gravity and scope of Eolas's claims and the voluminous factual record. Eolas filed these cases seeking significant damages against three separate Defendants with vastly different accused products and features. Although Defendants intend to present their arguments concisely for the Court's consideration, leave to file an extended, consolidated motion is warranted given the lengthy record in this nearly 7-year-old case along with the distinct factual circumstances of each Defendant. Although Defendants believe no material issue of fact exists, there is nonetheless an extensive discovery record that must be analyzed, and Eolas's claims each present a number of

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 4:17-cv-03022-JST

2

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE CONSOLIDATED MSJ

1  complex and distinct legal issues.  Moreover, while many issues are common to all Defendants,
2  each of the individual Defendants is uniquely positioned and will need room in the consolidated
3  brief to address any Defendant-specific issues.  For example, Defendants anticipate raising issues
4  of non-infringement and invalidity on summary judgment.  Some issues, such as invalidity under
5  35 U.S.C. § 101, will be joint issues for summary judgment.  But other issues, such as non-
6  infringement, may have some overlap but also present unique issues for a given defendant and, at
7  a minimum, will require addressing the record as to the numerous accused products for each
8  Defendant.  Given these complexities, Defendants submit that the relief sought—a 50-page limit
9  for Defendants' consolidated opening and Eolas's consolidated opposition brief, and a 30-page
10 limit for Defendants' consolidated reply brief, so that Defendants may fully and efficiently present
11 all of their summary judgment arguments in a single, consolidated brief—is justified.

## II. Eolas Is Wrong That The Defendants Are Entitled To Only A Single, 25-Page Motion For Summary Judgment

In an attempt to avoid opposed motion practice, Defendants requested Eolas to stipulate to the 50-page, consolidated opening brief and 30-page reply from Defendants. (Frenkel Decl. ¶ 2).  Defendants also offered Eolas a reciprocal increase in the number of pages for Eolas's opposition brief.  *Id*.  Eolas declined to stipulate. (*Id.* at ¶ 3).

The only basis that Eolas stated for its opposition is that it believed Defendants altogether were already limited to a single, 25-page motion.  (*Id.*)  But Eolas's position contradicts this Court's standing order permitting one motion "per party."  Nov. 1, 2021 Standing Order For All Civil Cases Before Judge Tigar, 2.  Because the Civil Local Rules permit each opening summary judgment motion to be 25 pages, Defendants would normally be permitted to each submit a 25 page brief, amounting to up to 75 pages of summary judgment briefing. Civil L.R. 7-2.  Eolas incorrectly contends that Defendants previously told Eolas it would be filing a single, 25-page motion. (Frenkel Decl. ¶ 3).  However, Eolas's contention is based on a misreading of Defendant's email to Eolas when seeking Eolas's position on the summary judgment schedule.  (*Id*. at ¶ 4).  Defendants never stated it would be filing a single, 25-page motion, but instead, Defendants stated,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 4:17-cv-03022-JST

3

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE CONSOLIDATED MSJ

consistent with its position here, that the parties are permitted one MSJ *per side* and it is important for the Defendants to coordinate the issues presented to the Court. (*Id.*)

Nor does the Court's rulings in the related cases suggest otherwise. When these cases were transferred to the Northern District of California from the Eastern District of Texas, this Court did not adopt the consolidation order entered by the Eastern District of Texas court. Instead, it issued its own consolidation order. This Court's "Order Consolidating Cases." (Dkt. 582), consolidates the cases for "pretrial purposes," but imposes no restrictions on the overall number of motions or the number of pages that each Defendant should receive for summary judgment motions. Dkt. 582 at 2. The order states that "[t]he other cases shall remain open, but all pretrial filings shall be made only in the lead case" without otherwise limiting each Defendant's ability to file its own motions. *Id.* For that reason, each Defendant filed its own *Daubert* motions, addressing the unique issues in each of their cases. Had such a limit been the consequence of the consolidation order, it would have been plainly stated. Take, for example, Judge Schroeder's order consolidating the cases in the Eastern District of Texas, which explicitly states that "[t]he local rules' page limitations for *Markman* briefs **and other motions** will apply to the consolidated case." Dkt. 22 at 2 (emphasis added). Because this Court did not adopt the previous court's consolidation order, the Court should not now limit the Defendants to a single summary judgment motion and reply without extending the page limits.

Further, the August 2, 2017 case management conference regarding a previous summary judgment motion reveals that the parties and the Court jointly understood the default briefing schedule at this time would include three separate briefs (each limited to 25 pages under the Local Rules) from each Defendant. At the CMC, the Court allowed the Defendants to file a consolidated early motion for summary judgment regarding collateral estoppel and double-patenting. (Dkt. 372 ¶ 2). In that order, the Court explicitly limited the Defendants to a single brief on those issues. (*Id.*). In contrast, the Court recognized that there would potentially be a future motion by each party when it specified that this "motion will not count against the limit for the **filings of motions** for summary judgment." (*Id.* (emphasis added).) The parties similarly understood that each Defendant would be able to file a separate motion, as the proposed order jointly prepared and

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 4:17-cv-03022-JST

4

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE CONSOLIDATED MSJ

submitted by Eolas and the Defendants explicitly acknowledged that a "motion for summary judgment [] may be filed a party in **their respective cases**." Dkt. 373 at 1. Combined, there can be no doubt that each Defendant is entitled to submit their own, individual summary judgment motion at this stage of the case.

### III. Even If Defendants Are Limited To A Single Consolidated Motion, A Page Limit Increase Would Be Appropriate

Defendants are entitled to have three separate, 25-page summary judgment motions, and so Defendants' proposal for a consolidated motion with page limit extensions is reasonable and appropriate. But even if Eolas were correct and Defendants were limited to a single motion from the beginning, Defendants' request for additional pages should be granted. As noted above, because of the complexity of the issues, lengthy record, and significant damages values at issue, Defendants believe a 25 page increase for a consolidated motion, with a 25 page increase for any opposition, and a 15 page increase for a reply is justified. Defendants' request will allow Defendants to address both common issues and Defendant-specific issues in a single consolidated brief. Eolas will not suffer any prejudice because, as stated above, the Defendants have already offered a reciprocal number of pages for Eolas's opposition briefing.

Accordingly, Defendants respectfully request that the Court increase the page limit for their consolidated opening summary judgment motion to 50 pages, Eolas's opposition to 50 pages, and Defendant's consolidated reply motion to 30 pages.

DATED: February 11, 2022              Respectfully submitted,

By */s/ Richard G. Frenkel*

DOUGLAS E. LUMISH, Bar No. 183863
doug.lumish@lw.com
RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
JEFFREY G. HOMRIG, Bar No. 215890
jeff.homrig@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

|     |                                                                                                                                                      |
| --- | ---------------------------------------------------------------------------------------------------------------------------------------------------- |
| 1   | JOSEPH H. LEE, Bar No. 248046                                                                                                                         |
|     | joseph.lee@lw.com                                                                                                                                     |
| 2   | LATHAM & WATKINS LLP                                                                                                                                  |
|     | 650 Town Center Drive, 20th Floor                                                                                                                     |
| 3   | Costa Mesa, CA 92626-1925                                                                                                                             |
|     | Telephone: (714) 540-1235                                                                                                                             |
| 4   | Facsimile:  (714) 755-8290                                                                                                                            |
|     |                                                                                                                                                      |
| 5   | AMIT MAKKER, Bar No. 280747                                                                                                                           |
|     | amit.makker@lw.com                                                                                                                                    |
| 6   | BLAKE R. DAVIS, Bar No. 294360                                                                                                                        |
|     | blake.davis@lw.com                                                                                                                                    |
| 7   | LATHAM & WATKINS LLP                                                                                                                                  |
|     | 505 Montgomery Street, Suite 2000                                                                                                                     |
| 8   | San Francisco, CA 94111-6538                                                                                                                          |
|     | Telephone: (415) 395-8034                                                                                                                             |
| 9   | Facsimile:  (415) 395-8095                                                                                                                            |
|     |                                                                                                                                                      |
| 10  | JENNIFER H. DOAN (*pro hac vice*)                                                                                                                     |
|     | jdoan@haltomdoan.com                                                                                                                                  |
| 11  | JOSHUA R. THANE (*pro hac vice*)                                                                                                                      |
|     | jthane@haltomdoan.com                                                                                                                                 |
| 12  | J. RANDY ROESER (*pro hac vice*)                                                                                                                      |
|     | rroeser@haltomdoan.com                                                                                                                                |
| 13  | HALTOM & DOAN                                                                                                                                         |
|     | 6500 Summerhill Road, Suite 1000                                                                                                                      |
| 14  | Texarkana, TX 75503                                                                                                                                   |
|     | Telephone: (903) 255-1000                                                                                                                             |
| 15  | Facsimile:  (903) 255-0800                                                                                                                            |
|     |                                                                                                                                                      |
| 16  | *Counsel for Defendant*                                                                                                                               |
|     | *AMAZON.COM, INC.*                                                                                                                                    |
| 17  |                                                                                                                                                      |
|     |                                                                                                                                                      |
| 18  | By */s/ David A. Perlson*                                                                                                                             |
|     |                                                                                                                                                      |
| 19  | QUINN EMANUEL URQUHART & SULLIVAN, LLP                                                                                                                |
|     |   Charles K. Verhoeven (CA Bar No. 170151)                                                                                                            |
| 20  |   David A. Perlson (CA Bar No. 209502)                                                                                                                |
|     |   Carl G. Anderson (CA Bar No. 239927)                                                                                                                |
| 21  |   Michael D. Powell (CA Bar No. 202850)                                                                                                               |
|     |   Lindsay M. Cooper (CA Bar No. 287125)                                                                                                               |
| 22  |   Felipe Corredor (CA Bar No. 295692)                                                                                                                 |
|     |   qe-eolas@quinnemanuel.com                                                                                                                           |
| 23  | 50 California Street, 22nd Floor                                                                                                                      |
|     | San Francisco, CA 94111                                                                                                                               |
| 24  | Telephone: 415-875-6600                                                                                                                               |
|     | Facsimile: 415-875-6700                                                                                                                               |
| 25  |                                                                                                                                                      |
|     | QUINN EMANUEL URQUHART & SULLIVAN, LLP                                                                                                                |
| 26  |   Miles Freeman (CA Bar No. 299302)                                                                                                                   |
|     |   qe-eolas@quinnemanuel.com                                                                                                                           |
| 27  | 865 S. Figueroa St., 10th Floor                                                                                                                       |
|     | Los Angeles, CA 90017                                                                                                                                 |
| 28  | Telephone: 213-443-3000                                                                                                                               |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 4:17-cv-03022-JST

6

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE CONSOLIDATED MSJ

Fax: 213-443-3100

*Counsel for Defendant*
GOOGLE LLC

By */s/ Bijal V. Vakil*

Bijal V. Vakil (SBN 192878)
Shamita D. Etienne-Cummings (SBN 202090)
Eric E. Lancaster (SBN 244449)
William Keeley Wray (SBN 338653)
ALLEN & OVERY LLP
550 High St.
Palo Alto, CA  94301
Telephone:  (650) 388-1150
Email: bijal.vakil@allenovery.com
Email: setienne@allenovery.com
Email: eric.lancaster@allenovery.com
Email: william.wray@allenovery.com

*Attorneys for Defendant*
WALMART INC.

## **ATTESTATION**

I, Richard Frenkel am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated:  February 11, 2022

*/s/ Richard G. Frenkel*
Richard G. Frenkel

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 4:17-cv-03022-JST

7

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE CONSOLIDATED MSJ