[Counsel identified on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | Case No. 4:17-cv-03022-JST |
| Plaintiff, | Related to Case Nos. 4:17-cv-01138-JST, 4:17-cv-03023-JST, and 4:15-cv-05446-JST |
| v. | **DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| AMAZON.COM, INC., | |
| Defendant. | |

Pursuant to Civil L.R. 7-11(a) and 79-5, Defendants Amazon.com, Inc. ("Amazon"), Google LLC ("Google"), and Walmart, Inc. ("Walmart") (collectively, "Defendants") hereby move for an order sealing certain portions of Defendants' Motion for Summary Judgment ("Motion"), along with exhibits or portions of exhibits submitted in support thereof. Defendants have reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and have reviewed and complied with Local Rule 79-5. This motion is made on the following grounds:

Civil Local Rule 79-5(c) requires that if a portion of a document is sealable, counsel seeking to file the portion of the document under seal must file and serve an administrative motion to file under seal with the applicable legal standard and the reasons for keeping a document under seal, accompanied by a declaration for evidentiary support where necessary, and a proposed order that is narrowly tailored to seal only the sealable material. The Court's Standing Order Governing Administrative Motions to File Materials Under Seal further requires that the accompanying declaration must identify the applicable legal standard and articulate, with evidentiary support where necessary, why the materials to be sealed satisfy that standard.

Parties seeking to preserve the secrecy of sealed discovery material attached to dispositive motions must show compelling reasons to do so. In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In making that determination, "courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). To that end, courts have "recognized that compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes." *Whitewater West Indus., Ltd. v. Pac. Surf Designs, Inc.*, No.

3:17-cv-01118, 2018 WL 3055938, at *2 (S.D. Cal. June 14, 2018) (citing *Kamakana*, 447 F.3d at 1179).  In that context, courts protect "any . . . compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Id.*  Beyond that, courts recognize that "other sources of business information that might harm a litigant's competitive standing may also constitute a compelling reason to seal."  *Id.*  Likewise, "[w]here the material includes information about proprietary business operations, a company's business model or agreements . . . there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."  *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011).

The information Defendants seek to seal include Defendants' confidential information regarding: product design and implementation, product planning, server architecture, system functions, data analysis and tracking, and testing.  Further details are in the below table.  Courts routinely find that the sensitivity of such information justifies keeping such information sealed.  *See, e.g.*, *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *16 (N.D. Cal. Mar. 10, 2010) (sealing portions of deposition regarding "future business plans"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 U.S. Dist. LEXIS 164255 (W.D. Wash. Nov. 12, 2012) (sealing content related to company's "future business plans" and "strategic planning information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (sealing information because disclosure could harm the party "in future negotiations with existing customers, third-parties, and other entities with whom they do business"); *see also Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (sealing information that explained confidential agreements and relationships with nonparties).  Moreover, the Court has sealed similar information in the case in connection with previous motions.  *See, e.g.,* Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).

Defendants request that the following material, which contains Defendants' sealable information, be filed under seal:

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| Motion for Summary Judgment, pg. 31 at ll. 12-17 | Amazon | The portions of Defendants' brief that Amazon seeks to seal contain Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. The Court previously sealed nearly identical information in connection with a previous motion. *See* Dkt. 770. The information describes the architecture and functionality of portions of Amazon.com. Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets. There is no less restrictive alternative to sealing because the information sought to be sealed helps support the argument in Defendants' brief. |
| Exhibit 7 to the Vakil Declaration in Support of Defendants' Motion for Summary Judgment (all subsequent references to Exhibits refer to Exhibits to said Declaration). | Google | Contains Google confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. Exhibit 7 includes numerous details and explanation of Google's accused product, designated as G03 Adwords. These details include names and functionality of certain code files, statements regarding Google's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Google has a compelling interest in keeping such information under seal so that competitors may not use Google's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief.. |
| Exhibit 8 | Google | Contains Google confidential business information, and public disclosure of this information would create a risk |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. Exhibit 8 includes numerous details and explanation of Google's accused product, designated as G05 Docs. These details include names and functionality of certain code files, statements regarding Google's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Google has a compelling interest in keeping such information under seal so that competitors may not use Google's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 9 | Google | Contains Google confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. Exhibit 9 includes numerous details and explanation of Google's accused product, designated as G07 Mail. These details include names and functionality of certain code files, statements regarding Google's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Google has a compelling interest in keeping such information under seal so that competitors may not use Google's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | helps support the arguments in Defendants' brief. |
| Exhibit 10 | Google | Contains Google confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. Exhibit 10 includes numerous details and explanation of Google's accused product, designated as G08 Maps. These details include names and functionality of certain code files, statements regarding Google's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Google has a compelling interest in keeping such information under seal so that competitors may not use Google's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 11 | Google | Contains Google confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. Exhibit 11 includes numerous details and explanation of Google's accused product, designated as G12 Search. These details include names and functionality of certain code files, statements regarding Google's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Google has a compelling interest in keeping such information under seal so that competitors may not use Google's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).  There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 12 | Google | Contains Google confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  Exhibit 12 includes numerous details and explanation of Google's accused product, designated as G13 YouTube.  These details include names and functionality of certain code files, statements regarding Google's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Google has a compelling interest in keeping such information under seal so that competitors may not use Google's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).  There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 13 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  The Court previously sealed much of the same information in connection with a previous motion.  See Dkt. 770; Dkt. 810.  Exhibit 13 includes numerous details and explanation of Amazon's accused product, designated as A01 Cart.  These details include names and functionality of certain code files, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Amazon has a |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 14 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. The Court previously sealed much of the same information in connection with a previous motion. See Dkt. 770; Dkt. 810. Exhibit 14 includes numerous details and explanation of Amazon's accused product, designated as A03 EC2. These details include names and functionality of certain code files, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 15 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | marketplace.  The Court previously sealed much of the same information in connection with a previous motion.  See Dkt. 770; Dkt. 810.  Exhibit 15 includes numerous details and explanation of Amazon's accused product, designated as A07 Product Viewer.  These details include names and functionality of certain code files, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).  There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 16 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  The Court previously sealed much of the same information in connection with a previous motion.  See Dkt. 770; Dkt. 810.  Exhibit 16 includes numerous details and explanation of Amazon's accused product, designated as A09 S3.  These details include names and functionality of certain code files, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 17 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. The Court previously sealed much of the same information in connection with a previous motion. See Dkt. 770; Dkt. 810. Exhibit 17 includes numerous details and explanation of Amazon's accused product, designated as A10 Search. These details include names and functionality of certain code files, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 18 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. The Court previously sealed much of the same information in connection with a previous motion. See Dkt. 770; Dkt. 810. Exhibit 18 includes numerous details and explanation of Amazon's accused product, designated as A11 Shoveler. These details include names and functionality of certain code files, snippets of |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).  There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 19 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  The Court previously sealed much of the same information in connection with a previous motion. See Dkt. 770; Dkt. 810.  Exhibit 19 includes numerous details and explanation of Amazon's accused product, designated as A12 Video.  These details include names and functionality of certain code files, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).  There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| Exhibit 20 | Walmart | Contains Walmart confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  Exhibit 20 includes numerous details and explanation of Walmart's accused product, designated as W01 Cart.  These details include names and functionality of certain code files, statements regarding Walmart's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Walmart has a compelling interest in keeping such information under seal so that competitors may not use Walmart's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).  There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 21 | Walmart | Contains Walmart confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  Exhibit 21 includes numerous details and explanation of Walmart's accused product, designated as W04 Product Viewer.  These details include names and functionality of certain code files, statements regarding Walmart's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Walmart has a compelling interest in keeping such information under seal so that competitors may not use Walmart's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 810 (sealing various portions of |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).  There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 22 | Walmart | Contains Walmart confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  Exhibit 22 includes numerous details and explanation of Walmart's accused product, designated as W05 Search.  These details include names and functionality of certain code files, statements regarding Walmart's testing, snippets of testimony about the accused product, descriptions of data associated with the accused product, architecture description and diagrams, and descriptions of purported operations of the accused product.  Thus, Walmart has a compelling interest in keeping such information under seal so that competitors may not use Walmart's trade secrets.  Moreover, the Court has sealed similar information in the case in connection with previous motions.  See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report).   There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 23 | Walmart | Contains Walmart confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace.  Exhibit 23 includes numerous details and explanation of Walmart's accused product, designated as W06 Carousel.  These details include names and functionality of certain code files, statements regarding Walmart's testing, snippets of testimony about the accused product, descriptions of data associated with the |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | accused product, architecture description and diagrams, and descriptions of purported operations of the accused product. Thus, Walmart has a compelling interest in keeping such information under seal so that competitors may not use Walmart's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 810 (sealing various portions of Dr. Martin's infringement report); Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |
| Exhibit 24 | Amazon | Contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. Exhibit 24 includes a description of architectural details related to portions of Amazon's website, as well as how Amazon organizes its teams of engineers. Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets. There is no less restrictive alternative to sealing because the information sought to be sealed helps support the arguments in the Motion. |
| Exhibit 28 (portions of pages 183-185 and 438) | Amazon<br><br>Google | Amazon seeks to seal these portions because they contain excerpts of Dr. Martin's infringement deposition transcript in this matter. The Court previously sealed this exact same testimony in connection with a previous motion. See Dkt. 770. Amazon seeks to seal portions of the transcript on 183-185 as it contains Amazon confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. These portions include details regarding the architecture and functionality of Amazon's products. Thus, Amazon has a compelling interest in keeping such information under seal so that competitors may not use Amazon's trade secrets. Moreover, the Court has sealed similar |

| Portion Containing Confidential Information | Designating Party | Reasons to Seal |
|---|---|---|
| | | information in the case in connection with previous motions. See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief.<br><br>Google seeks to seal portions of the transcript on p. 438 as it contains Google confidential business information, and public disclosure of this information would create a risk of injury, in that competitors could use such information to gain a competitive advantage in the marketplace. The Court previously sealed this exact same testimony in connection with a previous motion. See Dkt. 770. These portions include details regarding the architecture and functionality of Google's products. Thus, Google has a compelling interest in keeping such information under seal so that competitors may not use Google's trade secrets. Moreover, the Court has sealed similar information in the case in connection with previous motions. See, e.g., Dkt. 770 (sealing various portions of Dr. Martin's infringement report and testimony); Dkt. 612 (sealing in entirety portions of Dr. Martin's infringement report). There is no less restrictive alternative to sealing because the information sought to be sealed is contained in a document that helps support the arguments in Defendants' brief. |

Pursuant to Local Rule 79-5, this Motion is accompanied by a Proposed Order; Declaration of Amit Makker; Declaration of Michael Trombetta; Declaration of Bijal V. Vakil; and an unredacted version of the Motion.

DATED:  February 24, 2022          Respectfully submitted,

By  /s/ Bijal V. Vakil
Bijal V. Vakil

Bijal V. Vakil (SBN 192878)
Shamita D. Etienne-Cummings (SBN 202090)
Eric E. Lancaster (SBN 244449)
William Keeley Wray (SBN 338653)

ALLEN & OVERY LLP
550 High St.
Palo Alto, CA  94301
Telephone:  (650) 388-1150
Email: bijal.vakil@allenovery.com
Email: setienne@allenovery.com
Email: eric.lancaster@allenovery.com
Email: william.wray@allenovery.com

JOHN R. KEVILLE (admitted *Pro Hac Vice*)
ROBERT L. GREEN (admitted *Pro Hac Vice*)
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: jkeville@winston.com
Email: rlgreen@winston.com

*Attorneys for Defendant*
WALMART INC.

By */s/ Michael Trombetta*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (CA Bar No. 170151)
  David A. Perlson (CA Bar No. 209502)
  Lindsay M. Cooper (CA Bar No. 287125)
  Felipe Corredor (CA Bar No. 295692)
  Michael Trombetta (CA Bar No. 320149)
  qe-eolas@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Deepa Acharya (CA Bar No. 267654)
  qe-eolas@quinnemanuel.com
1300 I Street, NW
Washington, DC 20005
Telephone: 202-538-8107
Fax: 202-538-8100

*Counsel for Defendant*
GOOGLE LLC

By */s/ Amit Makker*

DOUGLAS E. LUMISH, Bar No. 183863
doug.lumish@lw.com
RICHARD G. FRENKEL, Bar No. 204133

rick.frenkel@lw.com
JEFFREY G. HOMRIG, Bar No. 215890
jeff.homrig@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile:  (650) 463-2600

JOSEPH H. LEE, Bar No. 248046
joseph.lee@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Facsimile:  (714) 755-8290

AMIT MAKKER, Bar No. 280747
amit.makker@lw.com
BLAKE R. DAVIS, Bar No. 294360
blake.davis@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8034
Facsimile:  (415) 395-8095

GABRIEL K. BELL (pro hac vice pending)
gabriel.bell@lw.com
MELISSA ARBUS SHERRY (admitted pro hac vice)
melissa.sherry@lw.com
CHARLES S. DAMERON (admitted pro hac vice)
charles.dameron@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

JENNIFER H. DOAN (*pro hac vice*)
jdoan@haltomdoan.com
JOSHUA R. THANE (*pro hac vice*)
jthane@haltomdoan.com
J. RANDY ROESER (*pro hac vice*)
rroeser@haltomdoan.com
HALTOM & DOAN
6500 Summerhill Road, Suite 1000
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800

GRANT KINSEL, Bar No. 172407
gkinsel@perkinscoie.com
PERKINS COIE, LLP
1203 3rd Street, 39th Floor

Seattle, WA 98112
Telephone: (206)-395-316
Facsimile: (206) 359-9000

*Counsel for Defendant*
*AMAZON.COM, INC.*

**ATTESTATION**

I, Bijal V. Vakil, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

DATED:  February 24, 2022

By:  */s/ Bijal V. Vakil*
     Bijal V. Vakil